**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GLENN HEAGERTY, an individual, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FAIR** |
| | ) **DEBT COLLECTION** |
| | ) **PRACTICES ACT ("FDCPA")** |
| LUEDER LARKIN & HUNTER | ) |
| LLC, a Georgia Limited Liability | ) **JURY TRIAL DEMANDED** |
| Company; | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT**
**COLLECTION PRACTICES ACT**

COMES NOW Glenn Heagerty, Plaintiff, and states the following

complaint for violations of the Fair Debt Collection Practices Act against

LUEDER LARKIN & HUNTER LLC:

**Introduction**

1.

Plaintiff GLENN HEAGERTY, through his counsel, brings this action

to challenge the acts of Defendant LUEDER LARKIN & HUNTER LLC

regarding its attempts to unlawfully, misleadingly, and abusively collect a

debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendant as alleged in this Complaint were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises out of Defendant's illegal and improper efforts to collect a consumer debt from the Plaintiff, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

6.

This Court has personal jurisdiction over the Defendant for the purposes of this action because Defendant is a Georgia limited liability company, Defendant transacts business in the State of Georgia, the

committed acts that form the basis for this suit occurred within the State of Georgia, Defendant has its principal office addresses within the State of Georgia according to their filings with the Georgia Secretary of State.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, Defendant's registered agent in Georgia is located within this District, and Defendant's principal office addresses are within this District.

**PARTIES**

8.

Plaintiff GLENN HEAGERTY is a natural person who is a resident of Forsyth County, Georgia.

9.

LUEDER LARKIN & HUNTER LLC ("LUEDER") is a Georgia Limited Liability Company that regularly does business within the State of Georgia, and in particular Forsyth County and Fulton County.

3

10.

LUEDER LARKIN & HUNTER LLC has a registered agent in Fulton County, Georgia, named John T. Lueder who is located at 5900 Windward Parkway, Suite 390, Alpharetta, GA, 30005.

11.

Defendant LUEDER LARKIN & HUNTER LLC is in the business of debt collection as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including the Alleged Debt in this case.

12.

Defendant LUEDER LARKIN & HUNTER LLC may be served through its Members, its managing attorneys, or the law firm partners, at its principal place of business located at 5900 Windward Parkway, Suite 390, Alpharetta, GA, 30005, any of its other business locations within the State of Georgia, or through its registered agent John T. Lueder at 15900 Windward Parkway, Suite 390, Alpharetta, GA, 30005.

**STANDING**

13.

Plaintiff has suffered an injury in fact as a result of Defendant's violations of the FDCPA.

14.

The injury caused by Defendant's FDCPA violations has affected Plaintiff in personal and individual ways.

15.

Specifically, Defendant's violations of the FDCPA have violated Plaintiff's statutory rights.

16.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in personal and individual ways by causing Plaintiff unnecessary stress and anxiety that would not have occurred but for Defendant's violations of the FDCPA.

17.

Plaintiff's injuries caused by Defendant's violations of the FDCPA are concrete and actually exist.

18.

Defendant's violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

19.

The FDCPA statutorily creates Plaintiff's right to have all communication from a debt collector to be sent to Plaintiff's legal counsel as well as a private right of action to enforce this statutorily created right to information.

20.

The FDCPA's statutorily created rights go beyond the right to information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

21.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

22.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

**FACTUAL BACKGROUND**

23.

Plaintiff GLENN HEAGERTY is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendant alleges is obligated to pay a consumer debt (the "Alleged Debt").

24.

Defendant has attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt is for primarily personal, family, or household purposes.

25.

Specifically, the Alleged Debt relates to Homeowner's Association assessments associated with Mr. Heagerty's personal and family household residence.

26.

Defendant used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail and the interstate phone system.

*Judgment Against Plaintiff In State Court*

27.

The Alleged Debt is for Homeowner's Association assessments Defendant claims Mr. Heagerty owes its client.

28.

A portion of the Alleged Debt consists of a judgment entered against Mr. Heagerty in Forsyth County State Court for the Homeowner's Association assessments.

29.

That case is Sawnee View Farms Homeowners Association Inc v. Glenn Heagerty, Case No. 16SC-0149-A, Forsyth County State Court (the "State Lawsuit").

30.

Mr. Heagerty represented himself pro se in the State Lawsuit.

31.

The judgment in the State Lawsuit was entered on June 10, 2016, in the Forsyth County State Court.

