**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLENN HEAGERTY )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LUEDER, LARKIN & HUNTER, LLC, )<br>    Defendant. )<br> ) | Civil Action File No.<br>1:18-cv-03412-ELR-RGV |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Defendant Lueder, Larkin & Hunter, LLC (hereafter "LLH") and files this Statement of Material Facts in Support of its Motion for Summary Judgment, showing this Court the following:

1.

LLH is a law firm that represents community associations. (Affidavit of Brandon Wagner, ¶ 3).

2.

Part of LLH's community association law practicing includes the collection of unpaid assessments from delinquent homeowners. (Id.)

- 1 -

3.

In 2015, the Association engaged LLH to collect unpaid assessments from Heagerty. (Id.; ¶ 4) That collection effort ultimately resulted in the Association filing a lawsuit against Heagerty in the State Court of Forsyth County, Georgia. (Id., ¶ 7) LLH represented the Association in that litigation, and Heagerty represented himself *pro se*. (Id.)

4.

On May 17, 2016, Heagerty (still *pro se*) filed his first suit against LLH, one of its attorneys and various staff members, alleging violations of the FDCPA. (Id., ¶ 8) That prior suit was filed in the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:2016cv00099-WCO. (Id.)

5.

Less than a month later, on June 10, 2016, after a series of motions filed by Heagerty attacking the Association and LLH, the State Court of Forsyth County entered a judgment in favor of the Association against Heagerty. (Id.,¶ 9)

6.

Four days after that, on June 14, 2016, Heagerty sent two letters to LLH disputing the debt that had just been awarded by the Court and demanding a verification of debt. (Id.,¶ 10)

7.

On November 15, 2016, this Court entered an Order dismissing Heagerty's prior FDCPA suit against LLH on the grounds that it failed to state a claim. (Id., ¶ 11) However, the case remained open, as LLH had filed a Motion for Rule 11 Sanctions against Heagerty. (Id.)

8.

On January 6, 2017, in an effort to obtain information to collect the judgment entered against Heagerty in the Forsyth County State Court, LLH, on behalf of the Association, sent post-judgment discovery to Heagerty. (Id., ¶ 12)

9.

On January 13, 2017, Heagerty sent a second dispute letter to LLH (following the judgment against him) and requested, yet again, a verification of debt. (Id., ¶ 13)

10.

On January 27, 2017, LLH responded to Heagerty's dispute letter and provided verification of the debt. (Id., ¶ 14)

11.

On February 9, 2017, Heagerty sent his third dispute letter, again requesting verification of debt. (Id., ¶ 15)

12.

Also on February 9, 2017, Heagerty mailed LLH his responses to the Association's post-judgment discovery requests.  (Id., ¶ 16)

13.

In bad faith, Heagerty objected to every single request and alleged that he was not legally required to respond.  (Id.)

14.

On February 15, 2017, LLH's undersigned attorney, Brandon Wagner ("Wagner") sent an email to Heagerty, pursuant to Rule 6.4 of the State Court Rules, addressing the erroneous point of law asserted by Heagerty in his evasive discovery responses and required complete and non-evasive responses by close of business on February 20, 2017.  (Id., ¶ 17)  There were several emails exchanged between Heagerty and Wagner, with a final email from Wagner on February 20, 2018 requiring responses by February 21, 2018.  (Id.)  Wagner did not receive a response to the February 20, 2017 email or any further discovery responses from Heagerty.  (Id., ¶ 18)

15.

On March 21, 2017, which was a little over five months after Heagerty's prior FDCPA case was dismissed, the Court granted Rule 11 sanctions against him in favor of LLH in the amount of $6,000.  (Id, ¶19)  The Court thereafter closed Heagerty's first federal case (Id.)

16.

On March 22, 2017, the Association, through LLH as its counsel, filed a garnishment against Heagerty and his shell company, Consumer Solutions, Inc. (hereafter "Consumer Solutions") seeking to collect the judgment owed to the Association. (Id., ¶ 20)  Heagerty does not maintain employment in the traditional employer/employee relationship but is instead self-employed through Consumer Solutions. (Id.)  The garnishment was assigned Civil Action No. 17MRG021445 and filed in the Magistrate Court of Fulton County. (Id.)  In that garnishment case, Heagerty was represented by attorney Megan K. Jones (hereafter "Jones") of the law firm John B. Miller & Associates, PC., and Consumer Solutions was represented by attorney John William Nelson (hereafter "Nelson") of the law firm of The Nelson Law Chambers, LLC. (Id.)

