**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLENN HEAGERTY )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>LUEDER, LARKIN & HUNTER, LLC, )<br>     Defendant. )<br>) | Civil Action File No.<br>1:18-cv-03412-ELR-RGV |

**BRIEF IN SUPPORT OF**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Defendant Lueder, Larkin & Hunter, LLC (hereafter "LLH") and files its Brief in Support of its Motion for Summary Judgment as to Plaintiff's claims for violations of the Fair Debt Collections Practices Act (hereafter the "FDCPA"), showing this Court the following:

**INTRODUCTION**

Plaintiff Glenn Heagerty (hereafter "Plaintiff" or "Heagerty") owns a home in the Sawnee View Farms subdivision in Forsyth County, Georgia and is a member of Sawnee View Farms Homeowners Association, Inc. (hereafter the "Association"). Following Plaintiff's refusal to pay his homeowners association assessments, the Association engaged LLH in 2015 to collect that debt.

That is when Plaintiff's gamesmanship and retaliation began with filing a frivolous Bar complaint against the attorney employed by LLH to collect his debt. Plaintiff threatened to file complaints with the Consumer Financial Protection Bureau and the Governor's Office of Consumer Affairs. He then filed a baseless lawsuit in the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:2016cv00099-WCO, alleging violations of the FDCPA against LLH, an attorney of LLH, and various LLH staff members. He filed that federal lawsuit *pro se* and then later hired counsel. The case was completely without merit and was dismissed by the Court in response to LLH's Motion to Dismiss.

The Court also granted Rule 11 sanctions against Plaintiff. The Rule 11 Order includes the following on page five:

> It is clear that plaintiff [Heagerty] filed this action for both an improper purpose and without a reasonable factual or legal basis. The contentions about his *pro se* status do nothing to change this. With *any* investigation, plaintiff knew or should have known that his contentions lacked any merit under the FDCPA. It is obvious even to the most casual observer that plaintiff filed this action in an effort to harass defendants and extort a settlement in, or as a countermeasure for, the actions by the homeowners association in the state court. This conclusion is also consistent with the character

- 2 –

of plaintiff's other filings in this court. As such, the court will grant

defendants' motion for sanctions.

(Affidavit of Brandon Wagner, ¶ 19)

The second footnote of the Order includes two of Plaintiff's other federal cases, which prompted the Court to state that "[Heagerty sues] individuals and entities in an attempt to evade and intimidate his way out of financial obligations." (Id.) That is the specific finding of the Court the last time Plaintiff sued LLH.

Although Rule 11 sanctions were awarded against Plaintiff in his last FDCPA case against LLH, Plaintiff has not paid a penny of that sanction. He is instead continuing in his harassment and again engaging in meritless litigation – this time in the Atlanta Division, rather than the in Gainesville Division.

Plaintiff's last case was dismissed following LLH's Motion to Dismiss based upon the exhibits that Plaintiff attached to his Complaint in that case. The only lesson Plaintiff appears to have learned from his last frivolous lawsuit being dismissed is to not attach exhibits to his Complaint. Accordingly, instead of this current action being subject to a Motion to Dismiss, LLH files this Motion for Summary Judgment and shows this Court that each of Plaintiff's current claims are likewise without merit.

In addition, LLH, again, points out that the Court noted in Plaintiff's last FDCPA lawsuit against LLH and its employees that "it is obvious even to the most casual observer that plaintiff filed this action in an effort to harass defendants and

extort a settlement." True to Plaintiff's modus operandi, LLH received an email on August 17, 2018 requiring LLH to pay $15,000.00 in exchange for Plaintiff dismissing his current lawsuit. (Affidavit of Brandon Wagner, ¶ 34). The amount of $15,000.00 is roughly the amount that Plaintiff owes on the judgment in favor of his Association and owes on the Order granting Rule 11 sanctions against him in favor of LLH. (Id.)

## STATEMENT OF FACTS

LLH is a law firm that represents community associations. (Affidavit of Brandon Wagner, ¶ 3). Part of LLH's community association law practicing includes the collection of unpaid assessments from delinquent homeowners. (Id.)

In 2015, the Association engaged LLH to collect unpaid assessments from Heagerty. (Id.; ¶ 4) That collection effort ultimately resulted in the Association filing a lawsuit against Heagerty in the State Court of Forsyth County, Georgia. (Id., ¶ 7) LLH represented the Association in that litigation, and Heagerty represented himself *pro se*. (Id.)

