## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GLENN HEAGERTY            )
      Plaintiff,          )
                     )
v.                       )
                     )
LUEDER, LARKIN & HUNTER, LLC, )   Civil Action File No.
      Defendant.       )   1:18-cv-03412-ELR-RGV
                     )
_____)

## AFFIDAVIT OF BRANDON D. WAGNER

Personally appeared before the undersigned, a notary public duly authorized by law to administer oaths in this state, Brandon D. Wagner, who after being duly sworn, deposes and states on oath, as follows:

1.

I, Brandon D. Wagner, am above the age of twenty-one years, am competent to testify as to the statements contained herein, and make these statements based upon my personal knowledge. I authorize the use of this affidavit for all purposes allowed by Georgia law.

2.

I am an attorney duly authorized to practice law in the State of Georgia and am an attorney with Lueder, Larkin & Hunter, LLC, 5900 Windward Parkway, Suite 390, Alpharetta, Georgia 30005.

3.

Lueder, Larkin & Hunter, LLC ("LLH") is a law firm that represents community associations. Part of LLH's community association law practicing includes the collection of unpaid assessments from delinquent homeowners.

4.

In 2015, Sawnee View Farms Homeowners Association, Inc. engaged LLH to collect unpaid assessments from Heagerty.

5.

Sawnee View Farms Homeowners Association, Inc. is a duly organized Homeowners Association operating pursuant to a duly recorded Declaration of Covenants.

6.

Attached hereto as Exhibit "1" is a true and correct copy of the Declaration of Covenants for Sawnee View as recorded in the Office of the Clerk of the Superior Court of Forsyth County, beginning at Deed Book 816 Page 72, et seq. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

7.

Ultimately, the Association filed a lawsuit against Heagerty in the State Court of Forsyth County, Georgia.  LLH represented the Association in that litigation, and Heagerty represented himself *pro se*.

8.

On May 17, 2016, Heagerty (still *pro se*) filed his first suit against LLH, myself and various staff members, alleging various violations of the FDCPA.  That prior suit was filed in the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:2016cv00099-WCO.  A true and correct copy of Heagerty's first suit against LLH and myself is attached hereto as Exhibit "2" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

9.

Less than a month later, on June 10, 2016, after a series of various motions filed by Heagerty attacking the Association and LLH, the State Court of Forsyth County entered a judgment in favor of the Association against Heagerty.  A true and correct copy of the State Court Judgment is attached hereto as Exhibit "3" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

10.

Four days after that, on June 14, 2016, Heagerty sent two letters to LLH disputing the debt that had just been awarded by the Court and demanding a verification of debt. A true and correct copy of Heagerty's June 14, 2016 letters are attached hereto as Exhibit "4" and are incorporated herein by reference.

11.

On November 15, 2016, this Court entered an Order dismissing Heagerty's prior FDCPA suit against LLH on the grounds that it failed to state a claim. However, the case remained open, as LLH filed a Motion for Rule 11 Sanctions against Heagerty. A true and correct copy of this Court's dismissal Order is attached hereto as Exhibit "5" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

12.

On January 6, 2017, in an effort to obtain information to collect the judgment entered against Heagerty in the State Court, I, on behalf of the Association, sent post-judgment discovery to Heagerty. A true and correct copy of the post-judgment discovery is attached hereto as Exhibit "6" and is incorporated herein by reference.

13.

On January 13, 2017, Heagerty sent a second dispute letter to LLH (following the judgment against him) and requested, yet again, a verification of debt. A true and correct copy of Heagerty's second dispute letter is attached hereto as Exhibit "7" and is incorporated herein by reference.

14.

On January 27, 2017, I responded to Heagerty's dispute letter and provided verification of debt. A true and correct copy of my January 27, 2017 response letter to Heagerty is attached hereto as Exhibit "8" and is incorporated herein by reference.

15.

On February 9, 2017, Heagerty sent his third dispute letter, again requesting verification of debt. A true and correct copy of Heagerty's February 9, 2017 letter is attached hereto as Exhibit "9" and is incorporated herein by reference.

