IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY JR.<br><br>2890 WILLOW WISP WAY<br><br>CUMMING, GA 30040,<br><br>*Pro Se* Plaintiff,<br><br>v.<br><br>LUEDER, LARKIN, & HUNTER, LLC<br><br>ATTORNEYS AT LAW<br><br>5900 WINDWARD PARKWAY<br><br>SUITE 390<br><br>ALPHARETTA, GA 30005,<br><br>BRANDON D. WAGNER, ESQ.,<br><br>GA Bar # 768064, aka BDW<br><br>5900 WINDWARD PARKWAY | FILED IN CLERK'S OFFICE<br>U.S.D.C. - Gainesville<br><br>MAY 17 2016<br><br>JAMESON HATTEN, Clerk<br>By: _____ Deputy Clerk<br><br>CIVIL ACTION FILE NO.<br><br>**2:16-CV-0099** |

1

EXHIBIT
2

SUITE 390

ALPHARETTA, GA 30005,

JOHN OR JANE DOE #1, aka

LPC,

JOHN OR JANE DOE #2, aka

SLR OR SR,

JOHN OR JANE DOE #3, aka

THA,

and

JOHN OR JANE DOE #4, aka

TLH,

Defendants.

## COMPLAINT

Plaintiff, Glenn M. Heagerty, Jr., individually, hereby sues Defendants Lueder,

Larkin, & Hunter, LLC(hereinafter referred to as "LLH"), Brandon D. Wagner, Esq.

2

(hereinafter referred to as "BDW"), John or Jane Doe #1 (hereinafter referred to as "LPC"), John or Jane Doe #2 (hereinafter referred to as "SLR"), John or Jane Doe #3 (hereinafter referred to as "T...") and John or Jane Doe #4 (hereinafter referred to as "TLH") (hereinafter collectively referred to as "Defendants") for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

1. This is an action brought for damages by Plaintiff against Defendants for violations of the FDCPA.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1692k(d).

3. The venue of this Court is conferred by LR 3.B(3), NDGa.

## PARTIES

4. Plaintiff is a natural person.

5. Defendant LLH is a law firm with collections at the core of its practice.

6. Defendant BDW is an attorney in Defendant LLH's collections department.

7. Defendant LPC is an unidentified attorney in Defendant LLH's collections department.

8. Defendant SLR is an unidentified attorney in Defendant LLH's collections department.

9. Defendant THA is an unidentified attorney in Defendant LLH's collections department.

10. Defendant TLH is an unidentified attorney in Defendant LLH's collections department.

## FACTUAL ALLEGATIONS

11. Defendant LLH is a law firm specializing in community association law that performs collections for community associations. Collections is a core part of its practice. Fourteen of the sixty-five attorneys at the firm are in the

4

Collections Department(as of May 15, 2016 per the attorney listings at luederlaw.com). It is a pioneer in the collections industry with its Common Sense Collections process. Its process is designed to leverage the burden of rapidly escalating attorney's fees to force payment from a consumer. Its process contains no provision for resolving debts disputed by or demands for validation made by consumers. Defendant LLH collected over $8.3 million for its clients in 2015. (See attachments A6-A7)

12. Defendant BDW is an attorney in the collections department at Defendant LLH. Defendant BDW was or is the lead attorney for plaintiffs thirty-three times in civil cases filed in the Georgia Superior or State Courts of Forsyth County. (See attachments A8A-A8b)

13. Defendants LLH, BDW, and LPC demanded $430.00 from Plaintiff in its initial letter to Plaintiff dated June 19, 2015 for an $80.00 collection fee and $350.00 in past due assessments and charges they alleged Plaintiff owed to Sawnee View Farms Homeowners Association, Inc.(hereinafter referred to as "S&F HOA"). (See attachments A2-A3)

14. Defendants LLH, BDW, and LPC had never attempted to collect a debt from Plaintiff prior to June 19, 2015. Defendants obtained the right to collect

5

the alleged debt sometime after it went into default.

