IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SAWNEE VIEW FARMS )
HOMEOWNERS ASSOCIATION, )
INC., ) CIVIL ACTION NO.
    Plaintiff, ) NO. 16SC-0149-A
)
v. )
)
GLENN HEAGERTY, )
    Defendant. )
)

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE
JUN 10 2016
CLERK SUPERIOR COURT

16SC-0149-A
OGTSJ
Order Granting Summary Judgment
1135333

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The above-styled matter came before this Court for hearing on June 6, 2016, for consideration of Plaintiff's Motion for Summary Judgment filed May 5, 2016. Defendant filed his response in opposition to Plaintiff's Motion for Summary Judgment on June 1, 2016.

On May 31, 2016, Defendant filed the following motions: (1) "Motion to Strike all of Plaintiff's Pleadings, and Motion to Dismiss Complaint", (2) "Motion to Strike Affidavit of Title and Documents Attached Thereto", (3) "Motion to Strike Affidavit of Indebtedness and Document Attached Thereto" and (4) "Motion to Strike Affidavit of Attorney Fees and Documents Attached Thereto."

As a threshold matter, this Court must determine whether Plaintiff's motion is ripe as discovery was still pending in this case and the hearing was had on the thirtieth day after the filing of Plaintiff's motion for summary judgment. The Court must then determine if Plaintiff's affidavit of title, affidavit of indebtedness, and affidavit of attorney's fees can be considered by this Court. This Court has entered a separate order on Defendant's motion to dismiss.

Defendant had filed a motion to dismiss on Discovery was stayed in this case as of the date of the hearing pursuant to O.C.G.A. § 9-11-12(j)(1) as Defendant had a motion to dismiss pending before this Court that had not been ruled on. However, a plaintiff may move for


EXHIBIT 3

summary judgment "at any time, after the expiration of 30 days from the commencement of the action."[1] If a hearing is desired, at least 30 days from service of the motion must elapse before a hearing can be held, to give respondent time to file opposing evidence.[2] However, Georgia Uniform State Court Rule 6.2, states in pertinent part, that "each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion, *or on the date of the hearing (if one is held) whichever occurs sooner.*"[3] Additionally, "[a] trial court is not required to wait until the completion of discovery to rule on a motion for summary judgment, if the case is otherwise ripe for a ruling thereon."[4]

Both of these requirements were met in this case. Plaintiff filed its complaint on March 7, 2016. Plaintiff served Defendant with its motion for summary judgment on May 2, 2016. Defendant filed his response in opposition to Plaintiff's motion on June 1, 2016. A hearing was had June 6, 2016, thirty-five days after service of said motion on Defendant. Defendant did not file any additional pleadings or responses on the date of the hearing and Defendant has not filed any other pleadings to date. Defendant did not request a continuance at the hearing to seek discovery or for any other reason. Defendant has not served Plaintiff with any discovery requests. Defendant did not articulate any material information that he intended to obtain. Therefore, this Court finds that Plaintiff's motion for summary judgment is ripe for consideration by this Court.

Defendant further seeks to strike Plaintiff's pleadings, affidavit of title, affidavit of indebtedness, and attorney fees, in essence, on the basis that the affidavits do not identify the county and state of the location the affiant personally appeared before and/or where the affidavits

---

[1] *Govindasamy v. Wells FargoBank, N.A.*, 311 Ga.App.452, 715 S.E.2d 737(2011)
[2] *Id.*; O.C.G.A. § 9-11-56(a).
[3] O.C.G.A. § 9-11-56(a).
[4] *Bregman-Rodoski v. Rozas*, 273 Ga.App. 835, 616 S.E.2d 171(2005).

were notarized and because the affidavits do not state that the affiant made the statements under penalty of perjury.

"To constitute a complete affidavit, three essential features are requisite: first, the written oath embodying the facts sworn to by the affiant; second, the signature of the affiant thereto; and third, the jurat or attestation, by an officer authorized to administer the oath, that the affidavit was actually sworn to and subscribed before him by the affiant."[5]

The Court finds that the affidavits are complete and valid. Both affidavits set forth specific facts to which the affiants assert to have personal knowledge, each affiant has signed their respective affidavit by an officer authorized to administer the oaths evidenced by the officer's signature and notary seal. Therefore, Defendant's motions to strike are hereby **DENIED**, thus, the Court will consider Plaintiff's affidavits in support of its motion for summary judgment.

