IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GLENN M. HEAGERTY, JR.,          :
                                 :
        Plaintiff,               :
                                 :
                                 :   CIVIL ACTION
vs.                              :   NO. 2:16-cv-99-WCO-JCF
                                 :
LUEDER, LARKIN & HUNTER, LLC, :
BRANDON D. WAGNER,               :
JOHN OR JANE DOE #1, a/k/a LPC,  :
JOHN OR JANE DOE #2, a/k/a SLR   :
or SR, JOHN OR JANE DOE #3,      :
a/k/a THA, and JOHN OR JANE      :
DOE #4, a/k/a TLH,               :
                                 :
        Defendants.              :
                                 :

## <u>ORDER</u>

The captioned case is before the court for consideration of the magistrate

judge's final report and recommendation ("R&R") [11] dated October 21, 2016, which

recommends that the court grant defendants' motion to dismiss [5] as to all claims.

There have been no objections to the R&R.

The detailed facts and procedural history of this case are fully set forth in the

R&R and need not be repeated here. After thoroughly reviewing the record, the court

is confident that the magistrate judge has correctly applied the law to the facts of this

case. Accordingly, the R&R [11] is hereby **APPROVED and ADOPTED** as the



order of this court.  For the reasons set forth in the R&R, the court hereby **GRANTS**

the defendants' motion to dismiss [5] as to all claims.  The Clerk is **DIRECTED** to

**DISMISS** this case.

IT IS SO ORDERED, this 15th day of November, 2016.

s/*William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

GLENN M. HEAGERTY, JR,                    :
                                          :
      Plaintiff,              :
                                          :
                                          :     CIVIL ACTION FILE
v.                                        :     NO.: 2:16-CV-99-WCO-JCF
                                          :
LUEDER, LARKIN, & HUNTER, LLC,            :
BRANDON D. WAGNER,                        :
JOHN OR JANE DOE #1, a/k/a LPC            :
JOHN OR JANE DOE #2, a/k/a SLR or SR :
JOHN OR JANE DOE #3, a/k/a THA, and :
JOHN OR JANE DOE #4, a/k/a TLH            :
                                          :
      Defendants.             :

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendants' motion to dismiss Plaintiff's complaint (Doc. 5).[1]  For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **GRANTED** as to all claims.

## Factual and Procedural History[2]

---

[1] Citations to the record are to the pagination in the court's CM/ECF system, not to the original pagination of the record documents.

[2] These facts are taken from Plaintiff's Complaint (Doc. 1), copies of documents attached as exhibits to the complaint (*see* Doc. 1-1) and copies of documents attached to Plaintiff's Response to Defendants' Motion to Dismiss (*see* Docs. 9-1 through 9-12).  In ruling on a motion to dismiss, the court may consider documents attached to the complaint and response to a motion to dismiss if those documents are central to the complaint and not in dispute.  *See Harris v. Ivax*

1

Plaintiff owns property subject to a restrictive covenant enforced by Sawnee

View Farms Homeowners' Association (SVFHOA).   (*See* Doc. 9 at 2; *see*

*generally* Docs. 9-1, 9-2).   On June 19, 2015, Defendant Brandon D. Wagner

("Wagner"), an attorney with Leuder, Larkin & Hunter, LLC ("LLH") sent a letter

to Plaintiff, which reads in pertinent part:

> This firm represents Sawnee View Farms Homeowners Association, Inc.  I
> am contacting you regarding your past due balance owed to Sawnee View
> Farms Homeowners Association, Inc. concerning your property located at
> 2890 Willow Wisp Way, Cumming, Georgia 30040.
>
> Our client's records indicate that your past due balance for assessments and
> charges is $350.00.  Your account has additionally incurred a collection fee
> in the amount of $80.00.  Your total account balance now due is $430.00.
> You are hereby notified if the full payment of $430.00, which includes the
> collection fee, is not paid within 30 days of this letter, a notice of lien will be
> filed against your property . . . If the notice of lien is filed, an additional
> $259.00 will be added to your account balance for attorney's fees for the
> notice of lien, plus costs.  Please also be advised that if your annual
> assessment is paid in installments, such as monthly, quarterly, or semi-
> annually, all unpaid installments of your annual assessment will be
> accelerated and become immediately due if payment is not received within
> 30 days of this letter. In addition, if you continue in your failure to pay your
> balance, additional collection steps may thereafter include the filing of a
> collection lawsuit against you and the foreclosure of the lien against your
> property.
> . . .
> If you notify this firm in writing within the 30 day period that you dispute

---

*Corp.*, 182 F.3d 799, 802, n. 2 (11th Cir. 1999); *Okim v. Bank of Am.*, No. 1:12-
CV-01759-TWT-GGB, 2012 U.S. Dist. LEXIS 168788, at *7 (N.D. Ga. Oct. 25,
2012) (noting that the court is authorized to consider documents attached to
motions to dismiss where "the document is central to Plaintiff's claims, and the
authenticity of the documents has not been challenged").

the debt, or any portion thereof, we will obtain verification of the debt or a copy of a judgment against you, if any, and will mail you a copy of such verification or judgment. Also, if you request this firm in writing within the 30 day period, we will provide you with the name and address of the original creditor if different from the current creditor.

. . .

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

(Doc. 1-1 at 12-13).

Plaintiff responded by letter on June 25, 2015, stating:

I am in receipt of your communication attempting to collect a debt . . . This is notice that the validity of the alleged debt is disputed in its entirety, as is every portion thereof. I demand a complete validation of the debt along with the identify of the current and original alleged creditors.

