## Brandon D. Wagner

| | |
|---|---|
| **From:** | Brandon D. Wagner |
| **Sent:** | Monday, February 20, 2017 3:39 PM |
| **To:** | Glenn Heagerty |
| **Cc:** | Tamacca Harrison |
| **Subject:** | RE: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions |

Mr. Heagerty,

With all due respect, my job is not to educate you on the law. You have chosen to litigate this case as a pro se litigant. While that is certainly you right, it does not create an additional burden on me to explain the law and its applicability to you. I will tell you, however, that post judgment discovery, which is governed by OCGA 9-11-69 is discovery to be used in aid of a judgment. All of the questions propounded are designed to identify assets that may be subject to garnishment or levy.

As one last courtesy, we will hold off on filing the Motion to Compel tomorrow provided that you have EMAILED me complete and non-evasive responses to all of Plaintiff's post judgment discovery requests by close of business tomorrow.



**Brandon D. Wagner**
Attorney at Law

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Saturday, February 18, 2017 11:27 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

I based my responses on my interpretation of O.C.G.A. 9-11-69(you referenced in your cover letter) which permits discovery in the aid of a writ or judgment. Since there was no writ and the judgment was already granted and the court had not issued orders otherwise, I objected. Maybe I used the wrong language or method. I

EXHIBIT
11

1

I do not see the relevance of O.C.G.A. 9-11-62(a) to the discovery requests. I will research enforcement versus execution.

If you can let me know by Monday close of business whether the discovery requested is in aid of the judgment or execution, I will be able to get responses to interrogatorries in the mail Tuesday morning. The production of documents will take a few days more. There's no need to waste the court's time on a motion to compel. We are conferring.

As to your feelings, opinions, and perceptions of me and how I have tried to defend myself, I hope you can find peace of mind.

Glenn Heagerty


Sent: Friday, February 17, 2017 at 2:43 PM

From: "Brandon D. Wagner" <BWagner@luederlaw.com>
To: "Glenn Heagerty" <gascfc16sc0149a@mail.com>
Cc: "Tamacca Harrison" <tharrison@luederlaw.com>
Subject: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply. Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day. Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.

I suggest you take a look at OCGA 9-11-62 (a). I think you are conflating execution of judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.

You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.



**Brandon D. Wagner**
Attorney at Law

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

2

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

*[illegible confidentiality notice]*

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions to the discovery requests. I will be quite specific about each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.

I look forward to your response,

Glenn Heagerty

3

**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses. You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment. Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses. Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment. We have previously provided you with the Association's 2017 budget and your assessment calculation. Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00. Therefore, it is properly due at this time. Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed. You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it. So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery. Please not respond to this email with any further argument; either you will comply or you won't. We do not need to have another lengthy discussion concerning these matters via email.

Regards,

**Brandon D. Wagner**
Attorney at Law

4

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

*[illegible faded confidentiality notice block]*

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty