IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY, JR. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 2:16-cv-0099-WCO |
| LUEDER, LARKIN & HUNTER, LLC, : | |
| BRANDON D. WAGNER, : | |
| JOHN OR JANE DOE #1, a/k/a LPC, : | |
| JOHN OR JANE DOE #2, a/k/a SLR : | |
| or SR, JOHN OR JANE DOE #3, : | |
| a/k/a THA, and JOHN OR JANE : | |
| DOE #4, a/k/a TLH, : | |
| : | |
| Defendants. : | |

## ORDER

The court has before it for consideration defendants Lueder, Larkin & Hunter, LLC; Brandon D. Wagner; and John or Jane Does 1 to 4's motion for Rule 11 sanctions [15]. Plaintiff Glenn M. Heagerty has filed a brief in opposition. The court heard evidence on this matter on January 27, 2017. For the reasons that follow, the court will grant defendants' motion for sanctions.

This case stems from collection activities initiated by defendant Lueder, Larkin & Hunter, LLC and one of its attorneys, Brandon D. Wagner, against plaintiff regarding past due homeowners association fees. After attempting to collect the alleged debt for some period of time, the homeowners association, represented by



EXHIBIT
12

defendant law firm, filed a collection lawsuit against plaintiff in the State Court of Forsyth County on March 7, 2016.[1] Defendants allege that plaintiff responded by filing a bar grievance against the assigned collections attorney and threatening to file complaints with the Consumer Financial Protection Bureau and the Governor's Office of Consumer Affairs. (*See* Mot. for Sanctions 2, ECF No. 15.)[2]

Ultimately, proceeding *pro se*, plaintiff filed this action on May 17, 2016, seeking damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, plaintiff alleged that defendants, in attempting to collect past due homeowners association fees, violated the FDCPA by, *inter alia*, "failing to cease collections . . . without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor." (*See* Compl. ¶¶ 34, 42, 50, 58, 66, 74, ECF No. 1.) Attached to the complaint, however, plaintiff includes a letter from defendant Brandon D. Wagner dated July 8, 2015, which verifies plaintiff's debt via ledger from the homeowners association. (Ex. 1 to Compl. A16–18, ECF No. 1-1.)

---

[1] On June 10, 2016, the state court granted summary judgment in favor of the homeowners association against Heagerty.

[2] In further support of plaintiff's litigious nature, defendants point out two other cases he has recently filed in this court. *See* Complaint, Heagerty v. Ocwen Loan Servicing LLC et al., No. 2:14-cv-132-WCO (N.D. Ga. July 18, 2014), ECF No. 1 (alleging violations under the Fair Credit Reporting Act); Complaint, Heagerty v. Brock & Scott, PLLC, No. 2:16-cv-201-WCO (N.D. Ga. Aug. 23, 2016), ECF No. 1 (alleging violations under the Fair Debt Collection Practices Act). These cases appear to arise in a similar posture—namely, plaintiff's suing individuals and entities in an attempt to evade and intimidate his way out of financial obligations.

In response to the lawsuit, defendants filed a motion to dismiss on June 29, 2016. That same day, defendants also mailed a letter to plaintiff demanding that he dismiss his frivolous lawsuit within 21 days or defendants would seek sanctions in the form of attorney's fees ("safe harbor letter"). (Ex. B to Lueder Aff., ECF No. 15-1.) In a final report and recommendation ("R&R") dated October 21, 2016, the magistrate judge recommended granting defendants' motion to dismiss,[3] and the court adopted this recommendation on November 15, 2016. Thereafter, defendants filed their motion for sanctions against plaintiff.

In their motion, defendants argue that plaintiff frivolously pursued this action under the FDCPA despite proper debt verification by defendants and that he improperly sued paralegals and secretarial support staff whose initials appeared on the letter correspondence but who had no active role in the collection. (Mot. for Sanctions 2–5, ECF No. 15.) As a result, defendants claim substantial unnecessary cost from defending this litigation or, in the alternative, lost income from hours they were otherwise unable to bill to clients. *Id.* Plaintiff, who is now represented by counsel, argues in response that defendants have failed to carry their burden for sanctions, which requires them to allege "specific [sanctionable] conduct" under Rule 11(c)(2),

---

[3] With respect to the various Doe defendants, the magistrate noted that plaintiff had failed to allege specific facts against them, identify them properly, or respond to arguments concerning them made in defendants' motion to dismiss. (R&R 9–12, ECF No. 11.)

