FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE
JUN 01 2018
CLERK SUPERIOR COURT

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC.,

Plaintiff,

v.

GLENN M. HEAGERTY,

Defendant.

CIVIL ACTION
FILE NO. 16SC-0149-A

## MOTION TO COMPEL DISCOVERY

COMES NOW, Sawnee View Farms Homeowners Association, Inc., Plaintiff in the above-captioned action, and respectfully shows the Court as follows:

**1.**

On June 10, 2016, judgment for the Plaintiff was rendered in this action against Defendant.

**2.**

On January 9, 2017, Plaintiff's Post-Judgment Interrogatories and Request for Production of Documents were served upon Defendant, as certified in Plaintiff's Rule 5.2 Certificate filed with the Court.

**3.**

More than 30 days have elapsed from the time that said Interrogatories and Request for Production were served upon Defendant.

1103-1100-4

EXHIBIT
19

**4.**

On or about February 9, 2017, Defendant served evasive, non-responsive discovery responses objecting to each and every question posed by Plaintiff. See Exhibit "1" attached hereto and incorporated herein by reference.

**5.**

On February 15, 2017, Plaintiff's counsel sent an email to Defendant, in compliance with Rule 6.4, requesting that Defendant provide meaningful responses to Plaintiff's Discovery. However, to date, Defendant has not provided any further discovery responses.

WHEREFORE, Plaintiff moves that an Order do issue, pursuant to O.C.G.A. §§ 9-11-69(2) and 9-11-37, compelling Defendant to answer the Post-Judgment Interrogatories heretofore served on him, and that said Defendant be required to pay the reasonable expenses incurred in obtaining this Order, including reasonable attorney's fees.

This 23 day of May, 2018.

Respectfully submitted,

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorneys for Plaintiff

5900 Windward Parkway Suite 390
Alpharetta, Georgia 30005
(770)-685-7000
1103-1100-4
A0231A4D7075C748

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC., PLAINTIFF, | CIVIL ACTION FILE NO: 16SC-0149-A |
| v. | |
| GLENN M. HEAGERTY, DEFENDANT | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

TO: Brandon D. Wagner, Esq., Lueder, Larkin, & Hunter, LLC, 5900 Windward Parkway, Suite 390, Alpharetta, GA 30005.

**RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 1 ANSWER: Defendant objects on the grounds that

EXHIBIT 1

1103-1100-4

process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 2 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 3 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 4 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 5 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 6 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 7 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 8 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69

(2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 9 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 10 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

INTERROGATORY NO. 11 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the interrogatory is improper.

Respectfully submitted this 9th day of February, 2017,


Glenn Heagerty.
2890 Willow Wisp Way
Cumming, GA 30040

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC., PLAINTIFF, | CIVIL ACTION FILE NO: 16SC-0149-A |
| v. | |
| GLENN M. HEAGERTY, DEFENDANT | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUESTS FOR PRODUCTION**

TO: Brandon D. Wagner, Esq., Lueder, Larkin, & Hunter, LLC, 5900 Windward Parkway, Suite 390, Alpharetta, GA 30005.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1103-1004

REQUEST NO. 1 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 2 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 3 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 4 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement

otherwise. Therefore the request is improper.

REQUEST NO. 5 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 6 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 7 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 8 ANSWER: Defendant objects on the grounds that process to

enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 9 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

REQUEST NO. 10 ANSWER: Defendant objects on the grounds that process to enforce the judgment is insufficient pursuant to O.C.G.A. § 9-11-69 (2016). No writ of execution has been issued and recorded nor has the Court directed enforcement otherwise. Therefore the request is improper.

Respectfully submitted this 9th day of February, 2017,

Glenn Heagerty.
2890 Willow Wisp Way
Cumming, GA 30040

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC., PLAINTIFF, | CIVIL ACTION FILE NO: |
| v. | 16SC-0149-A |
| GLENN M. HEAGERTY, DEFENDANT | |

**RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that in compliance with *Rule 5.2 of the Uniform State Court Rules*, I have this day served Plaintiff with a copy of **Defendant's Answer's to Plaintiff's Post-Judgment Interrogatorries** by regular mail by depositing same in the United States Mail with sufficient postage affixed thereon and addressed as follows:

1103-1100-4

Brandon D. Wagner, Esq.
c/o Lueder, Larkin & Hunter, LLC
5900 Windward Parkway
Suite 390
Alpharetta, GA 30005

Respectfully submitted this 9th day of February, 2017,


Glenn Heagerty.
2890 Willow Wisp Way
Cumming, GA 30040

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing has been served upon the opposing party by placing a copy of same in the U.S. Mail, proper postage affixed thereto, in envelopes addressed as follows:

Brandon D. Wagner, Esq.
Lueder, Larkin & Hunter, LLC
5900 Windward Parkway
Suite 390
Alpharetta, GA 30005

This 9th day of February, 2017.

