IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION INC, | ) ) ) |
| Plaintiff, | ) Case No.: 16SC-0149-A ) |
| v. | ) RESPONSE TO PLAINTIFF'S MOTION ) TO COMPEL DISCOVERY |
| GLENN M HEAGERTY, | ) ) |
| Defendant. | ) ) ) |

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant GLENN M. HEAGERTY responds to Plaintiff's motion to compel discovery and states as follows:

### STATEMENT OF MATERIAL FACTS

Defendant represented himself pro se in the underlying lawsuit. A judgment was entered against Defendant in the above-styled matter on June 10, 2016. Plaintiff, through counsel Brandon Wagner, sent post-judgment discovery to Defendant on January 9, 2017. Defendant responded to these requests, and a Rule 5.2 Certificate of Service of these responses was filed with this Court on February 13, 2017.

Plaintiff objected to Defendant's discovery responses as evasive or non-responsive.[1] This objection was through email. The email from Plaintiff's counsel states that "[t]his is my first and only attempt to confer with you."[2] The email sets a deadline

---

[1] Affidavit of Glenn Heagerty **Ex.1**, February 15, 2016 Email from Brandon Wagner to Glenn Heagerty.

[2] *Id.*

EXHIBIT
21

1

for Defendant to respond as February 20, 2017 or else Plaintiff "will proceed with filing a Motion to Compel your responses with the Court."[3]

Plaintiff's counsel and Defendant, still representing himself pro se, entered into a back and forth set of emails regarding the discovery dispute. Defendant emailed back on February 16, 2017, stating in part that four days would not be long enough for him to respond.[4] Defendant emailed again on February 17, 2017, stating in part that it would take from 7 to 14 days to respond.[5] On February 17, 2017, Plaintiff's counsel responded to Defendant stating once again that if the original deadline of February 20, 2017, was not met then a Motion to Compel would be filed and refusing to extend the deadline.[6] Defendant emailed back on February 18, 2017, stating in part that Defendant was capable of getting the amended responses in the mail on Tuesday (February 21, 2017) (dependent on a non-relevant condition).[7] Plaintiff's counsel emailed Defendant on February 20, 2017, the original deadline set, that Plaintiff would not file the Motion to Compel on February 21, 2017, "[a]s one last courtesy . . . provided that [Defendant has] EMAILED me complete and non-evasive responses . . . by close of business tomorrow [February 21, 2017]."[8] Defendant responded by email on February 21, 2017, with a PDF copy of his

---

[3] *Id.*

[4] Affidavit of Glenn Heagery **Ex 2**, February 16, 2017 Email from Glenn Heagerty to Brandon Wagner.

[5] Affidavit of Glenn Heagery **Ex 3**, February 16, 2017 Email from Glenn Heagerty to Brandon Wagner.

[6] Affidavit of Glenn Heagery **Ex 4**, February 17, 2017 Email from Brandon Wagner to Glenn Heagerty.

[7] Affidavit of Glenn Heagery **Ex 5**, February 18, 2017 Email from Glenn Heagerty to Brandon Wagner.

[8] Affidavit of Glenn Heagery **Ex 6**, February 20, 2017 Email from Brandon Wagner to Glenn Heagerty.

amended responses in order to meet the "courtesy" deadline set by the February 20, 2017 email from Plaintiff's counsel.[9]

It should be acknowledged that through the email back and fourth both Defendant and Plaintiff's counsel engaged in behavior that might be viewed charitably as the sniping two sides might have after a long and hotly contested legal action. However, these remarks do not bear directly on the issue of Plaintiff's motion to compel. Plaintiff did not respond to Defendant's February 21, 2017 email, or object to Defendant's amended discovery responses. Plaintiff did not file a Motion to Compel on February 22, 2017, or at all during the year 2017. Instead, Plaintiff has filed a Motion to Compel more than a year after Defendant sent his amended discovery responses.

Plaintiff's Motion to Compel includes a "Statement of Compliance With Uniform Superior Court Rule 6.4(b)" signed by Plaintiff's counsel, Mr. Brandon Wagner. Attached to the Statement of Compliance is an Exhibit A, which includes the email chain between Mr. Wagner and Defendant. However, Exhibit A conspicuously leaves out the February 21, 2017 email from Defendant wherein he provided amended discovery responses in compliance with Plaintiff's demands in the last February 20, 2017 email. Mr. Wagner and Plaintiff do not address Defendant's amended responses at all.

In the more than one year since Defendant's February 21, 2017 amended responses were sent to Plaintiff through Mr. Wagner, Plaintiff filed a garnishment against Defendant in the Fulton County Magistrate Court. This garnishment action became *Sawnee View Farms Homeowners Association, Inc. vs. Glenn Heagerty*, Case No. 17MRG021445, Fulton County Magistrate Court. Defendant and a third-party claimant

---

[9] Affidavit of Glenn Heagery **Ex 7**, February 21, 2017 Email from Glenn Heagerty to Brandon Wagner; **Ex 8**, Defendant's Amended Discovery Responses.

successfully fought to have the garnishment dismissed. Plaintiff appealed the garnishment decision to Fulton County Superior Court, and the garnishment became *Sawnee View Farms Homeowners Association, Inc. vs. Glenn Heagerty*, Case No. 2017CV292191, Fulton County Superior Court.

