IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SAWNEE VIEW FARMS HOMEOWNERS ASSOCIATION INC, | ) ) ) |
| Plaintiff, | ) Case No.: 16SC-0149-A ) |
| v. | ) ORDER DENYING PLAINTIFF'S ) MOTION TO COMPEL |
| GLENN M HEAGERTY, | ) ) |
| Defendant. | ) ) ) |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This Court, having read and considered Plaintiff's Motion to Compel and Defendant's response, and upon consideration of the facts and evidence presented to this Court, issues the following findings of fact, conclusions, and ORDER DENYING PLAINTIFF'S MOTION TO COMPEL:

### FINDING OF FACT

A dispute arose in February of 2016 between Plaintiff and Defendant over Defendant's initial post-judgment discovery responses. Plaintiff extended a deadline to Defendant to amend his discovery responses. Defendant emailed amended discovery responses to Plaintiff. Plaintiff did not object to those amended discovery responses. Plaintiff did not address those amended discovery responses in its Motion to Compel. Plaintiff left out of its Rule 6.4(B) certification Defendant's February 21, 2017 email providing Plaintiff the amended discovery responses.

Plaintiff waited more than a year to move to compel discovery that Defendant has already provided. Plaintiff, during this lengthy period, did not object to Defendant's amended responses. Plaintiff did pursue post-judgment collections through garnishment,



EXHIBIT 22

and thus had post-judgment communication with Defendant. Plaintiff did not raise its objections during the garnishment proceedings.

## CONCLUSIONS OF RULE AND LAW

The Uniform Rules of State Court states that "[t]he Uniform Rules for the Superior Courts shall be applicable in State Courts." Accordingly, Uniform Rules of Superior Court Rule 6.4(B) applies to this Court and the motion to compel process. U.S.C.R. 6.4(B) states in full:

> Prior to filing a motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party and any objecting person or entity in a good faith effort to resolve the matters involved. At the time of filing the motion, counsel shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed. This rule also applies to motions to quash, motions for protective order and cases where no discovery has been provided.

Uniform Rules of Superior Court Rule 5.1 also applies to this Court and this case. U.S.C.R. 5.1 states in pertinent part "[i]n order for a party to utilize the court's compulsory process to compel discovery, any desired discovery procedures must first be commenced promptly, pursued diligently and completed without unnecessary delay."

Plaintiff has not complied with the requirements of U.S.C.R. 6.4(B) to confer in good faith to resolve its discovery dispute with Defendant. While Plaintiff and Defendant did confer through email, Plaintiff set a February 21, 2017 deadline for Defendant to provide amended discovery responses via email. Defendant sent an email to Plaintiff on February 21, 2017, with amended discovery responses. Plaintiff did not object to these amended discovery responses or file a motion to compel during all of 2017. Instead, Plaintiff waited more than a year to file this Motion to Compel and conspicuously left out

the February 21, 2017 email from Defendant in which he attempted in good faith to amend his discovery responses.

Plaintiff's more than one-year delay in filing this Motion to Compel also violates U.S.C.R. 5.1. Waiting more than one year to file the motion to compel is not pursuing the discovery issues diligently. Further, Rule 5.1 requires no unnecessary delay in pursuing compulsory discovery. There appears to be no necessary delay over this one-year period, but rather that Plaintiff's delays were unnecessary and violate U.S.C.R. 5.1.

## ORDER

Based on the above findings of fact and conclusions, this Court hereby **ORDERS** as follows:

1. Plaintiff's motion to compel post-judgment discovery is denied.
2. Plaintiff and its legal counsel, Brandon Wagner, are both responsible for Defendant's reasonable expenses in defending against this Motion to Compel, including attorneys' fees.
3. Defendant's reasonable expenses, including attorneys' fees, will be determined by this Court either on motion of the parties or, if this Court determines necessary, a separate hearing as to said fees.

So ORDERED this the ___ day of _____, 2018.

Hon. Leslie C. Abernathy-Maddox
Judge, Forsyth County State Court

ORDER PREPARED BY:
JOHN WILLIAM NELSON
*Attorney for Defendant*
State Bar No. 920108
THE NELSON LAW CHAMBERS, LLC
2180 Satellite Boulevard, Suite 400
Duluth, GA 30097
(404) 348-4462 P — (404) 549-6765 Fax

3