32.

The judgment against Mr. Heagerty was for $1,340.00 in principal, 223.69 in pre-judgment interest, court costs and fees in the amount of $278.85, and attorneys' fees in the amount of $3,614.00.

33.

The judgment state that post-judgment interest would accrue at the rate provided by law.

*State Garnishment Action Against Plaintiff*

34.

On March 22, 2017, Defendant filed a garnishment action on behalf of its client against Mr. Heagerty in Fulton County Magistrate Court attempting to collect the judgment from the State Lawsuit (the "State Garnishment").

35.

This garnishment in Fulton Magistrate Court became Sawnee View Farms Homeowners Association, Inc. vs. Glenn Heagerty, Case No. 17MRG021445, Fulton County Magistrate Court.

36.

Mr. Heagerty hired legal counsel to represent him in the State Garnishment.

37.

Mr. Heagerty's initial lawyer in the State Garnishment was Megan Jones, of John B. Miller & Associates P.C.

38.

Mr. Heagerty and a third-party claimant both attacked this garnishment.

39.

Mr. Heagerty filed his traverse to the State Garnishment on April 26, 2017.

40.

The Fulton County Magistrate Court, after a hearing, ordered the State Garnishment dismissed May 23, 2017.

41.

Defendant, on behalf of its client, appealed the dismissal of the State Garnishment to Fulton County Superior Court on June 1, 2017.

42.

Mr. Heagerty retained additional lawyers for the appeal to Superior Court.

43.

The State Garnishment in Fulton County Superior Court became Sawnee View Farms Homeowners Association, Inc. vs. Glenn Heagerty, Case No. 2017CV292191, Fulton County Superior Court.

44.

Mr. Heagerty eventually filed for summary judgment in the State Garnishment action in Fulton Superior Court on April 23, 2018.

45.

Defendant did not respond to Mr. Heagerty's motion for summary judgment, but instead filed a notice of dismissal of the State Garnishment action on May 23, 2018.

46.

On the same day Defendant filed the notice of dismissal in the State Garnishment action, Defendant signed a motion to compel post-judgment discovery in the State Lawsuit.

*Communication Directly With Plaintiff Instead Of Legal Counsel*

47.

Defendant sent a letter directly to Mr. Heagerty dated July 28, 2017, attempting to collect the Alleged Debt from him (the "Collection Letter").

48.

Defendant did not send the letter to Mr. Heagerty's legal counsel.

49.

Defendant knew Mr. Heagerty was represented by legal counsel regarding the Alleged Debt, and specifically the portion of the Alleged Debt that is the judgment from the State Lawsuit.

50.

Defendant was in contact during this period with Mr. Heagerty's legal counsel through the State Garnishment action.

51.

Defendant had discussed the Alleged Debt with Mr. Heagerty's legal counsel during this time in person and through other means of communication.

52.

Nevertheless, Defendant knowingly, intentionally, and purposefully contacted Mr. Heagerty directly in an attempt to collect the Alleged Debt.

53.

The Collection Letter claimed Mr. Heagerty owed post-judgment interest of $1,065.78.

54.

The rate of post-judgment interest allowed to accrue by law, per the judgment against Mr. Heagerty, was 6.5% from the date of the judgment. *See* O.C.G.A. § 7-4-12(a).

55.

Post-judgment interest accrues only against the principal amount recovered, which would be $1,340.00 in Mr. Heagerty's case. O.C.G.A. § 7-4-12(a).

56.

The post-judgment interest claimed in the Collection Letter is materially false, misleading, and deceptive, as it is much more than the amount allowed by the judgment and Georgia law.

*Motion to Compel Filed In Original State Case*

57.

On May 23, 2018, Defendant field a notice of dismissal of the State Garnishment action.

58.

On May 23, 2018, Mr. Brandon Wagner, an attorney employee of Defendant, signed a motion to compel post-judgment discovery in the State Lawsuit.

59.

On May 23, 2018, Mr. Wagner signed a Statement of Compliance With Uniform Rule 6.4(B) in the State Lawsuit certifying he conferred with Mr. Heagerty in good faith and stating proof of the communications between Mr. Heagerty and Mr. Wagner were attached as Exhibit A to the Motion to Compel.

60.

The Certificate of Service of the Motion to Compel is dated May 29, 2018, by Mr. Wagner, indicating that the motion was not mailed to the Court and to Mr. Heagerty until May 29, 2018.