17.

On April 4, 2017, LLH received a fourth dispute letter from Heagerty and request for verification of debt. (Id., ¶ 21)  On April 13, 2017, LLH responded to Heagerty's fourth dispute letter. (Id., ¶ 22)

18.

On May 23, 2017, Heagerty and Consumer Solutions were able to have the Magistrate Court of Fulton County dismiss the garnishment by arguing that Heagerty did not maintain any personal funds in the bank account of Consumer Solutions,

despite the introduction of several bank statements showing daily ATM cash withdrawals by Heagerty himself, with him being the only party with access to the company's debit card. (Id., ¶ 23)  Heagerty admitted that he stores those funds in his home.  (Id.)  He testified that all of his personal bills are paid in cash and that he has no other source of income.  (Id.)  The Association appealed the dismissal. (Id.)

19.

On July 24, 2017, Heagerty sent a fifth dispute letter.  (Id., ¶ 24)  On July 28, 2017, in direct response to Heagerty's letter requesting verification, LLH provided Heagerty with yet another response. (Id., ¶ 25)  It is on this response letter that Heagerty now bases a portion of his current federal lawsuit.  See, Complaint, ¶47.

20.

The next month, on August 11, 2017, Nelson filed an Entry of Appearance as counsel for Heagerty in the Fulton County garnishment case, representing both Heagerty and Consumer Solutions. (Id. ¶ 26)  The garnishment case continued for another next nine months until May 23, 2018, when the Association made the decision to dismiss the appeal because it could not show conclusively that the Heagerty maintained personal funds in the Consumer Solution's account. (Id., ¶ 27)

21.

LLH reviewed Heagerty's extensive file and the email correspondence with Heagerty, did not see a response to LLH's February 20, 2017 email, and did not see

any amended responses to the post-judgment discovery. (Id. ¶ 18, 28) Again, Wagner did not receive a response to the February 20, 2017 email or any further discovery responses from Heagerty. (Id., ¶ 18) Accordingly, on June 1, 2018, LLH, on behalf of the Association, filed a Motion to Compel in the Forsyth County State Court case. (Id., ¶ 28)

22.

On June 27, 2018, for the first time throughout the entire Forsyth County State Court proceedings, Nelson filed an Entry of Appearance in the State Court case. (Id., ¶ 29) Heagerty, through Nelson as his attorney, filed his response to the Association's Motion to Compel, attaching an email dated February 21, 2017, which Heagerty claimed he sent to LLH. (Id., ¶ 30) The printed email dated February 21, 2017 (which LLH disputes its authenticity) was filed with the Forsyth County State Court on June 27, 2018, which pleading is unsigned, with no verification, and no Rule 5.2 Certificate of Service. (Id., ¶ 31) Further, the responses that Heagerty claimed to have sent were just as evasive as his original responses; specifically, with respect to the Association's Requests for Production of Documents, Heagerty failed to produce a single document to the Association. (Id.)

23.

On June 29, 2018, before the Association could reply to Heagerty's response and dispute the authenticity of Heagerty's alleged February 21, 2017 email and to

show the Forsyth County State Court that Heagerty had still not provided responses, the State Court entered an Order Denying Plaintiff's Motion to Compel. (Id., ¶ 32)

24.

One day later, on July 17, 2018, Heagerty filed a Motion for Attorney's Fees in the State Court case, essentially making the same claims that he makes in this case. (Id., ¶ 33)  The Association and LLH dispute that Motion, which is currently pending before the State Court. (Id.)

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1 (B)**

This is to certify that the foregoing Statement of Facts in Support of Motion for Summary Judgment was prepared using Times New Roman 14 point font in accordance with L.R. 5.1 (B).

This 21st day of August, 2018.

*s/* **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

*s/* **Brandon D. Wagner, Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing has been served upon the opposing party by placing a copy of same in the U.S. Mail, proper postage affixed thereto, in an envelope addressed as follows:

John William Nelson
The Nelson Law Chambers, LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097

This 21st day of August, 2018.

*s/* **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

*s/* **Brandon D. Wagner Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com