On May 17, 2016, Heagerty (still *pro se*) filed his first suit against LLH, one of its attorneys and various staff members, alleging violations of the FDCPA. (Id., ¶ 8) That prior suit was filed in the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:2016cv00099-WCO. (Id.)

Less than a month later, on June 10, 2016, after a series of motions filed by Heagerty attacking the Association and LLH, the State Court of Forsyth County

entered a judgment in favor of the Association against Heagerty. (Id.,¶ 9) Four days after that, on June 14, 2016, Heagerty sent two letters to LLH disputing the debt that had just been awarded by the Court and demanding a verification of debt. (Id.,¶ 10)

On November 15, 2016, this Court entered an Order dismissing Heagerty's prior FDCPA suit against LLH on the grounds that it failed to state a claim. (Id., ¶ 11) However, the case remained open, as LLH had filed a Motion for Rule 11 Sanctions against Heagerty. (Id.)

On January 6, 2017, in an effort to obtain information to collect the judgment entered against Heagerty in the Forsyth County State Court, LLH, on behalf of the Association, sent post-judgment discovery to Heagerty. (Id., ¶ 12) On January 13, 2017, Heagerty sent a second dispute letter to LLH (following the judgment against him) and requested, yet again, a verification of debt. (Id., ¶ 13)

On January 27, 2017, LLH responded to Heagerty's dispute letter and provided verification of the debt. (Id., ¶ 14) On February 9, 2017, Heagerty sent his third dispute letter, again requesting verification of debt. (Id., ¶ 15) Also on February 9, 2017, Heagerty mailed LLH his responses to the Association's post-judgment discovery requests. (Id., ¶ 16) In bad faith, Heagerty objected to every single request and alleged that he was not legally required to respond. (Id.)

On February 15, 2017, LLH's undersigned attorney, Brandon Wagner ("Wagner") sent an email to Heagerty, pursuant to Rule 6.4 of the State Court Rules,

addressing the erroneous point of law asserted by Heagerty in his evasive discovery responses and required complete and non-evasive responses by close of business on February 20, 2017.  (Id., ¶ 17)  There were several emails exchanged between Heagerty and Wagner, with a final email from Wagner on February 20, 2018 requiring responses by February 21, 2018.  (Id.)  Wagner did not receive a response to the February 20, 2017 email or any further discovery responses from Heagerty.  (Id., ¶ 18)

On March 21, 2017, which was a little over five months after Heagerty's prior FDCPA case was dismissed, the Court granted Rule 11 sanctions against him in favor of LLH in the amount of $6,000.  (Id, ¶19)  The Court thereafter closed Heagerty's first federal case (Id.)

On March 22, 2017, the Association, through LLH as its counsel, filed a garnishment against Heagerty and his shell company, Consumer Solutions, Inc. (hereafter "Consumer Solutions") seeking to collect the judgment owed to the Association.  (Id., ¶ 20)  Heagerty does not maintain employment in the traditional employer/employee relationship but is instead self-employed through Consumer Solutions.  (Id.)  The garnishment was assigned Civil Action No. 17MRG021445 and filed in the Magistrate Court of Fulton County.  (Id.)  In that garnishment case, Heagerty was represented by attorney Megan K. Jones (hereafter "Jones") of the law firm John B. Miller & Associates, PC., and Consumer Solutions was represented by

attorney John William Nelson (hereafter "Nelson") of the law firm of The Nelson Law Chambers, LLC.  (Id.)

On April 4, 2017, LLH received a fourth dispute letter from Heagerty and request for verification of debt. (Id., ¶ 21)  On April 13, 2017, LLH responded to Heagerty's fourth dispute letter. (Id., ¶ 22)

On May 23, 2017, Heagerty and Consumer Solutions were able to have the Magistrate Court of Fulton County dismiss the garnishment by arguing that Heagerty did not maintain any personal funds in the bank account of Consumer Solutions, despite the introduction of several bank statements showing daily ATM cash withdrawals by Heagerty himself, with him being the only party with access to the company's debit card. (Id., ¶ 23)  Heagerty admitted that he stores those funds in his home.  (Id.)  He testified that all of his personal bills are paid in cash and that he has no other source of income.  (Id.)  The Association appealed the dismissal. (Id.)

On July 24, 2017, Heagerty sent a fifth dispute letter.  (Id., ¶ 24)  On July 28, 2017, in direct response to Heagerty's letter requesting verification, LLH provided Heagerty with yet another response. (Id., ¶ 25)  It is on this response letter that Heagerty now bases a portion of his current federal lawsuit.  See, Complaint, ¶47.