16.

Also on February 9, 2017, Heagerty mailed my office his responses to the Association's post-judgment discovery requests. In bad faith, Heagerty objected to every single request and alleged that he was not legally required to respond. A true and correct copy of Heagerty's February 9, 2017 discovery responses are attached hereto as Exhibit "10" and are incorporated herein by reference.

17.

On February 15, 2017, I, on behalf of the Association, sent an email to Heagerty, pursuant to Rule 6.4 of the State Court Rules, addressing the erroneous point of law asserted by Heagerty in his evasive discovery responses and required complete and non-evasive responses by close of business on February 20, 2017. There were several emails exchanged between Heagerty and me, with a final email sent from me on February 20, 2018 requiring responses by February 21, 2018. A true and correct copy of the email exchange between Heagerty and me is attached hereto as Exhibit "11" is incorporated herein by reference.

18.

I did not receive a response to my February 20, 2017 email or any further discovery responses from Heagerty. I have also conducted a thorough search of Heagerty's file at LLH and emails in Outlook and confirmed that LLH has never received a response to my February 20, 2017 email, including, in particular, LLH never received Heagerty's alleged February 21, 2017 email.

19.

On March 21, 2017, which was a little over five months after Heagerty's prior FDCPA case was dismissed, the Court granted Rule 11 sanctions against him in favor of LLH in the amount of $6,000. The Court thereafter closed Heagerty's first federal case. A true and correct copy of the Order Granting LLH's Motion for Sanctions is

attached hereto as Exhibit "12" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

20.

On March 22, 2017, the Association, through LLH as its counsel, filed a garnishment against Heagerty and his shell company, Consumer Solutions, Inc. (hereafter "Consumer Solutions") seeking to collect the judgment owed to the Association. Heagerty does not maintain employment in the traditional employer/employee relationship but is instead self-employed through Consumer Solutions. The garnishment was assigned Civil Action No. 17MRG021445 and filed in the Magistrate Court of Fulton County. In that garnishment case, Heagerty was represented by attorney Megan K. Jones of the law firm John B. Miller & Associates, PC., and Consumer Solutions was represented by attorney John William Nelson (hereafter "Nelson") of the law firm of The Nelson Law Chambers, LLC.

21.

On April 4, 2017, LLH received a fourth dispute letter from Heagerty and request for verification of debt. A true and correct copy of Heagerty's April 4, 2017 letter is attached hereto as Exhibit "13" and is incorporated herein by reference.

22.

On April 13, 2017, LLH responded to Heagerty's fourth dispute letter. A true and correct copy of LLH's April 13, 2017 response letter is attached hereto as Exhibit "14" and is incorporated herein by reference.

23.

On May 23, 2017, Heagerty and Consumer Solutions were able to have the Magistrate Court of Fulton County dismiss the garnishment by arguing that Heagerty did not maintain any personal funds in the bank account of Consumer Solutions, despite the introduction of several bank statements showing daily ATM cash withdrawals by Heagerty himself, with him being the only party with access to the company's debit card. Heagerty admitted that he stores those funds in his home. He testified that all of his personal bills are paid in cash and that he has no other source of income. The Association appealed the dismissal. A true and correct copy of the Order Granting Heagerty and Consumer Solutions' claim in the garnishment case is attached hereto as Exhibit "15" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

24.

On July 24, 2017, Heagerty sent a fifth dispute letter. A true and correct copy of Heagerty's July 24, 2017 dispute letter is attached hereto as Exhibit "16" and is incorporated herein by reference.

25.

On July 28, 2017, in direct response to Heagerty's letter requesting verification, LLH provided Heagerty with yet another response. A true and correct copy of LLH's July 28, 2017 response letter to Heagerty is attached hereto as Exhibit "17" and is incorporated herein by reference.

26.

The next month, on August 11, 2017, Nelson filed an Entry of Appearance as counsel for Heagerty in the Fulton County garnishment case, representing both Heagerty and Consumer Solutions. A true and correct copy of Nelson's Entry of Appearance is attached hereto as Exhibit "18" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

27.