15. Defendants LLH, BDW, and LPC received Plaintiff's notice of dispute and demand for validation via USPS Certified Mail, receipt# 7014 1820 0001 9552 4843, sometime on or about June 29, 2015. (See attachments A14-A15)

16. Defendants LLH, BDW, and LPC demanded for the second time in a letter dated July 8, 2015 $430.00 it claimed Plaintiff owed S&HO. Defendants LLH, BDW, and LPC did not include the address of the alleged creditor nor any documentation that proved Plaintiff had an obligation to it. (See attachments A16-A18)

17. Defendants LLH, BDW, and LPC received Plaintiff's second notice of dispute and demand for validation via USPS Certified Mail, receipt# 7014 1820 0001 9552 4911, on or about July 25, 2015.

18. Defendants LLH, BDW, and LPC demanded for the third time in a letter dated August 6, 2015 $430.00 it claimed Plaintiff owed S&HO.

19. Defendants LLH, BDW, and LPC demanded for the last time in a letter dated October 20, 2015 $1,009.00 they claimed Plaintiff owed S&HO. Defendants LLH, BDW, and LPC included with the demand a document

6

titled Notice of Lien, dated October 20, 2015, and signed by Defendant BDW as authorized agent for SVF HOA. Defendants LH, BDW, and EPC did not identify the debt as disputed in the Notice.

20. Defendants LH, BDW, and EPC received Plaintiff's third notice of dispute and demand for validation via USPS Certified Mail, receipt #7015 0640 0002 9832 6649, on or about November 4, 2015.

21. On or about November 20, 2015 Defendants LH and BDW recorded the notice of lien with the Clerk of the Superior and State Courts of Forsyth County.

22. Defendants LH, BDW, and THA demanded for the first time in a letter dated January 19, 2016 $1,399.00 they claimed Plaintiff owed SVFHOA and that an additional $80.00 collection fee had been incurred by Plaintiff. They warned Plaintiff of a collection lawsuit.

23. Defendants LH, BDW, and THA received Plaintiff's fourth notice of dispute and demand for validation via USPS Certified Mail, receipts #7015 0640 0002 9834 2236 and 7015 0640 0002 9834 2243, on or about January 28, 2016 or January 29, 2016.

7

24. Defendants LLH and BDW demanded for the first time in a letter dated February 4, 2016 $1,588.50 they claimed Plaintiff owed SVFHOAI. Defendants LLH and BDW boldly stated that this was their fourth and final attempt at validating the alleged debt.

25. On March 7, 2016 Defendants LLH and BDW filed a covenant enforcement lawsuit against Plaintiff in the State Court for Forsyth County, Case Number 16SC-0149-A. The complaint signed by Defendant BDW failed to allege that Plaintiff disputed the debt, instead he alleged Plaintiff refused to pay.

26. Defendants have never provided proof that Plaintiff owed $350.00 to SVFHOAI on June 19, 2015.

27. Defendants have subjected Plaintiff to abuse, harassment, deception, and unfair practices in order to coerce Plaintiff into paying a debt he disputed and demanded its validation. Defendants used their Common Sense Collections process to rapidly increase attorneys fees to intimidate Plaintiff into paying rather than investigate the disputes and provide the validation demanded.

8

## COUNT I - VIOLATION OF THE FDCPA BY DEFENDANT BDW

28. Paragraphs 1-27 are realleged as though fully set forth herein.

29. The Notice of Lien and Complaint filed by Defendants LLH and BDW are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

30. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

31. S" HOAI is a creditor within the meaning of the FDCPA, 15 U.S.C. §1692a(4).

32. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

33. Defendant BDW is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

34. Defendant BDW violated the FDCPA. The violations include, but are not limited to, the following:

   a) Defendant BDW violated 15 U.S.C. §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

b) Defendant BDW violated 15 U.S.C. §1692c(b) by communicating with third parties without Plaintiff's prior consent.

c) Defendant BDW violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

d) Defendant BDW violated 15 U.S.C. §1692e(2)(B) by falsely representing the services rendered in the collection of the alleged debt.

e) Defendant BDW violated 15 U.S.C. §1692e(8) by failing to communicate that Plaintiff disputes the alleged debt.