Plaintiff filed a Complaint alleging Defendant failed to pay homeowner's assessments, late charges, and interest pursuant to governing documents of an incorporated community association on March 7, 2016. Plaintiff further alleges Defendant was indebted to Plaintiff for regular assessments through December 31, 2016, interest at the rate of 18% per annum, reasonable attorney's fees actually incurred and costs. Defendant was personally served on March 16, 2016. Defendant filed a timely answer on April 11, 2016, generally denying any indebtedness to Plaintiff.

Plaintiff now moves for judgment against Defendant pursuant to O.C.G.A. § 9-11-56, relying on the affidavit of title, affidavit of indebtedness and affidavit of attorney's fees.

"To prevail at summary judgment under O.C.G.A. § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed

---

[5] *Glenn v. Metropolitan Atlanta Rapid Transit Authority*, 158 Ga.App. 98, 279 S.E.2d 481(1981).

in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[6] "Summary judgment is appropriate where the nonmovant fails to make a showing sufficient to establish the existence of an element essential to that party's case…"[7] Lastly, once the movant satisfies its burden, the burden then shifts to the respondent who must establish, by going beyond the pleadings, that there exists a genuine issue of material fact.[8]

O.C.G.A. § 9-11-56(e), provides in relevant part, that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The Court having considered the motion, affidavits, pleadings, and Defendant's responses thereto and all other matters of record in the case *sub judice*, finds that Defendant is the owner of the property located at 2890 Willow Wisp Way, Cumming, Georgia 30040 ("Subject Property").[9] The Court further finds that Plaintiff has established a prima facie case of Defendant's indebtedness through the affidavit of Randy Shaheen and the exhibits attached thereto, and that Defendant failed to remit payment and is indebted to Plaintiff in the amount of $1,340.00 including regular assessments through December 31, 2016.

Although Defendant has set forth a general denial in his answer, the sworn affidavits of Soha S. Sohrabian and Randy Shaheen, combined with the attachments thereto are sufficient to pierce the general denial in Plaintiff's answer causing the burden of proof to shift to Defendant to show the items contained in the records, or some of them, are not correct. Defendant has made no such showing. Defendant has failed to come forward with any evidence showing that a

---

[6] *Lau's Corp. v. Haskins*, 261 Ga. 491; 405 S.E.2d 474 (1991); O.C.G.A. § 9-11-56(c).
[7] *Johnson v. Fleet Fin., Inc.*, 1992 U.S. Dist. LEXIS 8332 (S.D. Ga. 1992).
[8] *Id.*
[9] Affidavit of Title and attached exhibits filed May 5, 2016.

genuine issue of material fact remains.

For the foregoing reasons, this Court hereby **GRANTS** Plaintiff's Motion for Summary Judgment.

Plaintiff seeks reasonable attorney's fees that were actually incurred pursuant to O.C.G.A. § 44-5-60(e). Having considered Plaintiff's Affidavit of Attorney's Fees and the description and amount of fees set forth on Plaintiff's data entry sheet admitted at the hearing and Defendant stating no objection to the same, the Court finds that the attorney's fees arose from the covenants. The Court finds that the attorney's fees in the amount of $3,614.00 were actually incurred and are reasonable.

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff shall have judgment against Defendant in the principal amount of $1,340.00 plus interest in the amount of $223.69 accrued at a rate of 18% per annum, and court costs and fees in the amount of $278.85, and reasonable attorney's fees actually incurred in the amount of $3,614.00.

The total judgment is $5,456.54. Post-judgment interest shall accrue at the rate provided by law.

**SO ORDERED** this 10th day of June, 2016.

LESLIE C. ABERNATHY-MADDOX
Judge, State Court of Forsyth County
Bell-Forsyth Judicial Circuit

Original:    Clerk of Court
cc:          Brandon D. Wagner, Attorney for Plaintiff
             Glenn Heagerty, Defendant