(Doc. 1-1 at 14)

Wagner responded in a letter dated July 8, 2015, to which he attached a copy

of SVFHOA's ledger worksheet:

You have requested a verification of your debt. Per your request, you will find enclosed a copy of your ledger that we received from Sawnee View Farms Homeowners Association, Inc. The ledger verifies the amount which it is seeking from you. Note that the collection fees incurred on your account may not yet appear on your ledger, but are still owed. The current amount owed is $430.00, which includes collection fees.

(Doc. 1-1 at 16). The attached ledger lists the following amounts owed: "Ledger

Beginning Balance: $430.00," "Ledger Adjustment Total: $80.00,"

"COLLECTIONS BALANCE: $430.00," and "Reason for Adjustment: Warning

of Lien 6/19/15: $80.00." (*Id.* at 17).

3

In a second letter to Defendants, dated July 21, 2015, Plaintiff stated:

> I did not request verification of the alleged debt. Instead, I demanded a complete validation of the alleged debt, i.e. competent evidence that I incurred the alleged debt and that I am obligated to pay it. The documents you enclosed are not validation of the alleged debt, merely computer-generated documents restating the contents in your letter, and continue [sic] to dispute the alleged debt and every part therein.
>
> It is a violation of the Fair Debt Collection Practices Act (FDCPA) to continue attempting to collect an alleged debt without first validating the alleged debt when requested by the consumer . . . Please let me know how you would like to settle this matter[.]

(Doc. 9-4 at 1). Wagner responded to Plaintiff's second letter on August 6, 2015,

claiming that "we have in fact satisfied our obligations under the Fair Debt

Collections Practices Act. We have provided you with your account ledger which

verifies the amount that is currently being demanded from you" (*id.*). Wagner also

noted:

> Regarding your concern that you are not obligated to pay the Homeowners Association, the Association operates pursuant to a duly recorded Declaration of Covenants which are recorded in the Forsyth County land records and are found within the chain of title for your property. . . . Further, when you obtained the mortgage on your property, you executed a document titled a "Planned Unit Development Rider." The Rider specifically notified you that your property was subject to Covenants, Conditions and Restrictions" and that it is part of Sawnee View Farms. . . . As stated in our previous communications to you, the current amount owed is $430.00, which includes collection fees.

(*Id.*). The letter attached the referenced mortgage rider, which states that

Plaintiff's property "is a part of a planned unit development known as: SAWNEE

4

VIEW FARMS" and that "Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents," including the "Declaration." (*Id.* at 3). The record does not reveal any response to this letter by Plaintiff.

On October 20, 2015, Wagner sent an additional letter to Plaintiff, along with a copy of a notice of lien that Defendants had filed against him:

> We have unfortunately not received full payment from you. As we stated in our prior collection letter, a notice of lien would be filed against your property . . . if you failed to pay your balance. We also stated in that letter that you would be charged an additional $259.00 in attorney's fees and costs. Please be advised that since you have not paid your balance, a notice of lien has been sent to the county land records to be recorded against your property. You have also been charged the additional $259.00. . . . Your total balance is now $1,009.00, including the collection fees.
>
> If you instead continue in your failure to pay your balance, the next collection step may be the filing of a collection lawsuit against you and the foreclosure of the lien against your property. If a lawsuit against you is necessary, . . . any unpaid installments of the annual assessment will be considered accelerated and sought as part of the judgment. The suit will include attorney's fees and collection costs. The increased collection fees as a result of the suit will also be added to your balance. Such escalating collection fees can be avoided by your payment of your balance. Please also note that judgments are public records, are generally reported by the credit reporting agencies, and generally have a negative impact on credit scores.

(Doc. 9-5 at 1, 3; *see also* Doc. 1 at ¶ 19). Plaintiff responded on November 1, 2015, again demanding "validation" and threatening administrative complaints, civil claims, and criminal racketeering and extortion charges:

You and your firm continue to attempt to collect an alleged debt from me without providing the validation of the alleged debt, or any part therein, I demanded previously. . . . I dispute the alleged debt in its entirety and every part therein including the amounts you claim I now owe you. I demand validation of all amounts you claim I owe[.]

I intend to sue you personally and your firm for violating the federal Fair Debt Collection Practices Act. . . . You have thirty days from your receipt of this notice to respond with an offer to settle in order to prevent the expense of litigating a case in federal district court which may bring to light criminal conduct by you, your firm, or the organization you claim to represent that I will be required to report to the appropriate authorities.

(Doc. 9-6 at 1-2). The record does not disclose whether Defendants responded to that letter.

On January 19, 2016, Defendants LLH and Wagner sent another letter, notifying Plaintiff that "collection fees" and "additional amounts owed to [SVFHOA] have become due since our prior collection letters to you." (Doc. 9-8 at 1). That letter demanded $1,399.00, and advised Plaintiff that "in the event we do not receive full payment within 30 days of this letter, we have been authorized to file a collection lawsuit against you." (Id.). On January 26, 2016, Plaintiff responded to that letter, requesting that Defendants LLH and Wagner "provide me with competent evidence that I have any legal obligation to pay you," and attempting to have Defendants LLH and Wagner "correct your records[.]" (Doc. 9-8 at 1). Finally, on February 4, 2016, Wagner sent a "fourth and final" demand letter, demanding a higher amount than the previous letter:

6

Your continued disputes of the debt have no merit and are only serving as an attempt to delay collection of your debt. Enclosed please see a copy of your ledger obtained from [SVFHOA] as well as our attorney's fee statement which validate the amounts currently being sought from you. . . . Please immediately send a check to our firm, made payable to [SVFHOA] in the amount of $1,588.50. Please note that if full payment is not in our office on or before February 22, 2016, a collection lawsuit will be filed against you.