3

and that plaintiff's claims filed *pro se*, although lacking merit, are not subject to sanctions. (*See generally* Resp. in Opp'n to Mot. for Sanctions, ECF No. 16.)

Federal Rule of Civil Procedure 11 provides the following in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances*:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*See* FED. R. CIV. P. 11(b) (emphasis added).  If an opposing party believes that a filing has violated one of these principles, that party may move for sanctions 21 days after notifying the filing party of "specific conduct that allegedly violates Rule 11(b)." *See* FED. R. CIV. P. 11(c)(2).  This is commonly known as the "safe harbor" provision.

4

In this case, it is undisputed that defendants sent plaintiff a safe harbor letter. (*See* Ex. B to Lueder Aff., ECF No. 15-1.) Plaintiff disagrees only as to whether the letter sufficiently described conduct that defendants found to be worthy of sanctions. On review, the court finds that defendants sufficiently outlined grounds consistent with Rule 11 that plaintiff's "lawsuit against this firm and its employees is, in its entirety, frivolous and groundless." *Id.* Based on plaintiff's own attachment of the verification letter to the complaint and the circumstances surrounding this case, the court finds the same to be true.

It is clear that plaintiff filed this action for both an improper purpose and without a reasonable factual or legal basis. The contentions about his *pro se* status do nothing to change this conclusion. With *any* investigation, plaintiff knew or should have known that his contentions lacked any merit under the FDCPA. It is obvious to even the most casual observer that plaintiff filed this action in an effort to harass defendants and extort a settlement in, or as a countermeasure for, the action filed by the homeowners association in state court. This conclusion is also consistent with the character of plaintiff's other filings in this court. As such, the court will grant defendants' motion for sanctions.

Yet, under Eleventh Circuit precedent, "[b]ecause a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a

5

violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction." *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001). The circuit justified this principle by the fact that the word attorney "generally assumes some kind of agency (that is, attorney/client) relationship." *Id.* at 1303 (internal quotation marks omitted) (quoting *Ray v. U.S. Dep't of Justice*, 87 F.3d 1250, 1251 n.2 (11th Cir. 1996)). Here, plaintiff sued the defendant law firm, one of its attorneys, and several of its support staff. The attorney, Brandon Wagner, appears to have been the primary party handling the defense of this action. Defendant Wagner, while also representing the firm and support staff, was likewise representing himself. Thus, to the extent that his hours were spent defending claims against himself, authority would suggest awarding him attorney's fees for that time would be improper. *See id.*

The court recognizes that the current case is not directly on point, however, as there are multiple defendants instead of a single *pro se* defendant acting as his own attorney. Nonetheless, there does seem to be some overlap in principles that would suggest a reduction is appropriate here. *See DiPaolo v. Moran*, 277 F. Supp. 2d 528, 536 (E.D. Pa. 2003). *But see In re Affiliated Foods S.W., Inc.*, 472 B.R. 538 (E.D. Ark. 2012) ("While the court is not without sympathy for the time and efforts expended by [defendants], they are, however, no different than any other party represented by counsel who suffers loss in time and money as a result of unfounded litigation.").

In *DiPaolo v. Moran*, relying on the principle set forth in *Massengale*, the court allowed a defendant attorney to recover fees as a sanction but held that "he may not receive fees for defending himself." *See* 277 F. Supp. 2d at 536. The court went on to find that defendant "may be entitled to fees incurred for defending his law firm to the extent that they are not included in the time spent representing himself." *Id.* It reasoned that "by representing his law firm, [defendant] created an attorney-client relationship, thereby diminishing, if not eviscerating, the primary reasoning for the [principles set forth in *Massengale* and other circuit cases]." Here, in addition to himself, defendant Wagner represented both his firm and several of its support staff named in this law suit. Accordingly, this court will allow for an "incremental" or partial recovery of fees as a matter of sanctions. *See id.* Defendants' motion for sanctions [15] is hereby **GRANTED**. Defendants are awarded attorney's fees in the amount of $6,000.

IT IS SO ORDERED, this 21st day of March, 2017.

s/William C. O'Kelley
William C. O'Kelley
Senior United States District Judge

7