Glenn Heagerty
2890 Willow Wisp Way
Cumming, GA 30040

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC., PLAINTIFF, | CIVIL ACTION FILE NO: |
| v. | 16SC-0149-A |
| GLENN M. HEAGERTY, DEFENDANT | |

**RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that in compliance with *Rule 5.2 of the Uniform State Court Rules*, I have this day served Plaintiff with a copy of **Defendant's Answers to Plaintiff's Post-Judgment Requests for Production** by regular mail by depositing same in the United States Mail with sufficient postage affixed thereon and addressed as follows:

Brandon D. Wagner, Esq.
c/o Lueder, Larkin & Hunter, LLC
5900 Windward Parkway
Suite 390
Alphararetta, GA 30005

Respectfully submitted this 9th day of February, 2017,

Glenn Heagerty.
2890 Willow Wisp Way
Cumming, GA 30040

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served upon the opposing party by placing a copy of same in the U.S. Mail, proper postage affixed thereto, in envelopes addressed as follows:

Brandon D. Wagner, Esq.
Lueder, Larkin & Hunter, LLC
5900 Windward Parkway
Suite 390
Alpharetta, GA 30005

This 9th day of February, 2017.

Glenn Heagerty
2890 Willow Wisp Way
Cumming, GA 30040

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC.,

Plaintiff,

v.

GLENN M. HEAGERTY,

Defendant.

CIVIL ACTION
FILE NO. 16SC-0149-A

**STATEMENT OF COMPLIANCE WITH**
**UNIFORM SUPERIOR COURT RULE 6.4(B)**

I, Brandon D. Wagner, Esq., counsel for plaintiff, hereby certify that on the day of February 15, 2017, prior to the filing of this Motion to Compel Discovery, I conferred Defendant, in a good faith effort to resolve the discovery dispute involved by sending a letter, a copy of which is attached hereto as Exhibit "A." The efforts to resolve by agreement the issues raised in this Motion have failed.

This 23 day of May, 2018.

Respectfully submitted,

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorneys for Plaintiff

5900 Windward Parkway Suite 390
Alpharetta, Georgia 30005
(770)-685-7000
1103-1100-4
A0231A4D7075C748

**Brandon D. Wagner**

**From:** Brandon D. Wagner
**Sent:** Monday, February 20, 2017 3:39 PM
**To:** Glenn Heagerty
**Cc:** Tamacca Harrison
**Subject:** RE: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty,

With all due respect, my job is not to educate you on the law. You have chosen to litigate this case as a pro se litigant. While that is certainly you right, it does not create an additional burden on me to explain the law and its applicability to you. I will tell you, however, that post judgment discovery, which is governed by OCGA 9-11-69 is discovery to be used in aid of a judgment. All of the questions propounded are designed to identify assets that may be subject to garnishment or levy.

As one last courtesy, we will hold off on filing the Motion to Compel tomorrow provided that you have EMAILED me complete and non-evasive responses to all of Plaintiff's post judgment discovery requests by close of business tomorrow.

**Brandon D. Wagner**
Attorney at Law

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Saturday, February 18, 2017 11:27 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

I based my responses on my interpretation of O.C.G.A. 9-11-69(you referenced in your cover letter) which permits discovery in the aid of a writ or judgment. Since there was no writ and the judgment was already granted and the court had not issued orders otherwise, I objected. Maybe I used the wrong language or method.

EXHIBIT
A

I do not see the relevance of O.C.G.A. 9-11-62(a) to the discovery requests. I will research enforcement versus execution.

If you can let me know by Monday close of business whether the discovery requested is in aid of the judgment or execution, I will be able to get responses to interrogatorries in the mail Tuesday morning. The production of documents will take a few days more. There's no need to waste the court's time on a motion to compel. We are conferring.

As to your feelings, opinions, and perceptions of me and how I have tried to defend myself, I hope you can find peace of mind.

Glenn Heagerty

**Sent:** Friday, February 17, 2017 at 2:43 PM

**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply. Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day. Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.