Plaintiff engaged in discovery against Defendant in the Superior Court garnishment matter.[10] Plaintiff did not bring a Motion to Compel the post-judgment discovery during this time. Defendant and the third-party claimant in the garnishment matter each filed for summary judgment. Plaintiff chose to dismiss the garnishment without prejudice prior to the deadline to respond to summary judgment.

The dismissal in the Fulton County Superior Court garnishment matter was May 23, 2018. This Motion to Compel discovery is dated May 23, 2018. This Court docketed the Motion to Compel on June 1, 2018.

<u>ARGUMENT AND ANALYSIS OF LAW</u>

I. **THERE IS NOTHING TO COMPEL. DEFENDANT AMENDED HIS RESPONSES WITHIN PLAINTIFF'S DEADLINE. PLAINTIFF DID NOT OBJECT TO THESE AMENDED RESPONSES OR FILE THE THREATENED MOTION TO COMPEL UNTIL MORE THAN A YEAR LATER.**

Post-judgment discovery was sent by Plaintiff January 9, 2017. Defendant responded by February 13, 2017. Plaintiff objected to the responses on February 15, 2017 and set a deadline for amended responses by February 20, 2017. Plaintiff extended this deadline to February 21, 2017, in an email to Defendant on February 20, 2017. Defendant sent amended responses to Plaintiff's legal counsel on February 21, 2017, by email. Plaintiff did not object to these amended responses from Defendant. Plaintiff did

---

[10] Affidavit of Glenn Heagerty ¶¶ 35, 36.

not file a Motion to Compel on February 22, 2017, as it had threatened to do if Defendant's responses were evasive or otherwise inadequate.

Defendant responded to Plaintiff's discovery requests. Defendant amended his responses within the deadline provided by Plaintiff after meeting and conferring. Plaintiff's Motion to Compel focuses on Defendant's initial responses to discovery. Plaintiff's motion does not address the amended responses at all. Accordingly, there is nothing for Plaintiff to compel and Defendant's motion to compel should be denied.

## II.    PLAINTIFF HAS NOT COMPLIED WITH RULE 6.4 IN THIS MOTION TO COMPEL.

Plaintiff objected to Defendant's first responses to discovery. The parties engaged in spirited email discussion over the responses, with Plaintiff setting a deadline for Defendant to respond. Plaintiff extended the deadline by one day. Defendant sent amended responses within the extended deadline. Plaintiff did not object to these amended responses, nor did it file a Motion to Compel at that time.

More than a year later, after a garnishment action that included additional discovery requests, Plaintiff filed a Motion to Compel. No new effort was made to contact Defendant, through Defendant's current counsel, to meet and confer or raise objections to the amended responses. Instead, Plaintiff only provided this Court with Defendant's initial responses, not the amended responses, and proof of the alleged meet and confer efforts that are more than a year old.

The purpose of Rule 6.4(B)'s meet and confer requirement is to make a "good faith effort to resolve the matters involved." U.S.C.R. 6.4(B). Plaintiff and Defendant engaged in this good faith effort more than a year ago. Defendant filed amended responses to discovery. Plaintiff did nothing for more than a year. Plaintiff raised no

objections to the amended discovery responses. This is not, on Plaintiff's behalf, a "good faith effort to resolve the matters involved." U.S.C.R. 6.4(B).

Plaintiff has failed to comply with both the spirit and letter of Rule 6.4(B). Plaintiff has failed to show a good-faith effort to try and resolve the discovery matters involved. Plaintiff has not addressed any issues in Defendant's amended discovery responses, and did not even present those responses to this Court as part of its motion. For this reason, Plaintiff's motion to compel should be denied.

### III. PLAINTIFF'S MOTION TO COMPEL IS IMPROPER AS IT WAS BROUGHT MORE THAN ONE YEAR AFTER THE DISCOVERY DISPUTE. THIS DISCOVERY WAS NOT "PURSUED DILIGENTLY AND COMPLETED WITHOUT UNNECESSARY DELAY" AS REQUIRED BY U.S.C.R. 5.1.

Rule 5.1 states that "[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay." U.S.C.R. 5.1. Plaintiff brought the post-judgment discovery responses promptly. However, Plaintiff did not pursue this issue diligently, nor complete its motion to compel without unnecessary delay.

The motion to compel was brought more than a year after the discovery dispute arose. Since the discovery dispute arose, Plaintiff was able to file a garnishment action against Defendant, appeal the garnishment action to Fulton County Superior Court, and engage in discovery in the garnishment action. Yet, Plaintiff failed to raise any objections to Defendant's amended responses, did not seek a meet and confer as to the amended responses deficiencies, and has failed to address the amended responses in its motion.

6

Plaintiff's motion to compel should be denied because Plaintiff has failed to comply with Rule 5.1's requirement that discovery be pursued diligently and completed without unnecessary delay.

## IV. DEFENDANT REQUESTS THAT PLAINTIFF AND ITS LEGAL COUNSEL BOTH BE HELD RESPONSIBLE FOR HIS FEES IN RESPONDING TO THIS MOTION PURSUANT TO O.C.G.A. § 9-111-37(a)(4).