*False Statements in the Motion to Compel*

61.

The motion to compel filed by Mr. Wagner contains materially false, deceptive, and misleading statements made in the attempt to collect the Alleged Debt from Mr. Heagerty.

62.

Specifically, Mr. Wagner implies that the documents attached to the motion to compel show the complete discussion between Mr. Heagerty and Mr. Wagner regarding the discovery dispute.

63.

Mr. Wagner also claims that the attached documents show Mr. Heagerty failed to comply with the discovery requests.

64.

However, Mr. Wagner conspicuously left out the final communication in email from Mr. Heagerty in the motion to compel.

65.

Specifically, Mr. Wagner provides in his last email to Mr. Heagerty states that Mr. Heagerty has until end of business on February 21, 2017, to email amended discovery responses to him.

66.

Mr. Wagner does not include Mr. Heagerty's email dated February 21, 2017, which provided Mr. Wagner with amended discovery responses.

67.

Mr. Wagner never objected to these amended discovery responses.

68.

Mr. Wagner did not respond to Mr. Heagerty's February 21, 2017 email.

69.

Mr. Wagner did not include Mr. Heagerty's February 21, 2017, email to the court as part of its motion to compel.

*Plaintiff's Attempt To Resolve Issues Via Counsel With Defendant*

70.

Plaintiff, through his legal counsel, attempted to resolve the issues raised in this lawsuit prior to filing.

71.

Plaintiff's legal counsel attempted to contact Mr. John T. Lueder, managing partner of Defendant, in order to resolve this pre-litigation, but was told by Mr. Lueder that Defendant would not discuss this matter with Plaintiff's legal counsel.

72.

Defendant's actions, through its agent John T. Lueder, necessitated Mr. Heagerty bringing this lawsuit to resolve his claims against Defendant

as Defendant refused to engage in meaningful efforts to resolve this dispute pre-litigation.

*Plaintiffs' Damages Suffered As A Result Of Defendants' Actions In Violation Of The FDCPA*

73.

Defendant engaged in routine, purposefully, intentional, and knowing violations of the FDCPA by directly communicating with a consumer represented by an attorney over an Alleged Debt and by filing a materially false, deceptive, and misleading motion to compel in the State Lawsuit.

74.

Defendants' actions caused Plaintiffs to suffer damages in the form of stress, anxiety, and emotional distress relating to Defendants' actions in violation of the FDCPA.

75.

Defendants' actions have caused Plaintiff to suffer actual damages in the form attorney's fees required to respond to the motion to compel, and the attorney's fees paid in the State Garnishment action so that he would not be directly contacted by Defendant regarding the Alleged Debt but negated by Defendant's direct contact, as well as increased anxiety, increased stress, and

mental and emotional distress relating to Defendant's actions in violation of the FDCPA.

## RESPONDEAT SUPERIOR

76.

The acts and omissions of Defendant's employees who acted as agents for Defendant as described herein, were committed within the time and space limits of their agency relationship with their respective principal, Defendant.

77.

The acts and omissions by Defendant's employees who acted as agents for Defendant were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

78.

By committing these acts and omissions against Plaintiff, Defendant's employees and agents were motivated to benefit their respective principal, Defendant.

79.

Defendant is therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by Defendant)

80.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.

Based on information and belief, Defendant LUEDER LARKIN & HUNTER LLC has violated the Fair Debt Collection Practices Act ("FDCPA").

*COUNT 1*

*Defendant's FDCPA Violations By*
*Directly Contacting A Represented Party*

82.

Defendant directly contacted Plaintiff with a demand for payment for the Alleged Debt.

83.

Defendant's direct communication with Plaintiff was done despite Defendant knowing that Plaintiff was represented by an attorney with respect to the Alleged Debt while also having knowledge of Plaintiff's attorney's name and address.

84.

Defendant's actions in directly communicating with Plaintiff despite Plaintiff being represented by legal counsel caused Plaintiff to suffer actual damages.

85.

Defendant's direct communication with Plaintiff caused Plaintiff to suffer emotional distress, anxiety, and concern that he was being contacted by Defendant despite hiring attorneys to represent him regarding the Alleged Debt.

86.

Defendant's direct communication with Plaintiff caused Plaintiff to incur the loss of value in the fees paid to his legal counsel to represent him regarding the Alleged Debt.

87.

Defendants' actions are in violation of the FDCPA's prohibition against debt collectors such as Defendants directly communicating with consumers represented by attorneys.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2).