The next month, on August 11, 2017, Nelson filed an Entry of Appearance as counsel for Heagerty in the Fulton County garnishment case, representing both Heagerty and Consumer Solutions. (Id. ¶ 26)  The garnishment case continued for

another next nine months until May 23, 2018, when the Association made the decision to dismiss the appeal because it could not show conclusively that the Heagerty maintained personal funds in the Consumer Solution's account. (Id., ¶ 27)

LLH reviewed Heagerty's extensive file and the email correspondence with Heagerty, did not see a response to LLH's February 20, 2017 email, and did not see any amended responses to the post-judgment discovery. (Id. ¶ 18, 28) Again, Wagner did not receive a response to the February 20, 2017 email or any further discovery responses from Heagerty. (Id., ¶ 18) Accordingly, on June 1, 2018, LLH, on behalf of the Association, filed a Motion to Compel in the Forsyth County State Court case. (Id., ¶ 28)

On June 27, 2018, for the first time throughout the entire Forsyth County State Court proceedings, Nelson filed an Entry of Appearance in the State Court case. (Id., ¶ 29) Heagerty, through Nelson as his attorney, filed his response to the Association's Motion to Compel, attaching an email dated February 21, 2017, which Heagerty claimed he sent to LLH. (Id., ¶ 30) The printed email dated February 21, 2017 (which LLH disputes its authenticity) was filed with the Forsyth County State Court on June 27, 2018, which pleading is unsigned, with no verification, and no Rule 5.2 Certificate of Service. (Id., ¶ 31) Further, the responses that Heagerty claimed to have sent were just as evasive as his original responses; specifically, with respect to

the Association's Requests for Production of Documents, Heagerty failed to produce a single document to the Association. (Id.)

On June 29, 2018, before the Association could reply to Heagerty's response and dispute the authenticity of Heagerty's alleged February 21, 2017 email and to show the Forsyth County State Court that Heagerty had still not provided responses, the State Court entered an Order Denying Plaintiff's Motion to Compel. (Id., ¶ 32)

Thereafter, on July 16, 2018, Heagerty filed this second federal lawsuit against LLH. In this latest case, Heagerty asserts the following FDCPA violations over the course of his five-count Complaint:

- LLH engaged in an unfair and unconscionable means of attempting to collect a debt by seeking amounts not allowed by law or agreement; in particular, that LLH used the wrong post-judgment interest rate.

- LLH made a false, misleading and deceptive claim as to the amounts owed in a collection letter; in particular, that LLH added interest onto prejudgment interest.

- LLH contacted Heagerty while he was represented by counsel; in particular, that LLH sent Plaintiff a letter dated July 28, 2017 in direct response to Plaintiff's July 24, 2017 letter in which Plaintiff requested "a certificate of past due assessments from the HOA and signed by an officer of the HOA as provided for by the covenants."

- LLH filed a false, misleading and deceptive Motion to Compel in the Forsyth County State Court action; in particular, that Wagner on behalf of LLH lied to the State Court when he stated that he had not received the February 21, 2017 email that Plaintiff claims to have sent.

One day later, on July 17, 2018, Heagerty filed a Motion for Attorney's Fees in the State Court case, essentially making the same claims that he makes in this case. (Id., ¶ 33)  The Association and LLH dispute that Motion, which is currently pending before the State Court.  (Id.)

## ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard of Review

"Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when 'there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law.'"  In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." Id. at 325.  At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. Id. at 324.  Anderson v. Frederick J. Hanna & Assocs., 361 F. Supp. 2d 1378, 1382 (N.D. Ga. 2005).

"In reviewing a motion for the summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988). Nevertheless, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.    Summary Judgment is Appropriate for all four of Plaintiff's claims**

**1.    Plaintiff's claim that the interest rate asserted by LLH violates Georgia law is without merit**

Plaintiff's claim for recovery under the FDCPA centers on Plaintiff's belief that the correct post-judgment interest rate is 6.5%. See, Complaint ¶ 54. However, contrary to Plaintiff's mistaken belief, O.C.G.A. § 7-4-12(b) provides that "if the judgment is rendered on a written contract or obligation providing for interest at a specified rate, the judgment shall bear interest at the rate specified in the contract or obligation." See also, Laminoirs-Trefileries-Cableries de Lens, S.A. v. Southwire Co, 484 F.Supp. 1063 (1980).

Here, the underlying judgment was rendered based upon an obligation arising from Plaintiff's ownership of property governed by a recorded Declaration of Covenants. The Declaration is a specialized contract that runs with the land. Duffy v. Landings Association, Inc., 245 Ga.App. 104, 106-107, 536 S.E.2d 758 (2000).