On May 23, 2018, the Association dismissed its appeal of the Fulton County Magistrate Court dismissing the garnishment action because the Association could not

show conclusively that Heagerty maintained personal funds in Consumer Solution's bank account.

28.

As stated above, I reviewed Heagerty's extensive file and the email correspondence with Heagerty, did not see a response to LLH's February 20, 2017 email, and did not see any amended responses to the post-judgment discovery. On June 1, 2018, LLH, on behalf of the Association, filed a Motion to Compel in the Forsyth County State Court case. A true and correct copy of the Motion to Compel is attached hereto as Exhibit "19" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

29.

On June 27, 2018, for the first time throughout the entire Forsyth County State Court proceedings, Nelson filed an Entry of Appearance in the State Court case. A true and correct copy of Nelson's Entry of Appearance in the Forsyth County case is attached hereto as Exhibit "20" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

30.

Heagerty, through Nelson as his attorney, filed his response to the Association's Motion to Compel, attaching an email dated February 21, 2017, which Heagerty claimed he sent to LLH.  A true and correct copy of Heagerty's response to the Motion to Compel case is attached hereto as Exhibit "21" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

31.

The printed email dated February 21, 2017 (which LLH disputes its authenticity) was filed with the Forsyth County State Court on June 27, 2018, which pleading is unsigned, with no verification, and no Rule 5.2 Certificate of Service. Further, the responses that Heagerty claimed to have sent were just as evasive as his original responses; specifically, with respect to the Association's Requests for Production of Documents, Heagerty failed to produce a single document to the Association.

32.

On June 29, 2018, before the Association could reply to Heagerty's response and dispute the authenticity of Heagerty's alleged February 21, 2017 email and to show the Forsyth County State Court that Heagerty had still not provided responses, the State Court entered an Order Denying Plaintiff's Motion to Compel.  A true and

correct copy of the Forsyth County's Court's Order is attached hereto as Exhibit "22" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy.

33.

On July 17, 2018, Heagerty filed a Motion for Attorney's Fees in the State Court case, essentially making the same claims that he makes in this case. A true and correct copy of Heagerty's Motion for Attorney's Fees is attached hereto as Exhibit "23" and is incorporated herein by reference. I have compared this copy with the original as recorded and certify that same is a true and correct copy. The Association and LLH dispute that Motion, which is currently pending before the State Court.

34.

LLH recently received an email on August 17, 2018 from Heagerty's attorney seeking a settlement of $15,000.00 in exchange for Plaintiff to dismiss his current lawsuit. A true and correct copy of the email is attached hereto as Exhibit "24" and is incorporated herein by reference. The amount of $15,000.00 is roughly the amount that Heagerty owes on the judgment in favor of his Association and owes on the Order granting Rule 11 sanctions against him in favor of LLH.

35.

When calculating post-judgment interest, LLH's internal computer software subtracts out the prejudgment interest and calculates post-judgment interest on all other amounts awarded by the Court.

FURTHER AFFIANT SAYETH NOT.

_____
Brandon D. Wagner, Esq.

Sworn to and subscribed to
before me this ___21___ day of
August, 2018.

_____
Notary Public

- 13 –

## <u>CERTIFICATION OF COMPLIANCE WITH L.R. 5.1 (B)</u>

This is to certify that the foregoing Affidavit of Brandon D. Wagner was prepared using Times New Roman, 14 Point font in accordance with L.R. 5.1 (B).

Respectfully submitted this 21st day of August, 2018.

<u>*s/* **John T. Lueder, Esq.**</u>
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

<u>*s/* **Brandon D. Wagner, Esq.**</u>
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served

upon the opposing party by placing a copy of same in the U.S. Mail, proper postage

affixed thereto, in an envelope addressed as follows:

John William Nelson
The Nelson Law Chambers, LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097

This 21st day of August, 2018.

s/ **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

s/ **Brandon D. Wagner, Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com