35. WHEREFORE, the Plaintiff demands judgment for damages against Defendant BDW for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

COUNT II - VIOLATION OF THE FDCPA BY DEFENDANT LLH

36. Paragraphs 1-27 are realleged as though fully set forth herein.

37. The Notice of Lien and Complaint filed by Defendants LLH and BDW are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

38. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

10

§1692a(3).

39. SVFHOAI is a creditor within the meaning of the FDCPA, 15 U.S.C. §1692a(4).

40. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

41. Defendant LLH is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

42. Defendant LLH violated the FDCPA. The violations include, but are not limited to, the following:

  a) Defendant LLH violated 15 U.S.C. §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

  b) Defendant LLH violated 15 U.S.C. §1692c(b) by communicating with third parties without Plaintiff's prior consent.

  c) Defendant LLH violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

  d) Defendant LLH violated 15 U.S.C. §1692e(2)(B) by falsely representing the services rendered in the collection of the alleged debt.

e) Defendant LLH violated 15 U.S.C. §1692e(8) by failing to communicate that Plaintiff disputes the alleged debt.

43. WHEREFORE, the Plaintiff demands judgment for damages against Defendant LLH for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III - VIOLATION OF THE FDCPA BY DEFENDANT LPC

44. Paragraphs 1-27 are realleged as though fully set forth herein.

45. The Notice of Lien and Complaint filed by Defendants LLH and BDW are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

46. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

47. SVFHOAI is a creditor within the meaning of the FDCPA, 15 U.S.C. §1692a(4).

48. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

49. Defendant LPC is a debt collector within the meaning of the FDCPA, 15

12

U.S.C. §1692a(6).

50. Defendant LPC violated the FDCPA. The violations include, but are not limited to, the following:

a) Defendant LPC violated 15 U.S.C. §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

51. WHEREFORE, the Plaintiff demands judgment for damages against Defendant LPC for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

COUNT V VIOLATION OF THE FDCPA BY DEFENDANT SLR

52. Paragraphs 1-27 are realleged as though fully set forth herein.

53. The Notice of Lien and Complaint filed by Defendants LLH and BDW are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

54. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

55. SVFHOAI is a creditor within the meaning of the FDCPA, 15 U.S.C.

13

§1692a(4).

56. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

57. Defendant SLR is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

58. Defendant SLR violated the FDCPA. The violations include, but are not limited to, the following:

   a) Defendant SLR violated 15 U.S.C. §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

59. WHEREFORE, the Plaintiff demands judgment for damages against Defendant SLR for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

COUNT V  VIOLATION OF THE FDCPA BY DEFENDANT THF

60. Paragraphs 1-27 are realleged as though fully set forth herein.

61. The Notice of Lien and Complaint filed by Defendant LLH are

14

communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

62. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

63. SVFHOAI is a creditor within the meaning of the FDCPA, 15 U.S.C. §1692a(4).

64. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

65. Defendant THA is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

66. Defendant THA violated the FDCPA. The violations include, but are not limited to, the following:

a) Defendant THA violated 15 U.S.C. §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

67. WHEREFORE, the Plaintiff demands judgment for damages against Defendant THA for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

### COUNT VI - VIOLATION OF THE FDCPA BY DEFENDANT TLH

68. Paragraphs 1-27 are realleged as though fully set forth herein.

69. The Notice of Lien and Complaint filed by Defendant LLH are communications within the meaning of the FDCPA, 15 USC §1692a(2).

70. Plaintiff is a consumer within the meaning of the FDCPA, 15 USC §1692a(3).

71. SVFHOAI is a creditor within the meaning of the FDCPA, 15 USC §1692a(4).

72. The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 USC §1692a(5).

73. Defendant TLH is a debt collector within the meaning of the FDCPA, 15 USC §1692a(6).

74. Defendant TLH violated the FDCPA. The violations include, but are not limited to, the following:

   a) Defendant TLH violated 15 USC §1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

16

WHEREFORE, the Plaintiff demands judgment for damages against Defendant TLH for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

### DEMAND FOR JURY TRIAL

75. The Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 16th day of May 2016,

*/s/ Glenn M. Heagerty Jr.*

Glenn M. Heagerty Jr.
2890 Willow Wisp Way
Cumming, GA 30040

(770) 406-3387
gasc16sc0149a@mail.com

17