(*Id.*). The record does not indicate whether Plaintiff responded to this letter.

On March 7, 2016, SVFHOA "filed a . . . lawsuit against Plaintiff in the State Court for Forsyth County, Case Number 16SC-0149-A[.]" (Doc. 1 at ¶ 25; *and see generally* Doc. 9-11). On June 10, 2016, that court granted SVFHOA's motion for summary judgment, awarding SVFHOA the amount it sought from Plaintiff for unpaid homeowner's association fees, late fees, accrued interest, attorney's fees, and costs, bringing the total amount of judgment against Plaintiff to $5,456.54. (Doc. 9-12 at 4-5).

On May 17, 2016, , Plaintiff, proceeding *pro se*, filed a complaint against Defendants LLH, Wagner, John or Jane Doe # 1 ("LPC"), John or Jane Doe # 2 ("SLR"), John or Jane Doe # 3, ("THA"), and John or Jane Doe # 4 ("TLH") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. (Doc. 1). On June 29, 2016, Defendants filed this Motion To Dismiss (Doc. 5). Counsel then appeared on Plaintiff's behalf (Doc. 8) and responded to Defendants' motion. (Doc. 9). Defendants filed a joint reply on July 25, 2016.

7

(Doc. 10).  With briefing now complete, the undersigned turns to the merits of this motion.

## Discussion

Defendants argue that Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because it fails to state a claim on which relief can be granted.  (*See* Doc. 5).

### I.  Applicable Pleading Standards

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* FED. R. CIV. P. 8(a)(2). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

8

Additionally, as Plaintiff notes in his response to the motion to dismiss, (*see* Doc. 9 at 2, 16), the Court ordinarily affords a more liberal construction to the pleadings of a *pro se* litigant. *See Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995). However, "[d]espite the leniency afforded *pro se* litigants, the district court does not have license to rewrite a deficient pleading." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998). Further, the undersigned questions whether the court is required to afford the same construction in situations, as here, where a plaintiff subsequently retained counsel who did not seek to amend the complaint.[3] (*See generally* Doc. 9). Nonetheless, even if this Court approached the entirety of the pleadings in this case with the liberal construction ordinarily afforded *pro se* litigants, Plaintiff's claims would still fail for the reasons that follow.

## II.   The Doe Defendants

Plaintiff asserts FDCPA claims against Does 1-4 ("Doe defendants") in Counts III, IV, V, and VI. (*See generally* Doc. 1). Defendants argue that the Doe defendants should be dismissed from this action because they are clerical staff workers who prepared various collections documents, and that Plaintiff is only

---

[3] Federal procedure permitted Plaintiff to amend his complaint as a matter of course within 21 days of Defendants submitting the motion to dismiss, *see* FED. R. CIV. P. 15(a)(1)(B), but Plaintiff elected instead to respond to the motion rather than amend his complaint.

suing them because he observed their initials on collection letters. (*See id.*; Doc. 10 at ¶ 7). Plaintiff's only claims against the Doe defendants is that they failed to cease collection efforts before verifying his debt or providing him with creditor information. (Doc. 1 at ¶¶ 50, 58, 66, 74). Plaintiff has failed to respond to Defendants' argument that the Doe defendants should not be involved in this suit. (*See generally* Doc. 9).

"Fictitious party pleading is not permitted in federal court, unless plaintiff's description of the fictitious defendants is so specific as to be, at the very worse, surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). "In cases where plaintiffs have described defendants in general terms, courts in this Circuit have dismissed fictitious defendants even when identification of the Doe defendant through discovery would be straightforward." *Samuel v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-02398-ELR-LTW, 2015 U.S. Dist. LEXIS 180381, at *40 (N.D. Ga. Feb. 12, 2015) (citing *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (unpublished decision)), *adopted by* 2015 U.S. Dist. LEXIS 180378 (N.D. Ga. Apr. 15, 2015). Suing "real parties . . . under a fictitious name" has at times been allowed where a defendant is clearly identified and a plaintiff is proceeding *pro se*. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Here, the Doe defendants are identified only with their initials and a short,

identical description. (*See* Doc. 1 at ¶¶ 7-10) (identifying Doe defendants 1-4 as "an unidentified attorney in Defendant LLH's collections department"). The record indicates that the initials with which Plaintiff identifies the Doe defendants appear on various collection letters in lower case next to those of Defendant Wagner. (*See* Docs. 1-1 at 14, 16; 9-4 at 2; 9-5 at 2, 3; 9-7 at 1; 9-8 at 2; 9-10 at 1, 3). Plaintiff has not amended his complaint with further identification of the Doe defendants even after having retained counsel. In light of the lack of information Plaintiff has contributed to the record to potentially identify the Doe defendants, Plaintiff has failed to raise his pleadings above the level of fictitious pleading disfavored by this Circuit.

Nor has Plaintiff responded to Defendants' argument that the Doe defendants should be dismissed from this action, instead solely addressing arguments Defendants raise for dismissing Wagner and LLH. (*See generally* Doc. 9). Where a plaintiff fails to respond to an opposing party's argument that the claim should be dismissed, he may be considered to have abandoned the claim. *See Agan v. Vaughn*, 119 F.3d 1538, 1541 (11th Cir. 1997) (court did not address claim abandoned by petitioner), *cert. denied*, 523 U.S. 1023 (1998); *Holland v. Sebelius*, No. 1:13-CV-609-TWT-LTW, 2014 U.S. Dist. LEXIS 138847, at *46 (N.D. Ga. Sept. 29, 2014) (listing cases establishing that failure to respond to a

11

motion to dismiss as to a particular claim is considered an abandonment of that claim).