I suggest you take a look at OCGA 9-11-62 (a). I think you are conflating execution of judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.

You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.

**Brandon D. Wagner**
Attorney at Law

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions to the discovery requests. I will be quite specific about each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.

I look forward to your response,

Glenn Heagerty

**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses. You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment. Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses. Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment. We have previously provided you with the Association's 2017 budget and your assessment calculation. Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00. Therefore, it is properly due at this time. Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed. You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it. So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery. Please not respond to this email with any further argument; either you will comply or you won't. We do not need to have another lengthy discussion concerning these matters via email.

Regards,

**Brandon D. Wagner**
Attorney at Law

LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC.,

Plaintiff,

v.

GLENN M. HEAGERTY,

Defendant.

CIVIL ACTION
FILE NO. 16SC-0149-A

**PLAINTIFF'S NOTICE OF FILING ORIGINAL INTERROGATORIES IN FIERI FACIAS AND REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Sawnee View Farms Homeowners Association, Inc. (the "Association"), Plaintiff in the above-referenced action, and files this Notice of Filing Plaintiff's Original Interrogatories in Fieri Facias and Request for Production of Documents. Concurrently with this Notice, Plaintiff has filed the original *Plaintiff's Interrogatories and Requests for Production of Documents to Defendant in Fi.Fa.*

These documents are being filed pursuant to O.C.G.A. § 9-11-29.1(a)(4).

This 23 day of May, 2018.

Respectfully submitted,

LUEDER, LARKIN & HUNTER, LLC

[signature]

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorneys for Plaintiff

5900 Windward Parkway Suite 390
Alpharetta, Georgia 30005
(770)-685-7000
1103-1100-4
A0231A4D7075C748

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC.,<br><br>Plaintiff, | |
| v. | CIVIL ACTION<br>FILE NO. 16SC-0149-A |
| GLENN M. HEAGERTY,<br><br>Defendant. | JUDGE LESLIE C. ABERNATHY-MADDOX |

**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT IN FI.FA.**

**TO:** Glenn M. Heagerty
2890 Willow Wisp Way
Cumming, Georgia 30040

You are hereby requested to serve upon the undersigned within the time provided in the applicable rules of civil procedure, pursuant to O.C.G.A.§ § 9-11-33, 9-11-33, and 9-11-69, answers to the attached written Interrogatories and Requests for Production of Documents, furnishing such information as is available to Defendant. Each request must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer.

These requests shall be deemed continuing to the extent required by Rule 26 of the applicable rules of civil procedure so as to require that your responses be supplemented in accordance with Rule 26 of said rules of civil procedure.

If you refuse to respond fully to any request, or any part thereof, under any claim of privilege, please specifically set forth the basis for your refusal.

If you produce business records pursuant to Rule 33 (c) of the applicable Rules of Civil Procedure in lieu of answering any interrogatory, specify in writing the business records from which the answer to the Interrogatory can be derived or ascertained in response to the interrogatory.

**DEFINITIONS**

(A)    As used herein, the word "person" shall include natural persons, individuals, corporations, firms, partnerships, proprietorships, associations or other organizations and entities. (B)    Whenever used in these Interrogatories, the term "Defendant," "you," or any synonym thereof, shall include and embrace in addition to all agents, servants, representatives, private investigators or others who are in a position for or may have obtained information for or on behalf of the Defendant.

(C)    Whenever the identity of a person is required in response to these Interrogatories, the identity of such person shall include:

      (1)    With respect to a natural person, that persons

            a)    Full name
            b)    Present employer or business affiliation,
            c)    Present title
            d)    Present business address
            e)    Present residence address
            f)    Present business telephone number, and
            g)    Present residence telephone number,

But if the information requested by items (1)(b) through (1)(g) is not obtainable, then the last known information with regard to the subject of items (1)(b) through (1)(g), specified as such; and

      (2)    With respect to persons other than natural persons,

            a)    Its full name,
            b)    The address of its principal office or place of business,
            c)    Its business telephone number, and
            d)    The identity of any officer(s), representative(s), agent(s) or employee(s), current or former, or person that has any knowledge or information pertaining to the subject matter of the particular Interrogatory.