Georgia law allows a court to award reasonable expenses, including attorney's fees, to the prevailing party in a motion to compel. O.C.G.A. § 9-11-37(a)(4). In awarding expenses to the non-movant if a motion is denied, the Court shall tax these expenses against "the moving party or the attorney advising the motion or both of them." O.C.G.A. § 9-11-37(a)(4)(B). The Court is not required to tax expenses against the moving party if "finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." *Id.*

Defendant requests that expenses be assessed against both Plaintiff and its legal counsel for bringing this Motion to Compel more than one year after the initial discovery dispute, without including the complete Rule 6.4 conference, and without addressing the amended discovery responses Defendant served more than one year ago and within the deadlines set by Plaintiff during the meet and confer. Defendant has incurred expenses, including attorneys' fees, as a result of this improper Motion to Compel. Defendant requests that this Court order fees taxed against both Plaintiff and its counsel, and set a separate hearing to determine the reasonableness of those expenses.

## CONCLUSION

Plaintiff served post-judgment discovery on Defendant. Defendant timely responded to the post-judgment discovery. Plaintiff objected to the responses, and the

parties engaged in (somewhat heated) meet and confer over email. The result of the meet and confer was that Plaintiff set Defendant a deadline to amend his responses, extended the deadline by one day, and Defendant served PDF copies of his amended responses by the extended deadline.

Since that time Plaintiff filed a garnishment action against Defendant, and engaged in discovery during the garnishment action's appeal to Fulton County Superior Court. Plaintiff did not object to Defendant's amended discovery responses during this time, nor seek to restate the discovery requests during the garnishment proceedings. Instead, Plaintiff dismissed the garnishment the same day it signed and filed this Motion to Compel, and shortly before a deadline to respond to a motion for summary judgment in the garnishment action.

Plaintiff's Motion to Compel is improper. Defendant amended his discovery responses, and Plaintiff never objected to those amended responses. This violates U.S.C.R. 6.4's meet and confer requirements, and shows Plaintiff is acting in bad faith. Further indicating bad faith by Plaintiff is the timing of the Motion to Compel—signed the same day it dismissed the garnishment action in lieu of filing a response to Defendant's motion for summary judgment. Another badge of bad faith is that Plaintiff's counsel conspicuously left out the email in which Defendant sent the amended responses to him by the deadline, and does not address those amended responses at all in the Motion to Compel.

Plaintiff's Motion to Compel is also improper because it was filed more than a year after the dispute, violating U.S.C.R. 5.1's requirement that discovery "be commenced promptly, pursued diligently and completed without unnecessary delay."

Plaintiff's unnecessary delay in bringing this motion to compel is highlighted by the events that occurred during this more than one-year period between the dispute and this motion. Plaintiff filed a garnishment against Defendant, appealed an adverse ruling in the garnishment, engaged in discovery in the garnishment, and signed this motion to dismiss the same day it dismissed the garnishment action with prejudice. This is not pursuit of a discovery dispute and objections with diligence and without unnecessary delay, but rather a dilatory pursuit with significant and unnecessary delay.

For the above reasons, Plaintiff's Motion to Compel must be denied as a matter of rule and law. Further, as the Motion to Compel was brought in bad faith, Defendant's expenses should be taxed against both Plaintiff and its legal counsel, and a second hearing should be set to determine the reasonableness of those expenses. Accordingly, Defendant requests that this Court deny Plaintiff's Motion to Compel and enter an order awarding reasonable expenses, including attorneys' fees, to Defendant.

Respectfully submitted this 29th day of June, 2018.

JOHN WILLIAM NELSON
State Bar No. 920108
*Attorney for Defendant*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, GA 30097
(404) 348-4462
(404) 549-6765 Fax
*Attorney for Defendant*

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SAWNEE VIEW FARMS                    )
HOMEOWNERS ASSOCIATION INC,          )
                                     )
              Plaintiff,             ) Case No.: 16SC-0149-A
                                     )
       v.                            ) CERTIFICATE OF SERVICE
                                     )
GLENN M HEAGERTY,                    )
                                     )
              Defendant.             )
                                     )
                                     )
_____)

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served Plaintiff and Garnishee with a copy of

the foregoing RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY,

AFFIDAVIT OF GLENN M. HEAGERTY, and PROPOSED ORDER by mailing a copy

of the same to its attorney of record at the addresses shown below in a properly addressed

envelope with adequate postage thereon:

Brandon D. Wagner, Esq.
LUEDER LARKIN & HUNTER LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

This 28th day of June, 2018.

JOHN WILLIAM NELSON
The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, GA 30097

1

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION INC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 16SC-0149-A |
| v. | ) ) | AFFIDAVIT OF GLENN HEAGERTY |
| GLENN M HEAGERTY, | ) ) ) | |
| Defendant. | ) ) ) | |
| | ) ) | |

## AFFIDAVIT OF GLENN HEAGERTY

## INTRODUCTION AND PRELIMINARY STATEMENTS

1. My name is GLENN HEAGERTY.

2. I am more than 18 years of age.

3. I am of sound mind and body.

4. All statements made herein come from my own personal knowledge.

5. The section and subsection headings of this affidavit are intended only for

   the purpose of organization and not as statements of their own.

### POST-JUDGMENT DISCOVERY REQUESTS

6. I am the Defendant in this action.

7. I represented myself in this action.

8. A judgment was entered against me in this action.

9. I received post-judgment discovery from the Plaintiff's law firm in

   January of 2016.

1

10. I responded to the post-judgment discovery myself without hiring a lawyer.

11. My responses were based upon my understanding as to what my legal obligations were to respond.

**PLAINTIFF'S OBJECTIONS TO DISCOVERY RESPONSES**

12. I received an email from Brandon Wagner, the attorney representing Plaintiff in this action, dated February 15, 2017.