88.

Defendants' FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

89.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

<u>COUNT 2</u>

*Defendant's FDCPA Violations By Filing a False, Misleading, and Deceptive Motion to Compel in the State Lawsuit*

90.

Defendant filed a materially false, deceptive, and misleading motion to compel in the State Lawsuit in order to attempt the Alleged Debt from Plaintiff.

91.

Defendant's motion to compel purposefully and intentionally leaves out material information in an effort to mislead and deceive the court in the State Lawsuit.

92.

Defendant's actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

93.

Defendant's actions have caused Plaintiff anxiety and stress, as well as emotional distress, and the incurring of legal costs to respond to the motion to compel, and Defendant's FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

94.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

<u>COUNT 3</u>

*Defendant's FDCPA Violations By Filing a Deceptive and Misleading
Motion to Compel in the State Lawsuit That Constitutes An Unfair And
Unconscionable Means of Attempting To Collect A Debt*

95.

Defendant filed a materially false, deceptive, and misleading motion to compel in the State Lawsuit in order to attempt the Alleged Debt from Plaintiff.

96.

Defendant's motion to compel purposefully and intentionally leaves out material information in an effort to mislead and deceive the court in the State Lawsuit.

97.

Defendant's actions constitute an unfair and unconscionable method of attempting to collect the Alleged Debt from Plaintiff.

98.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

99.

Defendant's actions have caused Plaintiff anxiety and stress, as well

as emotional distress, and the incurring of legal costs to respond to the motion to compel, and Defendant's FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

100.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000.00, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

COUNT 4

*Defendant's FDCPA Violations By Making False, Misleading, and Deceptive Claims As To The Amount Owed In A Collection Letter*

101.

Defendant's Collection Letter sent directly to Plaintiff, instead of to Plaintiff's legal counsel, claimed a false, deceptive, and misleading amount of post-judgment interest.

102.

The post-judgment interest amount claimed in the Collection Letter sent by Defendant to Plaintiff was more than is allowed by Georgia law or the judgment against Plaintiff.

24

103.

Defendant is seeking to collect interest on interest, which is not allowed under Georgia law, as post-judgment interest only accrues as to the principal recovered in a judgment.

104.

Defendant's actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

105.

Specifically, Defendant's Collection Letter contains a false representation of the character, amount, or legal status of the post-judgment interest, and therefore the Alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

106.

Defendant's actions have caused Plaintiff anxiety and stress, as well as emotional distress, and Defendant's FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

107.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 5

*Defendant's FDCPA Violations By Engaging in Unfair or Unconscionable Means of Attempting To Collect A Debt By Seeking Amounts From Plaintiff Not Allowed By Law or Agreement*

108.

Defendant's Collection Letter sent directly to Plaintiff, instead of to Plaintiff's legal counsel, seeks to collect an incorrect amount of post-judgment interest.

109.

The post-judgment interest amount claimed in the Collection Letter sent by Defendant to Plaintiff was more than is allowed by Georgia law or the judgment against Plaintiff.

110.

Defendant is seeking to collect interest on interest, which is not allowed under Georgia law, as post-judgment interest only accrues as to the principal recovered in a judgment.

26

111.

Defendant's actions constitute an unfair and unconscionable method of attempting to collect the Alleged Debt from Plaintiff.

112.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

113.

Specifically, Defendant is seeking to collect an amount of post-judgment interest that is not expressly authorized by agreement or permitted by law in violation of 15 U.S.C. § 1692f(1).

114.

Defendant's actions have caused Plaintiff anxiety and stress, as well as emotional distress, and Defendant's FDCPA violations have therefore resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

115.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000.00, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**JURY DEMAND**

116.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find Defendant liable for violations of the Fair Debt Collection Practices Act as described above in Count 1, Count 2, Count 3, Count 4, and Count 5;

(2)   Award Plaintiff the full $1,000 statutory damages for Defendant's FDCPA violations;

(3)   Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)   Award Plaintiff reasonable attorney's fees in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)   Award Plaintiff the reasonable costs of this action;

(6)   Award Plaintiff other expenses of litigation;

(7)   Grant Plaintiff such other and additional relief as the Court deems just and equitable.

[SIGNATURED AND DATE ON FOLLOWING PAGE.]

Respectfully submitted this <u>16 July 2018</u>.

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108
*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**    16 July 2018

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765