Sections 4.1 and 4.6 of the Declaration each provide for an interest rate "not to exceed the rate of 18% per annum on the principal amount due, costs and reasonable attorney's fees actually incurred . . . ." See, Affidavit of Brandon Wagner, ¶ 6. Plaintiff is clearly incorrect in his assertion that 6.5% is the interest rate, and thus, summary judgment is appropriate on this claim.

**2.     Plaintiff's claim that LLH made a false, misleading and deceptive claim as to the amounts owed in a collection letter**

Plaintiff's claim stems from his allegation that LLH demanded more interest than that allowed by Georgia law. See, Complaint ¶ 102. Plaintiff alleges that LLH seeks interest on interest in its collection letter and that post-judgment interest only accrues as to the principal recovered in a judgment. See, Complaint ¶ 103. Plaintiff's claim is completely without merit. When calculating post-judgment interest, LLH's internal computer software subtracts out the prejudgment interest and calculates post-judgment interest on all other amounts awarded by the Court. See, Affidavit of Brandon Wagner, ¶ 34. The Judgment in the State Court case awarded the following amounts:

| Principal Through December 31, 2016 | $1,340.00 |
| Pre-judgment Interest | $223.69 |
| Attorney's Fee | $3,614.00 |
| Costs | $278.85 |
| Judgment Total | $5,456.54 |

Further, Plaintiff is improperly interpreting the language of the post-judgment interest statute, O.C.G.A. § 7-4-12, which provides: "All judgments in this state shall

bear annual interest upon the principal amount recovered . . . ." Plaintiff appears to argue that interest on the judgment can only accrue on the actual line item denoted as principal. However, Georgia law speaks to the opposite. In <u>Davis v. Whitford Properties, Inc.</u>, 282 Ga.App. 143, 148 (2006), the Court held that an award of "attorney fees is a compensatory damages award and should bear post-judgment interest as part of the original debt." Likewise, an award of costs bears interest from the date of the original judgment. <u>Georgia Ass'n of Retarded Citizens v. McDaniel</u>, 855 F.2d 794 (11th Cir. 1988). In calculating post-judgment interest, the only amount that may not be included in the post-judgment interest calculation is the prejudgment interest itself. <u>See</u>, <u>Windermere, Ltd., v. Bettes</u>, 211 Ga.App. 177, 181 (1993).

Here, LLH did not include prejudgment interest when post-judgment interest was calculated. LLH properly calculated the post-judgment interest owed on the unpaid judgment against Heagerty. Summary judgment is appropriate for this claim.

### 3. **Plaintiff's claim that LLH contacted him while represented by counsel**

Plaintiff's Complaint alleges that LLH directly sent him a collection letter on July 28, 2017, attempting to collect a debt from him. <u>See</u>, Complaint at ¶ 47. It is this letter that Plaintiff claims violates U.S.C. § 1692c(a)(2) on the grounds that Plaintiff was represented by counsel at that time.

Rule 4.2(a) of the Georgia Rules of Professional Conduct provides: "A lawyer who is representing a client in a matter shall not communicate about the subject of the

representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by constitutional law or statute."

As stated above, Plaintiff sent five letters requesting verification of his debt with the fifth letter being on July 24, 2017. LLH's July 28, 2017 letter was in direct response to Plaintiff's July 24, 2017 letter in which Plaintiff requested "a certificate of past due assessments from the HOA and signed by an officer of the HOA as provided for by the covenants (the covenants require the certificate to be issued within five days of receipt of the request)." See, Exhibits 15 and 16 of Affidavit of Brandon Wagner.

Plaintiff was not represented by counsel in any of his continuing demands for over the course of five letters demanding verification of his debt. He was instead only represented in the Fulton County garnishment action by Jones. His shell company, Consumers Solutions, was represented by Nelson at that time. Only later did Nelson begin representing Plaintiff in the Fulton County garnishment action with his Entry of Appearance in that case on August 11, 2017. And it was nearly a full year after LLH's July 28, 2017 letter that Nelson began representing Plaintiff in the underlying Forsyth County lawsuit with Nelson's Entry of Appearance in that case on June 27, 2018. See, Exhibit 20 of Affidavit of Brandon Wagner.