Finally, Plaintiff simply does not allege any factual support for his initial, conclusory claims against that the Doe defendants violated the Act. Because he has not alleged conduct plausibly showing that the Doe defendants "engaged in a prohibited act or . . . failed to perform a requirement imposed by the FDCPA," they must be dismissed from the action. *Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT-RGV, 2010 U.S. Dist. LEXIS 10636, at *21 (N.D. Ga. Jan. 12, 2010) (quotations omitted), *adopted by* 2010 U.S. Dist. LEXIS (N.D. Ga. Feb. 5, 2010); *see also Anderson v. Deutsche Bank Nat'l Trust Co.*, 2012 U.S. Dist. LEXIS 122130, at *12 (N.D. Ga. Aug. 6, 2012) (dismissing plaintiff's FDCPA complaint for failing to allege factual support for his allegations), *adopted by* 2012 U.S. Dist. LEXIS 122127 (N.D. Ga. Aug. 27, 2012).

In light of the foregoing, it is **RECOMMENDED** that Defendants' motion to dismiss claims against the Doe defendants be **GRANTED** and Plaintiff's claims (Counts III, IV, V, and VI) against the Doe Defendants be **DISMISSED**.

## III. <u>Plaintiff's FDCPA Claims Against LLH and Wagner (Counts I and II)</u>

"In enacting the FDCPA, Congress sought 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who

12

refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' " *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (quoting 15 U.S.C. § 1692(e)). "Accordingly, the FDCPA prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' as well as the use of 'unfair or unconscionable' means of collection." *Id.* (quoting 15 U.S.C. §§ 1692(e) and 1692f)). To prevail on an FDCPA claim, a plaintiff must establish that:

> (1) [he has] been the subject of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Frazier v. Absolute Collection Serv.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2010) (quoting *Buckley*, 2010 U.S. Dist. LEXIS 10636, at *21), *adopted by* 767 F. Supp. 2d 1354, 1359 (N.D. Ga. 2011).

Plaintiff alleges that Defendants are debt collectors under the FDCPA. (Doc. 1 at ¶ 41). Defendants do not dispute this characterization on reply as to Defendants LLH or Wagner. (*See generally* Doc. 10). Additionally, Plaintiff alleges that HOA "is a creditor within the meaning of the FDCPA," (Doc. 1 at ¶

13

39), and Defendants do not dispute this characterization either, as it relates to Defendants Wagner and LLH. (*See generally* Doc. 5).

Plaintiff alleges in Counts I and II that Wagner and LLH violated the FDCPA as follows: (1) Defendants "violated 15 U.S.C. § 1692g(b) by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor," (Doc. 1 at ¶¶ 34(a), 42(a)); (2) Defendants "violated 15 U.S.C. § 1692c(b) by communicating with third parties without Plaintiff's prior consent," (*id.* at ¶¶ 34(b), 42(b)); (3) Defendants "violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt," (*id.* at ¶¶ 34(c), 42(c)); (4) Defendants "violated 15 U.S.C. § 1692e(2)(B) by falsely representing the services rendered in the collection of the alleged debt," (*id.* at ¶¶ 34(d), 42(d)); and (5) Defendants "violated 15 U.S.C. § 1692e(8) by failing to communicate that Plaintiff disputes the alleged debt." (*Id.* at ¶¶ 34(e), 42(e)).

### A. 15 U.S.C. § 1692g(b)

15 U.S.C. § 1692g(b) "provides that, if a consumer notifies a debt collector within 30 days of receipt of an initial communication regarding collection of a debt that the debt is disputed, the debt collector must 'cease collection of the debt' until it 'obtains verification of the debt, or a copy of a judgment, or the name and

14

address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.' " *Anderson v. Frederick J. Hanna & Assocs.*, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005). "Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Id.* (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)).

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) "by failing to cease collection of the disputed debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor." (Doc. 1 at ¶¶ 34(a), 42(a)). Specifically, Plaintiff summarily alleges that "Defendants have never provided proof that Plaintiff owed $350.00 to [SVFHOA] on June 19, 2015." (Doc. 1 at ¶ 26). Defendants argue that the July 8 letter to Plaintiff satisfied their obligation to verify the debt by providing a statement of what was owed and a copy of SVFHOA's ledger, which lists SVFHOA as the original creditor, and itemizes the $430.00 demanded into $350.00 for unpaid homeowners association fees and $80.00 in collection fees. (Doc. 5 at 14-15; *see also* Doc. 1-1 at 17-18). Defendants further insist that the FDCPA only requires a debt collector to verify the debt once. (*Id.* at 10).

15

The record illustrates that Defendants satisfied their obligation to verify the debt as the FDCPA requires. As they point out in their motion to dismiss, in response to Plaintiff's June 25 letter demanding a verification of the debt, Defendants' July 8 letter stated that Plaintiff owed $430.00 to SVFHOA and provided Plaintiff with a copy of SVFHOA's ledger confirming the amount Plaintiff owed and the original creditor, SVFHOA. (Doc. 5 at 17). As a result, by "confirming in writing that the amount being demanded is what the creditor is claiming is owed," Defendants satisfied their statutory obligation to verify the amount they initially demanded, just as Plaintiff requested. *Anderson*, 361 F. Supp. 2d at 1383.

This letter also appears to have satisfied Defendants' requirement to provide Plaintiff with the identity of the original creditor, since it confirmed that SVFHOA was the entity to whom Plaintiff owed money. (*See* Doc. 1-1 at 15-18). By confirming the identity of the original creditor, (*see id.* at 15), the letter also comports with § 1692g(b)'s requirement to provide the consumer with creditor information. Defendants had no affirmative obligation to provide Plaintiff with the address of SVFHOA because, as Defendants suggest, (*see* Doc. 5 at 17), Plaintiff did not request the creditor's address, (*see generally* Docs. 1-1 at 14; 9-3; 9-6; 9-9), which would have triggered the requirement for Defendants to provide him with it.