(D)    The word "document" is used herein in its broadest sense to mean every book, document, or other tangible thing, without limitation the following items, whether printed, typed, recorded, photographed, filmed, or reproduced by any process, or written or produced by hand, and whether an original, master, duplicate or copy, namely: agreements; communications, whether inter-office, intra-office, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes; memoranda, summaries, minutes, records, sound recordings and transcription of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions and things similar to the foregoing; books, manuals, publications, notebooks, studies, and reports; charges; plans; photographs; reports and/or summaries of investigations; projections; opinions and reports of consultants; corporate records; agenda, notes, and minutes of Board of Directors, stockholders or committee meetings; desk calendars;

appointment books; diaries; diary entries and notes; and any other information containing paper, writing, or physical thing.

(E) Whenever the "identity" of a document is required by these Interrogatories, this means:

1) Either to produced, pursuant to the Request for Production of Documents, the original and every non-conforming copy of each document, and to designate as to each such document every Interrogatory to which it is deemed responsive; OR

2) To provide the following information, irrespective of whether you consider the document privileged or subject to any claim of privilege:

a) The title or other means of identification of each such document;
b) The date of the document, if dated;
c) A general description of the length and subject matter of the documents;
d) The name, address, telephone number, and employer of the author or
e) person who created, prepared, compiled, or otherwise authored the document;
f) The name, address, and telephone number of the person or persons who have custody or control of the original of each such document;
g) The name, address, and telephone number of the person or persons who have custody or control of any copy of each such document; and
h) Any privilege claimed with respect to such document or copy thereof, the nature of the privilege claimed and the facts or grounds supporting the purported claim or privilege.

(F) Use of either the singular or plural should not be deemed a limitation and the use of the singular should be construed to include, where applicable, the plural. The conjunctive form "and" and the disjunctive form "or" are mutually interchangeable and are meant to encompass each other. "Any, "all", "each" and "every" are mutually interchangeable and are meant to encompass each other.

**INTERROGATORIES**

1.

If anyone owes you any money, state the name and address of each such debtor; the amount owed; the form of the obligation; the date the obligation was incurred; the date the obligation becomes, or became, due and owing; the condition for payment of the obligation, if any; and the consideration given for the obligation.

2.

If you own any vehicle used as transportation on public streets, indicate the year, make, model, and license number of each such vehicle; the date of purchase; the purchase price of each

vehicle; for each vehicle, the name and address of each person or entity who has a lien on title; and the name and address of each person or entity who has made payments on the automobile.

3.

If you own a television, give a complete description of same; the date of purchase; the source of the funds used in the purchase; the estimated present value; the present location; and the name and address of each other person or firm with an ownership interest or lien on such item.

4.

If you own a couch or sofa, give a complete description of same; the date of purchase; the source of the funds used in the purchase; the estimated present value; the present location; and the name and address of each other person or firm with an ownership interest or lien on such item.

5.

If you own a computer, tablet, or laptop, give a complete description of same; the date of purchase; the source of the funds used in the purchase; the estimated present value; the present location; and the name and address of each other person or firm with an ownership interest or lien on such item.

6.

If you use a cell phone, give a complete description of same; the name of the service provider; the date of purchase or contract; the source of the funds used in the purchase or to pay the contract; the estimated present value; the present location; and the name and address of each other person or firm with an ownership interest or lien on such item.

7.

Identify each and every clothing item you own including, shoes, pants, shirts, suits, jackets, and/or hats and give a complete description of each clothing item; the date of purchase; the source of the funds used in the purchase; the estimated present value of each item; the present location; and the name and address of each other person or firm with an ownership interest or lien on such item

8

If you own any jewelry, give a complete description of same; the date of purchase; the source of the funds used in the purchase; the estimated present value; the present location of the item; and the name and address of each other person or firm with an ownership interest or lien on such item.

9.

If your own any real property within the state of Georgia, give a complete description of each parcel of property, state the address; the size; description of each building thereon, structure, or other improvement presently on the property; the method of acquisition of title; the date of acquisition; the name and address of the seller or person from whom title was acquired; the date and place the deed was recorded; the present location of the deed or other document of title; the name and address of each owner and the respective ownership interest of such owner; the purchase price; the portion of the purchase price paid in cash and the portion of the purchase price paid in case and the portion financed; the details of the financing; and the present balance on the purchase price.

10.

List all current sources of your income, giving the name and address of the source, the name and amount of payment, and the future payments you expect to receive from the source.

11.

Give the name, address, telephone number, and line of business of your present employer; state the position you hold; and describe the method and amount of payment.

## REQUESTS FOR PRODUCTION

The documents and things to be produced are to be as follows:

1.