13. A true and accurate copy of this email is attached as **Exhibit 1** to this affidavit.

14. Exhibit 1 triggered a series of emails regarding Plaintiff's objections and my obligations to respond to post-judgment discovery, as well as Plaintiff's deadlines for my responses prior to it filing a Motion to Compel.

**MEET AND CONFER EMAIL DISCUSSION CHAIN**

15. The contents of the emails can speak for themselves, and the rest of the email chain is identified and attached below.

16. Attached as **Exhibit 2** is a true and correct copy of an email from Glenn Heagerty to Brandon Wagner dated February 16, 2017.

17. Attached as **Exhibit 3** is a true and correct copy of an Email from Glenn Heagerty to Brandon Wagner dated February 16, 2017.

18. Attached as **Exhibit 4** is a true and correct copy of an email from Brandon Wagner to Glenn Heagerty dated February 17, 2017.

2

19. Attached as **Exhibit 5** is a true and correct copy of an email from Glenn Heagerty to Brandon Wagner February 18, 2017.

20. Attached as **Exhibit 6** is a true and correct copy of an email from Brandon Wagner to Glenn Heagerty dated February 20, 2017.

21. Attached as **Exhibit 7** is a true and correct copy of an email from Glenn Heagerty to Brandon Wagner dated February 21, 2017.

**DEFENDANT'S AMENDED DISCOVERY RESPONSES**

22. Mr. Wagner's February 20, 2017 email stated that he would allow me to email him amended discovery responses by February 21, 2017 without facing a motion to compel.

23. I emailed him on February 21, 2017, with PDF copies of my amended discovery responses.

24. Attached as **Exhibit 8** is a true and correct copy of the amended discovery responses attached to my February 21, 2017 email to Mr. Wagner (Exhibit 7).

25. These responses are not signed, and I do not recall if I mailed him hard copies of the amended responses.

26. In my February 21, 2017 email to Mr. Wagner, I specifically asked whether a declaration would be sufficient instead of having the interrogatories notarized (Exhibit 7).

27. The reason why a declaration would be easier is outlined in my February 21, 2017 email (Exhibit 7).

28. I also asked about scheduling a time for someone to come and make copies of the documents identified in the amended responses (Exhibit 7).

29. I never received a response as to either of these inquiries about the notary or document production.

## FULTON COUNTY GARNISHMENT ACTION

30. Plaintiff filed a garnishment action against me on March 22, 2017 in Fulton County Magistrate Court.

31. I traversed the garnishment action and filed a defendant's claim.

32. A third party claimaint, Consumer Solutions Inc, filed a third-party claim on the garnishment because its bank account was seized instead of mine.

33. My traverse and the third-party claimant's claim were successful in Fulton County Magistrate Court on May 23, 2017.

34. Plaintiff appealed the garnishment decision on June 1, 2017, to Fulton County Superior Court.

35. Plaintiff sent discovery to me and the third party claimant in the Fulton County Superior Court garnishment action.

36. I responded to the discovery requests sent to me.

37. On April 23, 2018, the Third Party Claimant and myself filed separate motions for summary judgment in the Fulton County Superior Court garnishment action.

38. Plaintiff filed a dismissal without prejudice of the garnishment action on May 23, 2018.

4

## NO OTHER NOTICE OF PLAINTIFF'S OBJECTIONS

39. I never received a notice of objections to my amended discovery responses sent on February 21, 2017.

40. I was not aware of any pending post-judgment discovery issues until Plaintiff served me with this motion to compel.

## FEES AND EXPENSES INCURRED

41. Plaintiff's motion to compel has caused me to have to hire legal counsel to defend the motion.

42. I have incurred legal expenses and fees in defending this motion, and I expect to incur more.

43. I swear and affirm the statements I have made in my personal capacity above are true and accurate to the best of my knowledge and belief, and have been made under oath.

44. FURTHER AFFIANT SAYETH NAUGHT.

This the 27 day of June, 2018.

GLENN HEAGERTY, AFFIANT
Sworn to and subscribed before me
this 27 day of June, 20 18.

Notary Public, State of Georgia

My commission expires: 10/14/2019



5

# EXHIBIT 1



---

## RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **To:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 15, 2017 12:04:35 PM |

---

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery.  Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment.  Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses.  Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment.  We have previously provided you with the Association's 2017 budget and your assessment calculation.  Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00.  Therefore, it is properly due at this time.  Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant.  Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed.  You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it.  So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to this email with any further argument; either you will comply or you won't.  We do not need to have another lengthy discussion concerning these matters via email.

Regards,



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.


**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions


Mr. Wagner,


Please clarify some information for me:


1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.


2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?


3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,


Glenn Heagerty

---

**Attachments**

- image001.png

# EXHIBIT 2



---

## Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **To:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **Date:** | Feb 16, 2017 12:20:14 PM |

---

Just received this in my inbox. Mr. Wagner.

You have any case law to support your argument? I read the law differently. If you do, I 'll need more than four days to review and respond to the discovery requests.

Thanks,

Glenn Heagerty

> **Sent:** Wednesday, February 15, 2017 at 11:04 AM
> **From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
> **To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
> **Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
> **Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions
>
> Mr. Heagerty:
>
> This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment. Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses.  Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.
>
>
> Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment.  We have previously provided you with the Association's 2017 budget and your assessment calculation.   Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00.  Therefore, it is properly due at this time.  Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein

was not performed.  You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it.  So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to this email with any further argument; either you will comply or you won't.  We do not need to have another lengthy discussion concerning these matters via email.