In Wright v. Select Portfolio Servicing, Inc., 2015 WL 419618 (M.D. Fla. Feb. 2, 2015) and Nordwall v. PNC Mortgage, 2015 WL 4095350 (M.D. Fla. July 7, 2015),

the Courts therein found that a notice of appearance filed in a foreclosure case is insufficient to give a debt collector notice that the debtor is also represented in regard to the underlying debt.  Here, while Plaintiff was represented in the garnishment action, which was the subject matter of that representation, he continued to represent himself in requesting verifications of his debt and in the underlying State Court action.  This conclusion is supported by the incessant letters he continued to send, including to LLH, while the garnishment action was proceeding.  Plaintiff's allegations that LLH communicated with him while represented by counsel thus fails.

4. **Plaintiff's claim that LLH filed a false, misleading and deceptive Motion to Compel in the State Court lawsuit.**

Plaintiff's complaint seeks relief under the FDCPA on the grounds that LLH filed a false Motion to Compel in the State Court case.  See, Complaint at ¶90.  Plaintiff argues that LLH "intentionally deceived the State Court by intentionally leaving out material information in an effort to mislead and deceive the Court."  Complaint at ¶ 96.  Specifically, Plaintiff alleges that Wagner, an attorney with LLH purposely left out an email from Plaintiff dated February 21, 2017 containing amended discovery responses.  Complaint at ¶ 66.

First, Wagner did not receive the February 21, 2017 email that Plaintiff claims to have sent.  See, Affidavit of Brandon Wagner, ¶ 18.  Second, even if Plaintiff sent the February 21, 2017 email, which LLH denies, the FDCPA does not require debt collectors to take every conceivable precaution to avoid errors; rather it only requires

reasonable precaution. Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326 (Ct. D. New Jersey, 2009) (citing Kort v. Diversified Collection Servs., 394 F.3d 530, 539 (7th Cir. 2005)).  Prior to filing the Motion to Compel, Wagner searched the file and his email account to confirm whether Heagerty had in fact responded.  Once confirming that Heagerty had not sent a response, LLH moved forward with filing the Motion to Compel. See, Affidavit of Brandon Wagner, ¶ 18, 28.

In addition, in Etapa v. Asset Acceptance Corp., 373 F.Supp. 2d 687, 690 (E.D. Kentucky 2004) (citing Briscoe v. LaHue, 460 U.S. 325, 328 (1983)), the Court held that "the doctrine of absolute witness immunity generally bars claims based upon allegedly false testimony."  In that case, Etapa filed suit against Asset Acceptance Corporation and its counsel, Greene & Cooper, for FDCPA violations on the grounds that Greene & Cooper executed a false affidavit claiming that Asset Acceptance Corporation was a holder in due course of Etapa's account.  Etapa argued that by filing a false affidavit, Greene & Cooper violated the FDCPA's prohibition against using false, misleading or deceptive representations in connection with the collection of an outstanding debt. In granting Greene & Cooper's Motion for Judgment on the Pleadings, however, the Court held that "the Supreme Court has recognized that witnesses, prosecutors, and other attorneys are immune from damages liability for making false statements in judicial proceedings, as long as those statements are related to the action at hand." Id. at 692. The Court went on to hold that Greene & Cooper

was entitled to judgment on the pleadings because "there is nothing on the face of the FDCPA that suggests an intention to abrogate these longstanding immunity doctrines." Id. See also, Beck v. Codillis & Stawiarksi, P.A., 2000 U.S. Dist. LEXIS 22440 (N.D.Fl. 2000) (the doctrine of absolute witness immunity barred the plaintiff's claims under the FDCPA).

Here, Plaintiff seeks to impose liability against LLH on the alleged grounds that LLH submitted false testimony to the State Court in support of a Motion to Compel. LLH completely denies that, but even if true, which it is not, such allegation is legally barred by the doctrine of absolute witness immunity. And again, Wagner took a reasonable precaution before filing the Motion to Compel by reviewing the file and his emails. Summary judgment is appropriate for this claim.

Moreover, the appropriate forum to address Plaintiff's allegations is the State Court itself. As stated above, Plaintiff's Motion for Attorney's fees based on LLH's alleged false statement is currently pending before the State Court.

## **CONCLUSION**

For the foregoing reasons, LLH respectfully requests that this Court grant its Motion for Summary Judgment as to all claims.

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1 (B)**

This is to certify that the foregoing Defendant's Brief in Support of Motion for Summary Judgment was prepared using Times New Roman 14 point font in accordance with L.R. 5.1 (B).

This 21st day of August, 2018.

*s/* **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

*s/* **Brandon D. Wagner, Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing has been served upon the opposing party by placing a copy of same in the U.S. Mail, proper postage affixed thereto, in an envelope addressed as follows:

John William Nelson
The Nelson Law Chambers, LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097

This 21st day of August, 2018.

*s/* **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

*s/* **Brandon D. Wagner Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com