16

*See* 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector that . . . the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains . . . the name and address of the original creditor."). The Act does not allow a consumer to fail to request a creditor's address, then sue for not receiving it. According to the record then, Defendants' July 8 letter satisfied all of the obligations Defendants had under § 1692g(b) to verify the initial debt Plaintiff disputed and to provide Plaintiff with the creditor information that he requested. Plaintiff has thus failed to allege conduct demonstrating that Defendants violated the FDCPA by failing to verify the initial $350.00 amount. (*See generally* Doc. 9).

Plaintiff did not respond to Defendants' contention concerning their July 8 verification of debt. Instead, Plaintiff (through his counsel) alleges that Defendants failed to verify the $1,399 demanded by their January 19 letter in response to Plaintiff's January 26, 2016 letter in which he disputed that debt. (Doc. 9 at 14; *see also* Docs. 9-8; 9-9).

That claim fails because Defendants' February 4 letter to Plaintiff includes an itemization of the total debt amount SVFHOA claimed Plaintiff owed to it on January 19 including a Detail Delinquency Report and an attorney's fee statement. (*See* Doc. 9-10). In his response, Plaintiff makes much of the fact that Defendants'

17

February 4 letter demanded additional amounts due. That emphasis is misplaced. Defendants' February 4 letter directly "confirm[ed] in writing that the amount being demanded is what the creditor [was] claiming [was] owed," in the previous letter, regardless of the amount new amount demanded from the subsequent debt that had accrued since January. *Anderson*, 361 F. Supp. 2d at 1383. Defendants thus satisfactorily verified the debt they demanded from Plaintiff in their January 19 letter, and Plaintiff's contentions in his response to the motion to dismiss are without merit.

Consequently, Plaintiff has not alleged conduct demonstrating that Defendants failed to verify the underlying debt or failed to provide the identity of the original creditor before continuing collection efforts in violation of § 1692g(b). *See, e.g., Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1213 (N.D. Ga. 2007) (dismissing plaintiff's § 1692g claim against defendant law firm for failing to allege conduct that states a violation of that provision); *cf. Anderson*, 361 F. Supp. 2d at 1383 (finding that defendant debt collectors violated § 1692g by filing a lawsuit after plaintiff had requested verification of the debt and without providing any verification). Because Plaintiff has failed to set forth allegations demonstrating a violation of § 1692g(b)'s requirement that debt collectors verify the debt and provide creditor information before continuing collection efforts, the

undersigned **RECOMMENDS** that the motion to dismiss those claims against Defendants Wagner and LLH be **GRANTED** and Plaintiff's claims under that section be **DISMISSED**.

### B. 15 U.S.C. § 1692c(b)

15 U.S.C. § 1692c(b) provides:

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

In his complaint, Plaintiff appears to allege that the notice of lien and the lawsuit filed by Defendants in an attempt to collect on Plaintiff's debt violated § 1692c's prohibition on unconsented-to communications with third parties, since this is the only act Defendants engage in that Plaintiff cites as a "communication." (Doc. 1 at ¶¶ 29, 37). Defendants move to dismiss this claim on the basis that (1) noticing a lien against a consumer is expressly allowed by courts in this jurisdiction interpreting the Act, and (2) "[t]he FDCPA does not prohibit a law firm from filing a collection lawsuit on behalf of its client once a consumer's debt has been verified." (Doc. 5 at 18). As with his claims above, Plaintiff does not address Defendants' counter-argument in his response to their motion to dismiss.

19

(*See generally* Doc. 9).

Defendants are accurate in maintaining that the sole acts of filing a notice of lien and a lawsuit are not prohibited third party communications under the Act. First, as Defendants correctly point out in their motion to dismiss, the Eleventh Circuit has expressly recognized a debt collector's right to cause a lien to be recorded against consumers in an attempt to collect on the debt. *See Shimek v. Forbes*, 374 F.3d 1011, 1013 (11th Cir. 2004) ("Under Georgia law, the filing of a lien by a creditor is a necessary step for securing payment of a debt."). Considering the noticing of a lien a prohibited third party communication is squarely at odds with the Act's authorization of the initiation of a lien as a legitimate debt collection activity in the Eleventh Circuit. The undersigned refuses to find that the statute authorizes the noticing of a lien in one of its provisions, only to prohibit the same activity under a different provision. Defendants' recording of a lien against him is not, therefore, a prohibited third party communication under the FDCPA.

Similarly, Plaintiff's argument that Defendants took part in prohibited communications by the sole act of filing a lawsuit against him has no merit. Plaintiff has cited no authority—nor is this Court aware of any—for the proposition that the sole act of filing a lawsuit against a debtor is a third-party