Any and all records, documents, memoranda and correspondence relating to evidence of property, and/or interest in property, of every kind and character whatsoever owned by you, individually or with any other person or entity, including but not limited to any reversionary interests, deeds, stock certificates, bond, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, savings account passbooks, saving certificates and money market accounts for the period from 2010 to the present.

2.

Any and all warranty deeds, quitclaim deeds and deed to secure debt which name you as grantee or grantor, individually and/or jointly with any other person or entity, relating to any property in which the Defendant has, or had, any interest or equity for the period from 2010 to the present.

3.

Any and all records, documents, memoranda and correspondence, which evidence or relate to the ownership of any motor vehicles by you, including but not limited to, automobile tag registrations, certificates, automobile title certificates, and/or recreational vehicle tag registrations, titles or certificates, naming the Defendant, individually or jointly with any other person or entity, for the period from 2010 to the present.

4.

Any and all records, documents, memoranda and correspondence relating to any financial statements or net worth statements submitted by you to any bank, lending institution or any other entity for the period from 2010 to the present.

5.

Any and all life insurance policies, certificates on the life of any person, and all statements or other documents reflecting cash surrender values, and the balance of any and all loans paid in connection therewith, where you are named as a beneficiary or loss payee, for the period from 2010 to the present.

6.

Any and all documents, contracts, or proposed contracts relating to the sale or purchase of any goods or services by the Defendant for the period from 2010 to the present.

7.

Copies of any real estate tax bills, notices or assessments received by the Defendant for the period from 2010 to the present.

8.

Any and all records, documents, memoranda and correspondence relating to your financial affairs, including but not limited to profit and loss statements, financial statements, account ledgers and balance sheets, for the period from 2004 to the present.

9.

Any and all copies of income tax returns, corporate tax returns, sales and use tax returns, and/or intangible tax returns, filed by you, individually or jointly with any other person or entity, with the federal, state or municipal governments, for the period from 2010 to the present.

10.

Any and all records, documents, memoranda, and correspondence which relate to any assets owned, controlled or possessed by you for the period from 2010 to the present.

This 6 day of January, 2017.

LUEDER, LARKIN & HUNTER, LLC

By: [signature]
Brandon D. Wagner, Esq.
Georgia Bar No. 768064

5900 Windward Parkway
Suite 390
Alpharetta, Georgia 30005
(770) 685-7000

FILED IN OFFICE
2017 JAN 11 AM 9:45
GREG G. ALLEN, CLERK
SUPERIOR & STATE COURT
FORSYTH COUNTY, GEORGIA

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLENN M. HEAGERTY,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 16SC-0149-A<br><br>JUDGE LESLIE C. ABERNATHY-MADDOX |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that in compliance with *Rule 5.2* of the *Uniform State Court Rules*, I have this day served Defendant(s) with a copy of the foregoing **Plaintiff's Post Judgment Interrogatories and Requests for Production** to Defendant, **Glenn M. Heagerty** by regular mail by depositing same in the United States Mail with sufficient postage affixed thereon and addressed as follows:

Glenn M. Heagerty
2890 Willow Wisp Way
Cumming, Georgia 30040

This 9 day of January, 2017.

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorney for Plaintiff

5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
770-685-7000

16SC-0149-A
CERSVC
Certificate of Service
1279528

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing has been served upon all parties, by mailing a copy of same to them by depositing same in the United States mail in a properly addressed envelope with adequate postage affixed as follows:

Glenn M. Heagerty
2890 Willow Wisp Way
Cumming, Georgia 30040

This 9 day of January, 2017.

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorney for Plaintiff

5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
770-685-7000

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>FILE NO. 16SC-0149-A |
| GLENN M. HEAGERTY, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Plaintiff's *Motion to Compel Discovery, Statement of Compliance with Uniform Superior Court Rule 6.4(B), and Notice of Filing Original Interrogatories in Fieri Facias and Request For Production of Documents* has been served upon all parties, by mailing a copy of same to them by depositing same in the United States mail in a properly addressed envelope with adequate postage affixed as follows:

Glenn M. Heagerty
2890 Willow Wisp Way
Cumming, Georgia 30040

This 29 day of May, 2018.

Respectfully submitted,

LUEDER, LARKIN & HUNTER, LLC

Brandon D. Wagner, Esq.
Georgia Bar No. 768064
Attorneys for Plaintiff

5900 Windward Parkway Suite 390
Alpharetta, Georgia 30005
(770)-685-7000
1103-1100-4
A0231A4D7075C748