Regards,



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

---

**Attachments**

- image-png-attachment

# EXHIBIT 3



---

## Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **To:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 17, 2017 10:33:39 AM |

---

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions  to the discovery requests. I will be quite specific about each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.

I look forward to your response,

Glenn Heagerty


**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment.  Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses.  Please be advised that should

you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment. We have previously provided you with the Association's 2017 budget and your assessment calculation. Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00. Therefore, it is properly due at this time. Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed. You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it. So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery. Please not respond to this email with any further argument; either you will comply or you won't. We do not need to have another lengthy discussion concerning these matters via email.

Regards,



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required,

please request a hard-copy version.


**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions


Mr. Wagner,


Please clarify some information for me:


1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.


2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?


3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?


Thank you,


Glenn Heagerty


---

**Attachments**

- image-png-attachment

# EXHIBIT 4



# RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **To:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 17, 2017 3:43:38 PM |

Mr. Heagerty:

With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply. Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day. Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.

I suggest you take a look at OCGA 9-11-62 (a). I think you are conflating execution of judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.

You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com

Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions to the discovery requests. I will be quite specific about each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.

I look forward to your response,

Glenn Heagerty

**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment.  Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses.  Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment.  We have previously provided you with the Association's 2017 budget and your assessment calculation.   Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00.  Therefore, it is properly due at this time.  Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed.  You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it.  So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to this email with any further argument; either you will comply or you won't.  We do not need to have another lengthy discussion concerning these matters via email.

Regards,



**Brandon D. Wagner**
Attorney at Law

**Lueder, Larkin & Hunter, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

---

**Attachments**

- image001.png

# EXHIBIT 5



## Re: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **To:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 18, 2017 12:27:00 PM |

Mr. Wagner,

I based my responses on my interpretation of O.C.G.A. 9-11-69(you referenced in your cover letter) which permits discovery in the aid of a writ or judgment. Since there was no writ and the judgment was already granted and the court had not issued orders otherwise, I objected. Maybe I used the wrong language or method.

I do not see the relevance of O.C.G.A. 9-11-62(a) to the discovery requests. I will research enforcement versus execution.

If you can let me know by Monday close of business whether the discovery requested is in aid of the judgment or execution, I will be able to get responses to interrogatories in the mail Tuesday morning. The production of documents will take a few days more. There's no need to waste the court's time on a motion to compel. We are conferring.

As to your feelings, opinions, and perceptions of me and how I have tried to defend myself, I hope you can find peace of mind.

Glenn Heagerty


**Sent:** Friday, February 17, 2017 at 2:43 PM

> **From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
> **To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
> **Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
> **Subject:** RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions
>
> Mr. Heagerty:
>
> With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply.  Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day.  Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.
>
>
> I suggest you take a look at OCGA 9-11-62 (a).  I think you are conflating execution of

judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.

You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.


As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions  to the discovery requests. I will be quite specific about each.


I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.


I look forward to your response,


Glenn Heagerty



**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery.  Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment.  Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses. Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct
in your argument regarding the 2017 assessment.  We have previously provided
you with the Association's 2017 budget and your assessment calculation.
Regarding your argument concerning the $7.00 lien cancellation, that fee is
charged to you upfront so that when we do cancel the lien, we are not chasing you
for reimbursement of that $7.00.  Therefore, it is properly due at this time.
Regarding your ledger calculations, they are mathematically inaccurate, factually
inaccurate and legally insignificant.  Lastly, concerning your argument regarding
the billing entry dated January 19, 2017, I find it incredulous that you would make
the argument that the work billed for therein was not performed.  You have a copy
of the lien payoff letter in hand and have drafted a letter attempting to disagree
with it.  So I cannot understand how you could possibly make the argument that the
work was not done.


In any event, I hope that you will comply with this attempt to obtain your
meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to
this email with any further argument; either you will comply or you won't.  We do
not need to have another lengthy discussion concerning these matters via email.


Regards,




**Brandon D. Wagner**
Attorney at Law

**Lueder, Larkin & Hunter, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used
for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named
addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have
received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure
or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender
does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If
verification is required, please request a hard-copy version.


**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]

**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

---

**Attachments**

- image-png-attachment

# EXHIBIT 6



---

# RE: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **To:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 20, 2017 4:39:05 PM |

---

Mr. Heagerty,


With all due respect, my job is not to educate you on the law.  You have chosen to litigate this case as a pro se litigant.  While that is certainly you right, it does not create an additional burden on me to explain the law and its applicability to you.  I will tell you, however, that post judgment discovery, which is governed by OCGA 9-11-69 is discovery to be used in aid of a judgment.  All of the questions propounded are designed to identify assets that may be subject to garnishment or levy.


As one last courtesy, we will hold off on filing the Motion to Compel tomorrow provided that you have EMAILED me complete and non-evasive responses to all of Plaintiff's post judgment discovery requests by close of business tomorrow.




**Brandon D. Wagner**
Attorney at Law

**Lueder, Larkin & Hunter, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy

version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Saturday, February 18, 2017 11:27 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

I based my responses on my interpretation of O.C.G.A. 9-11-69(you referenced in your cover letter) which permits discovery in the aid of a writ or judgment. Since there was no writ and the judgment was already granted and the court had not issued orders otherwise, I objected. Maybe I used the wrong language or method.