communication prohibited by the statute.  As Defendants suggest, that reading of
the Act would lead to an absurd result in which debt collectors would have no legal
recourse, since no rational debtor would consent to being sued.  (*See* Doc. 5 at 19).
Plaintiff has thus failed to show that Defendants' filing of a lawsuit to collect on
his delinquent debt fits within the Act's prohibited third party communications.
*See Acosta v. Campbell*, 309 F. App'x 315, 320-21 (11th Cir. 2009) (reasoning that
communications regarding foreclosure proceedings do not violate § 1692c(b)
because "the communication was not for the purpose of harassing or embarrassing
[plaintiff], nor did it jeopardize his employment"); *Champion v. Target Nat'l Bank,
N.A.*, No. 1:12-CV-04196-RLV-WEJ, 2013 U.S. Dist. LEXIS 188123, at *22-23
(N.D. Ga. Mar. 22, 2013) (citing *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir.
2003) (dismissing plaintiff's claim that a motion to transfer filed in state magistrate
court constituted a prohibited act under the FDCPA because "types of contact that
occur strictly within the bounds of a legal action" cannot be considered
"communication" under the FDCPA) a*dopted by* 2013 U.S. Dist. LEXIS 188122
(N.D. Ga. Apr. 15, 2013); *DONN v. Leo Benitez & Benitez & Assocs.*, 176 F. Supp.
2d 1301, 1305 (M.D. Fla. Dec. 17, 2001) ("There is no indication whatsoever that
Congress considered state law legal remedies to be 'abusive[.]' "); *Cohen v.
Wolpoff & Abramson, LLP*, No. 08-1084 (SRC), 2008 U.S. Dist. LEXIS 77052, at

21

*14 (D.N.J. 2008) (dismissing plaintiff's claim that defendants engaged in prohibited third party communications by initiating arbitration to collect debt because "Congress intended that the FDCPA preserve creditors' judicial remedies") (citing *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (in dictum)); *cf. Taylor*, 510 F. Supp. 2d at 1206 ("[A] debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.").

Furthermore, regardless of Plaintiff's ability to prevail on the merits of this claim, he has abandoned it by failing to respond to it in his response to the motion to dismiss. *See Jordan v. PHH Mortg. Corp.*, No. 1:10-CV-0967-TWT-CCH, 2010 U.S. Dist. LEXIS 128854, at *9-10 (N.D. Ga. Nov. 5, 2010) (explaining that the defendant's motion to dismiss could be granted because the plaintiff's response to the motion "fail[ed] to challenge, or even mention, the merits of any of Defendant's 12(b)(6) arguments") *adopted by* 2010 U.S. Dist. LEXIS 128858 (N.D. Ga. Dec. 3, 2010); *Reshaw v. Select Portfolio Servicing, Inc.*, No. 3:14-CV-00121-TCB-RGV, 2014 U.S. Dist. LEXIS 190046, at *15, n. 11 (N.D. Ga. Nov. 13, 2014) ("When a party fails to respond to an argument or otherwise address a claim in a response to a motion to dismiss, the Court deems such argument or

claim abandoned.") (quoting *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001)); *Moreno v. Turner*, No. 1:13-CV-01518-RLV-JCF, 2013 U.S. Dist. LEXIS 192826, at *23 (N.D. Ga. Dec. 19, 2013) (recommending dismissal of plaintiff's claim as abandoned because he "failed to address that claim in response to Defendants' motion") *adopted by* 2014 U.S. Dist. LEXIS 189504 (N.D. Ga. Jan. 13, 2014).

Accordingly, the undersigned **RECOMMENDS** that the motion to dismiss the claim that Defendants communicated with third parties in violation of the FDCPA be **GRANTED** and Plaintiff's § 1692c(b) claims against Wagner and LLH be **DISMISSED**.

### C. 15 U.S.C. § 1692e(2)(A)

Plaintiff alleges that Defendants "violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt." (*See* Doc. 1 at ¶¶ 34, 42). Defendants move to dismiss Plaintiff's § 1692e(2)(A) claim on the basis of Plaintiff's failure to allege "any facts that Defendants falsely misrepresented the character, amount, or legal status of his debt," and that the recovery in state court of the debt amount sought shows that it was not misrepresented. (Doc. 5 at 20).

"Section 1692e of the FDCPA provides that '[a] debt collector may not use

23

any false, deceptive, or misleading representation or means in connection with the collection of any debt.' " *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).   The Eleventh Circuit employs the " 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA." *LeBlanc*, 601 F.3d at 1194 (quoting *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172 (11th Cir. 1985)).   "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Jeter*, 760 F.2d at 1177.

Plaintiff responds to Defendants' motion to dismiss this claim by alleging that Defendants' use of differing figures in their letters to him misrepresented the what he actually owed.   (*See* Doc. 9 at 10-14).   First, Plaintiff argues that Defendants misrepresented the collection fees they charged him:

> As described above, the Detail Delinquency Report attached to their February 4, 2016 letter did not list any charges for $80.   However, the invoice for [Defendants'] attorney's fees and expenses, which was attached to the letter, listed two $80 charges[.] . . . Thus, the $80 charges are attorney's fees, even though they are not described or characterized as attorney's fees in the documents [Defendants] provided to Plaintiff, and thus falsely represent the character, amount, or legal status of a debt, and constitute a violation of § 1692e(2)(A).

(*Id.* at 12).

Second, Plaintiff argues that Defendants' February 4 letter also

24

misrepresents the character of the debt:

> The "Detail Delinquency Report" discussed above, which accompanied [Defendants'] February 4, 23016 letter, reflected a total due of $980[.] . . . Defendants . . . also enclosed their invoice for attorney's fees and expenses through February 4, 2016 in the amount of $601.50. These amounts total $1,581.50, although they represented [in their letter] the amount that Plaintiff owed as $1,588.50. Consequently, [Defendants'] misrepresentation to Plaintiff regarding the amount owed violates § 1692e(2)(A) because it misstates the character, amount, or legal status of his debt."

(*Id.* at 13-14).