I do not see the relevance of O.C.G.A. 9-11-62(a) to the discovery requests. I will research enforcement versus execution.

If you can let me know by Monday close of business whether the discovery requested is in aid of the judgment or execution, I will be able to get responses to interrogatorries in the mail Tuesday morning. The production of documents will take a few days more. There's no need to waste the court's time on a motion to compel. We are conferring.

As to your feelings, opinions,  and perceptions of me and how I have tried to defend myself, I hope you can find peace of mind.

Glenn Heagerty

**Sent:** Friday, February 17, 2017 at 2:43 PM

**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply. Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day. Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.

I suggest you take a look at OCGA 9-11-62 (a). I think you are conflating execution of judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.

You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>

**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer), you're message below is not an attempt at conferring. I see no where in your message trying to set up a time to discuss our differences. Instead, you issue directives and a deadline without any input from me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice of the perfection and assuming the discovery requests stay the same. This does not mean that I do not have additional objections or questions  to the discovery requests. I will be quite specific about each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive despite having to spend significant time working through the errors and misrepresentations coming from the association and yourself.

I look forward to your response,

Glenn Heagerty

**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses.  You have improperly

responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery.  Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment.  Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses.  Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.

Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment.  We have previously provided you with the Association's 2017 budget and your assessment calculation.  Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00.  Therefore, it is properly due at this time.  Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant.  Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed.  You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it.  So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to this email with any further argument; either you will comply or you won't.  We do not need to have another lengthy discussion concerning these matters via email.

Regards,



**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Please clarify some information for me:

1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

---

**Attachments**

- image001.png

# EXHIBIT 7



---

# Re: RE: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

| | |
|---|---|
| **From:** | "Glenn Heagerty" <gascfc16sc0149a@mail.com> |
| **To:** | "Brandon D. Wagner" <BWagner@luederlaw.com> |
| **Cc:** | "Tamacca Harrison" <tharrison@luederlaw.com> |
| **Date:** | Feb 21, 2017 5:01:07 PM |

---

Mr. Wagner,

Attached are my responses based on my understanding of what is being asked and for the purposes of being asked. I will follow up by mail with the signed copies along with copies of the documents I said I would provide(I may be able to find on-line and will forward instead).

I do not have a scanner and have to walk to the UPS Store to mail large envelopes. Please let me know if a declaration in lieu of an affidavit is acceptable - I do not know any notaries or have an ID with which to get the responsets notarized. If you need the signatures witnessed, it will be a few days before I can get someone to do that.

With respect to the receipts I can make available for inspection, please let me know when you would like to inspect. Otherwise, I can write up a log of expenses and send to you.

Please let me know if you have any trouble with the PDF documents.

Glenn Heagerty

> **Sent:** Monday, February 20, 2017 at 3:39 PM
> **From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
> **To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
> **Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
> **Subject:** RE: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions
>
> Mr. Heagerty,
>
>
> With all due respect, my job is not to educate you on the law.  You have chosen to litigate this case as a pro se litigant.  While that is certainly you right, it does not create an additional burden on me to explain the law and its applicability to you.  I will tell you, however, that post judgment discovery, which is governed by OCGA 9-11-69 is discovery to be used in aid of a judgment.  All of the questions propounded are designed to identify assets that may be subject to garnishment or levy.
>
>
> As one last courtesy, we will hold off on filing the Motion to Compel tomorrow provided that you have EMAILED me complete and non-evasive responses to all of Plaintiff's post judgment discovery requests by close of business tomorrow.



**Brandon D. Wagner**
Attorney at Law

**Lueder, Larkin & Hunter, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt. Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Saturday, February 18, 2017 11:27 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

I based my responses on my interpretation of O.C.G.A. 9-11-69(you referenced in your cover letter) which permits discovery in the aid of a writ or judgment. Since there was no writ and the judgment was already granted and the court had not issued orders otherwise, I objected. Maybe I used the wrong language or method.

I do not see the relevance of O.C.G.A. 9-11-62(a) to the discovery requests. I will research enforcement versus execution.

If you can let me know by Monday close of business whether the discovery requested is in aid of the judgment or execution, I will be able to get responses to interrogatorries in the mail Tuesday morning. The production of documents will take a few days more. There's no need to waste the court's time on a motion to compel. We are conferring.

As to your feelings, opinions, and perceptions of me and how I have tried to defend myself, I hope you can find peace of mind.


Glenn Heagerty




**Sent:** Friday, February 17, 2017 at 2:43 PM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

With all due respect, I cannot tell if you are actually ignorant of the law or intentionally shirking your obligation to comply. Throughout this litigation, you have consistently misstated the law and bombarded both my office and the Association itself with factually incorrect arguments and questions that have no bearing on your financial obligation to the Association. Obviously, responding to your antics are not the highlight of my day. Despite the fact that you sued me personally, I have tried to remain professional and cordial with you; however, I am losing my patience with how you have handled this case.


I suggest you take a look at OCGA 9-11-62 (a). I think you are conflating execution of judgments and enforcements of judgments. They are two mutually independent actions; neither serve as a prerequisite for the other.


You have had well over thirty three days to provide meaningful responses to Plaintiff's Post Judgment Discovery, another two weeks is unreasonable. Plaintiff will expect your non-evasive responses by Monday or a Motion to Compel and Request for Attorney's Fees will follow.