Plaintiff's allegation that the demands for differing amounts contained in the letters sent by Defendants constituted false representation of the character of the debt is without merit. The different amounts sought by Defendants were indicative of the interest and mounting collection fees on top of the unpaid principal due to SVFHOA. The language in those letters explained the amount of the increase and its cause by notifying Plaintiff that "all unpaid installments of your annual assessment will be accelerated and become immediately due" and that additional amounts would be added to the total for attorney's fees and costs. (*See, e.g.,* Doc. 1-1 at 16-18). Additionally, Plaintiff's HOA declaration gave him notice that SVFHOA had the discretion to levy late fees, interest, and attorney's fees on unpaid assessments. (*See* Doc. 9-1 at ¶ 4.6). On top of all this, Defendants periodically provided Plaintiff, in their collection letters, itemizations of the amounts Plaintiff owed. (*See* Docs. 9-10 at 2-3; 1-1 at 17-18). The least

25

sophisticated consumer, armed with a "quotient of reasonableness," would understand, from the language in Defendants' letters and the notice provided in the HOA declaration, that an unpaid HOA assessment would increase to a different and larger amount as nonpayment continued, interests accrued, additional installments of homeowners association assessments became due, and attorneys were forced to continue collection efforts. *LeBlanc*, 601 F.3d at 1194 ("The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.") (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993)). The least sophisticated consumer would also know that if collection fees were not listed in a delinquency report provided by a debt collector, those amounts might be listed in the next page of the communication under attorney's fees and be qualified as such, especially if they were expressly authorized by underlying agreements between the parties that, as here, had been attached by the debt collector. *See Anselmi v. Shendell & Assocs., P.A.*, No. 12-61599-CIV-WILLIAMS, 2015 U.S. Dist. LEXIS 1548, at * 11 (S.D. Fla. Jan. 6, 2015) ("If the agreement expressly provides that a fee or costs may be imposed on the debtor, the imposition of a specific fee or cost will not violate the FDCPA.") (quoting *Gathuru v. Credit Control Servs., Inc.*, 623 F. Supp. 2d 113, 118 (D. Mass. 2009)).

26

Plaintiff has thus failed to demonstrate that his reading of the collection letters aligns with that of the least sophisticated consumer reading the "collection notice with some care," and thus has not alleged conduct resulting in Defendants' false representation of the amount owed. *LeBlanc*, 601 F.3d at 1194; *see also Brown v. Collection Servs. of Athens, Inc.*, No. 5:14-CV-156, 2014 U.S. Dist. LEXIS 176545, at *6 (M.D. Ga. Dec. 23, 2014) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)) (dismissing plaintiff's § 1692(2)(A) claim because the least-sophisticated consumer could read the charts debt collectors provided to determine the total amount he owed and "the Letter's characterization of the debt amount does not constitute an abusive practice the FDCPA was designed to prevent"); *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 644-45 (11th Cir. 2015) (debt collector did not violate § 1692e(2)(A) when it included estimated legal fees for services not yet rendered on collection notice); *cf. Schumann v. Oxford Law, LLC*, 2014 U.S. Dist. LEXIS 170083, at *9-10 (M.D. Fla. Dec. 9, 2014) (holding that issuing collection notices demanding increasing amounts of unreasonable collections and attorney's fees violated § 1692e(2)(A)).

Furthermore, Plaintiff's reliance on the minimally contradictory amounts ($1,581.50 in the invoice compared to $1,588.50 in their letter) in Defendants' communications is misplaced. A $15.00 discrepancy is simply too insignificant on

27

its own to state a violation under § 1692e because it could not have affected Plaintiff's behavior with regard to whether he knew he was supposed to pay the debt. *See In re McMillen*, 440 B.R. 907, 913 (Bankr. N.D. Ga. Nov. 12, 2010) (applying a materiality requirement to FDCPA claims); *Anselmi*, 2015 U.S. Dist. LEXIS 1548, at * 11 (finding that "only material representations constitute a violation of the FDCPA" for the purposes of § 1692e); *Stewart v. Bureaus Inv. Grp., LLC*, No. 3:10-CV-1019-WKW, 2015 U.S. Dist. LEXIS 158523, at *49 (M.D. Ala. Nov. 24, 2015) ("To preserve the reasonableness of the FDCPA's application, courts should, in most cases, only impose liability where the misrepresentations at issue actually affect the consumer's behavior."). Further, Plaintiff has failed to show that such a discrepancy is indicative of the type of oversight that the Act is meant to prevent. *Cf. Gilmore v. Account Management, Inc.*, NO. 1:08-CV-1388, 2009 U.S. Dist. LEXIS 79508, at *19-21 (N.D. Ga. Apr. 27, 2009) (holding that debt collector violated § 1692(2)(A) when it reported double the amount owed to a consumer reporting agency), *adopted by* 2009 U.S. Dist. LEXIS 79321 (N.D. Ga. Aug. 31, 2009). In fact, Plaintiff's continued resistance to paying the debt, evidenced in the record by his repeated letters seeking validation and creditor information, shows that Defendants' conduct did not have a prejudicial effect on Defendant's remittance of payment. *See Gray v.*

28

*CitiMortgage, Inc.*, No. 1:12-CV-3287-TCB-JSA, 2013 U.S. Dist. LEXIS 193534, at *21 (N.D. Ga. Dec. 9, 2013) (noting that plaintiff's "vigorous" resistance to defendants' efforts to foreclose suggested "that Defendants did *not* deceive Plaintiff").

Therefore, because Plaintiff has not alleged conduct demonstrating that Defendants falsely represented the debt Plaintiff owed to SVFHOA, Plaintiff's claim that Defendants violated 15 U.S.C. § 1692e(2)(A) should be dismissed. *See Budhi v. BAC Home Loans Servicing, L.P.*, 2012 U.S. Dist. LEXIS 67030, at *19 (N.D. Ga. Apr. 16, 2016) (dismissing plaintiff's claim under § 1692e(2) for failing to allege conduct "generating liability under that section"); *In re McMillen*, 440 B.R. at 913 (dismissing debtor's complaint for failing to state conduct "constitut[ing] the type of abusive conduct prohibited under the FDCPA).