**Brandon D. Wagner**

Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used
for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named
addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have
received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure
or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender
does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If
verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Friday, February 17, 2017 9:34 AM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Cc:** Tamacca Harrison <tharrison@luederlaw.com>
**Subject:** Re: RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Wagner,

Based on my understanding of the meaning of confer(http://www.dictionary.com/browse/confer),
you're message below is not an attempt at conferring. I see no where in your message trying to set up
a time to discuss our differences. Instead, you issue directives and a deadline without any input from
me.

Are you OK? The tone of your communications alternate between cooperative and bullish/thuggish. I
guess I can initiate conferring via e-mail in response to you.

As for the discovery requests, it is my interpretation of the law that the judgment needs to be
perfected before requesting discovery. My responses were not evasive. In fact, quite specific. If you
get the judgment perfected, I estimate I'll need 7-14 days to respond from the time I am served notice
of the perfection and assuming the discovery requests stay the same. This does not mean that I do
not have additional objections or questions  to the discovery requests. I will be quite specific about
each.

I see no need for a motion to compel to waste the court's time when, in fact, I have been responsive
despite having to spend significant time working through the errors and misrepresentations coming
from the association and yourself.

I look forward to your response,


Glenn Heagerty


**Sent:** Wednesday, February 15, 2017 at 11:04 AM
**From:** "Brandon D. Wagner" <BWagner@luederlaw.com>
**To:** "Glenn Heagerty" <gascfc16sc0149a@mail.com>
**Cc:** "Tamacca Harrison" <tharrison@luederlaw.com>
**Subject:** RE: 16SC-0149-A | Post-Judgment Discovery - Questions

Mr. Heagerty:

This is my first and only attempt to confer with you in regards to your evasive and non-responsive Post-Judgment discovery responses. You have improperly responded to each request using the legally erroneous argument that essentially because no writ of execution has been issued, you aren't legally obligated to respond to the discovery. Please note, that a writ of execution (or FIFA) is not a prerequisite for a judgment creditor to initiate post judgment collections. A FIFA is simply one mechanism for enforcing a judgment, but it is certainly not the only mechanism for enforcing a judgment. Our client has opted to proceed with serving you with discovery and you are legally obligated to provide meaningful responses. Please be advised that should you fail or refuse to provide meaningful and non-evasive responses to all of Plaintiff's discovery requests by the close of business Monday, February 20, 2017, my client will proceed with filing a Motion to Compel your responses with the Court and will seek attorney's fees for having to do so.


Second, to address your letter concerning the lien payoff letter, you are not correct in your argument regarding the 2017 assessment. We have previously provided you with the Association's 2017 budget and your assessment calculation. Regarding your argument concerning the $7.00 lien cancellation, that fee is charged to you upfront so that when we do cancel the lien, we are not chasing you for reimbursement of that $7.00. Therefore, it is properly due at this time. Regarding your ledger calculations, they are mathematically inaccurate, factually inaccurate and legally insignificant. Lastly, concerning your argument regarding the billing entry dated January 19, 2017, I find it incredulous that you would make the argument that the work billed for therein was not performed. You have a copy of the lien payoff letter in hand and have drafted a letter attempting to disagree with it. So I cannot understand how you could possibly make the argument that the work was not done.

In any event, I hope that you will comply with this attempt to obtain your meaningful responses to Plaintiff's Post-Judgment discovery.  Please not respond to this email with any further argument; either you will comply or you won't.  We do not need to have another lengthy discussion concerning these matters via email.


Regards,




**Brandon D. Wagner**
Attorney at Law

**LUEDER, LARKIN & HUNTER, LLC**
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005

Telephone: 770-685-7088
Facsimile: 770-685-7002
Email: BWagner@luederlaw.com
Website: www.luederlaw.com

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

NOTICE: This message contains confidential information and is intended only for the addressee. If you are not the named addressee, you should not disseminate, distribute, or copy this email. Please notify the sender immediately by email if you have received this message by mistake, and delete this email from your system. Email transmission cannot be guaranteed to be secure or error-free as information can be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of email transmission. If verification is required, please request a hard-copy version.

**From:** Glenn Heagerty [mailto:gascfc16sc0149a@mail.com]
**Sent:** Monday, February 06, 2017 12:36 PM
**To:** Brandon D. Wagner <BWagner@luederlaw.com>
**Subject:** 16SC-0149-A | Post-Judgment Discovery - Questions


Mr. Wagner,


Please clarify some information for me:


1. Which date do I use to determine the due date, 1/6/17 or 1/9/17? Your letter states to use the former, your e-mail response says to use the latter.

2. Your letter mentions O.C.G.A. 9-11-33 twice, is that a typo? If so, what is the correct list of rules to be referenced?

3. I do not have a photo ID. Will unsworn declaration under penalty of perjury suffice(https://www.law.cornell.edu/uscode/text/28/1746)?

Thank you,

Glenn Heagerty

---

**Attachments**

- image-png-attachment
- svfhoa_inter_resp02.pdf
- svfhoa_prod_resp02.pdf

# EXHIBIT 8

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

SAWNEE VIEW FARMS

HOMEOWNERS ASSOCIATION, INC.,

PLAINTIFF,                                              CIVIL ACTION FILE NO:

v.                                                           16SC-0149-A

GLENN M. HEAGERTY,

DEFENDANT

**DEFENDANT'S ANSWERS  TO PLAINTIFF'S INTERROGATORIES**

TO: Brandon D. Wagner, Esq., Lueder, Larkin, & Hunter, LLC, 5900 Windward

Parkway, Suite 390, Alpharetta, GA 30005.

**RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 1 ANSWER: Defendant has no outstanding loans of money

to anyone.

INTERROGATORY NO. 2 ANSWER: Defendant does not own a vehicle used as transportation on public streets.

INTERROGATORY NO. 3 ANSWER: Defendant does not own a television.

INTERROGATORY NO. 4 ANSWER: Defendant does not own a couch. Defendant does not own a sofa.

INTERROGATORY NO. 5 ANSWER: Defendant does not own a computer. Defendant does not own a tablet. Defendant does not own a laptop.

INTERROGATORY NO. 6 ANSWER: Defendant uses an LG GW300 cell phone for 911 calls. Verizon is the provider for 911 services. Use started in 2009 or 2010. It was activated with cash from an unknown source.  Present value is guessed to be less than $1.00. It is presently on the kitchen counter. Defendant is uncertain as to ownership – Defendant seems to recall that Verizon or LG grants rights to use, but

2

not ownership of the phone.

INTERROGATORY NO. 7 ANSWER: Defendant owns  a dozen pair of: white tube socks, underpants, and undershirts. Defendant owns four pair of khaki pants. Defendant owns 6 tee shirts. Defendant owns one suit. Defendant owns one pair of basketball shoes. Defendant owns one pair of work boots. Defendant owns one pair of dress shoes. Defendant owns one pair of dress socks. Defendant owns two light jackets. Defendant owns one winter coat. Defendant owns two sweatshirts. All clothing owned by defendant is more than four years old. Defendant estimates total value to be less than $1.00. All items are in piles in Defendant's sleeping quarters. Defendant does not recall the source of funds or specific dates of purchase. Defendant is unaware of anyone else having an ownership interest in his clothes.

INTERROGATORY NO. 8 ANSWER: Defendant does not own jewelry.

INTERROGATORY NO. 9 ANSWER: Defendant is uncertain as to his ownership of real property in the state of Georgia. Defendant's abode has a street address of 2890 Willow Wisp Way, Cumming, Georgia 30040. It is also referred to as Lot 9 in

3

Sawnee View Farms. Defendant has lived there since 1996. The link

http://www.forsythclerk.com/RealEstate/PropertyIndexSearch.aspx can be used to

find records listing Defendant as a party. Plaintiff submitted sworn testimony via

affidavit attesting to Defendant's interest in his home.


INTERROGATORY NO. 10 ANSWER: Defendant expects to receive between $600

and $900 per month for reimbursement of living expenses in March and April of

2017 from Consumer Solutions, Inc. Defendant as no other expected receipts.


INTERROGATORY NO. 11 ANSWER: Defendant is an at-will worker for Consumer

Solutions, Inc. with mailing address 2890 Willow Wisp Way, Cumming, GA 30040

and phone number (770) 781-9312. Defendant provides Base SAS and SAS STAT

programming on an as-needed basis. Consumer Solutions, Inc. was in the business

of providing analytical services. Defendant is reimbursed for living expenses in

cash.


Respectfully submitted this 21st day of February, 2017,

4

_____

Glenn Heagerty
2890 Willow Wisp Way
Cumming, GA 30040

IN THE STATE COURT OF FORSYTH COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS | |
| HOMEOWNERS ASSOCIATION, INC., | |
| PLAINTIFF, | CIVIL ACTION FILE NO: |
| v. | 16SC-0149-A |
| GLENN M. HEAGERTY, | |
| DEFENDANT | |

**DEFENDANT'S ANSWERS  TO PLAINTIFF'S REQUESTS FOR**

**PRODUCTION**

TO: Brandon D. Wagner, Esq., Lueder, Larkin, & Hunter, LLC, 5900 Windward

Parkway, Suite 390, Alpharetta, GA 30005.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1

REQUEST NO. 1 ANSWER: Defendant objects on the grounds that the request is vague, overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he does not own or have an interest in any of the types of financial instruments listed.

REQUEST NO. 2 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, the link http://www.forsythclerk.com/RealEstate/PropertyIndexSearch.aspx can be used to find records listing Defendant as a grantee or grantor. Plaintiff submitted sworn testimony via affidavit attesting to the validity of one or more of these recordings.

REQUEST NO. 3 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he does not own a motor vehicle.

2

REQUEST NO. 4 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he will make available for inspection receipts for Defendant's living expenses since November 2016.

REQUEST NO. 5 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he is unaware of being a beneficiary or loss payee.

REQUEST NO. 6 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he will make available for inspection receipts for Defendant's living expenses since November 2016.

REQUEST NO. 7 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he will provide Plaintiff with a copy of the 2016 property tax bill received.

REQUEST NO. 8 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent  Defendant does not object, he will make available for inspection receipts for Defendant's living expenses since November 2016.

REQUEST NO. 9 ANSWER: Defendant objects on the grounds that the request is overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he will reconsider his objection if Plaintiff can clarify the need to see an individual income tax return from 2011.

REQUEST NO. 10 ANSWER: Defendant objects on the grounds that the request is

4

vague, overly broad, unduly burdensome, duplicative, and seeks information that is outside the scope of Plaintiff's claim against Defendant. To the extent Defendant does not object, he will reconsider his objection if Plaintiff can clarify the meaning of "assets owned, controlled, or possessed".

Respectfully submitted this 21st day of February, 2017,

_____

Glenn Heagerty.
2890 Willow Wisp Way
Cumming, GA 30040