Accordingly, it is **RECOMMENDED** that the motion be **GRANTED** as to Plaintiff's claims that Wagner and LLH falsely represented the character, amount, or legal status of the debt, and that Plaintiff's claims under 15 U.S.C. § 1692e(2)(A) be **DISMISSED**.

### D. <u>15 U.S.C. § 1692e(2)(B)</u>

Plaintiff also claims that Defendants "violated 15 U.S.C § 1692e(2)(B) by falsely representing the services rendered in the collection of the alleged debt."

(Doc. 1 at ¶¶ 34(d), 42(d)). 15 U.S.C. § 1692e(2)(B) prohibits "the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." As well as prohibiting "the services rendered" by a debt collector, the FDCPA "prohibits the false representation of any compensation which may be lawfully received by any debt collector for the collection of a debt." *Prescott*, 635 Fed. App'x at 645 (quoting 15 U.S.C. § 1692e(2)(B)) (quotations omitted). Defendants argue that Plaintiff has failed to state a claim under § 1692e(2)(B) because "Plaintiff's Complaint asserts no facts to support this claim." (Doc. 5 at 20). Aside from incorporating all the previous facts into his counts against Defendants, Plaintiff has not provided any detail to support his claim that Defendants falsely represented the services they were rendering or the compensation they could lawfully receive as debt collectors. (*See* Doc. 1 at ¶¶ 28-35, 36-43). With no facts to support this claim, it must be dismissed.

Additionally, Plaintiff does not respond to Defendants' argument that he has failed to allege conduct resulting in a violation, suggesting that he has abandoned this claim. (*See generally* Doc. 9). In any event, the exhibits attached to Plaintiff's complaint reveal that his claim under this provision fails on the merits. At the outset, Defendants clearly set forth to Plaintiff that they were operating as debt

collectors, pursuing unpaid HOA assessments on behalf of SVFHOA. (*See* Doc. 1-1 at 12). Additionally, in Defendants' first communication with Plaintiff, they note that continued nonpayment will result in assessments of attorney's fees and costs. (*See* Doc. 1-1 at 12). Attorney's fees and collection costs for unpaid homeowner's association assessments are expressly permitted under Georgia law. *See* O.C.G.A. § 44-5-60(e). Further, as Defendants point out in their motion to dismiss, the underlying state court judgment in this matter deemed Defendants' requested attorney's fees and costs arising from their collections efforts reasonable and ordered Plaintiff to pay them. (*See* Doc. 9-12 at 5). Thus, Plaintiff does not allege facts plausibly suggesting that Defendants violated § 1692e(2)(B) by falsely represented the services they rendered. *See Chiche v. State Bank and Trust*, No. 1:13-CV-02488-RWS-AJB, 2014 U.S. Dist. LEXIS 185342, at *21 (N.D. Ga. Jan. 14, 2014) (quoting *Twombly*, 556 U.S. at 678) (" '[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' "), *adopted by* 2014 U.S. Dist. LEXIS 185342 (N.D. Ga. Feb. 5, 2014).

Because Plaintiff has failed to allege conduct demonstrating that Defendants Wagner and LLH falsely represented the services rendered, the undersigned finds that Plaintiff has not stated a plausible claim under § 1692e(2)(B). It is therefore

31

**RECOMMENDED** that the motion be **GRANTED** as to Plaintiff's claims that Wagner and LLH violated 15 U.S.C. § 1692e(2)(B), and that those claims be **DISMISSED**.

### E. <u>15 U.S.C. § 1692e(8)</u>

It is a violation of the FDCPA to communicate, or threaten to communicate, "to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Plaintiff alleges that Defendants violated § 1692e(8) by failing to "identify the debt as disputed" in the notice of lien they caused to be recorded and in the underlying collections lawsuit they initiated. (Doc. 1 at ¶¶ 19, 25, 34(e), 42(e)). Defendants moves that this Court dismiss those claims because "the FDCPA does not place any such requirement on Defendants." (Doc. 5 at 21). Plaintiff has not responded to that argument. (*See generally* Doc. 9). Because Plaintiff has failed to respond to Defendants' arguments or otherwise address his claims under § 1692e(8) in response to Defendants' motion to dismiss, he has abandoned those claims. *See, e.g., Champion*, 2013 U.S. Dist. LEXIS 188123, at *19 (dismissing Plaintiff's claim that Defendants debt collector violated § 1692e(8) by filing a complaint in a state magistrate court because Plaintiff failed to respond to defendant's argument that that provision does not apply to the filing of

32

lawsuits) (citing *Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D.Ga. 2004), *aff'd*, 116 F. App'x 253 (11th Cir. 2004)).

Because Plaintiff has abandoned his claim that Defendants failed to communicate Plaintiff's debt as disputed, the undersigned finds that his complaint does not state a claim under § 1692e(8). As a result, it is **RECOMMENDED** that that the motion be **GRANTED** as to the claims that Wagner and LLH violated 15 U.S.C. § 1692e(8), and that Plaintiff's claims under that section be **DISMISSED**.

### Conclusion

In light of the foregoing, it is **RECOMMENDED** that Defendant's motion to dismiss (Doc. 5) be **GRANTED** as to all claims and that those claims be **DISMISSED**.

**IT IS SO REPORTED AND RECOMMENDED** this 21st day of October, 2016.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge