## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

GLENN HEAGERTY          )
      Plaintiff,          )
                   )
v.          )
                   )
LUEDER, LARKIN & HUNTER, LLC, )
      Defendant.          )
                   )
_____)

Civil Action File No.
1:18-cv-03412-ELR-RGV

## DEFENDANT'S MOTION TO STAY DISCOVERY AND TO
## DEFER SCHEDULDING ORDER AND BRIEF IN SUPPORT THEREOF

NOW COMES, Defendant Lueder, Larkin & Hunter, LLC, ("LLH"), and files this Motion to Stay Discovery and to Defer Scheduling Order and Brief in Support Thereof, showing this Court the following:

## INTRODUCTION

This is the second frivolous lawsuit filed by Plaintiff Glenn Heagerty within the last two years against LLH in which he alleged that LLH violated the federal Fair Debt Collections Practices Act (the "FDCPA). As shown within LLH's Motion for Summary Judgment, filed herewith, Plaintiff's current baseless suit should be dismissed as a matter of law.

Plaintiff owns a home in the Sawnee View Farms subdivision in Forsyth County, Georgia, and for the last several years, Plaintiff has steadfastly refused to pay

his lawful homeowners association dues to Sawnee View Farms Homeowners Association, Inc. (the "Association").  The Association engaged LLH in 2015 to collect Plaintiff's unpaid balance, which ultimately resulted in the Association filing suit against him in the State Court of Forsyth County.  After a seemingly endless variety of frivolous pleadings filed by Plaintiff attacking the Association and LLH, the State Court awarded a judgment against him for all amounts owed.

Plaintiff's first baseless and retaliatory FDCPA lawsuit against LLH was filed in 2016 in the United States District Court for the Northern District of Georgia, Gainesville Division, Civil Action No. 2:2016cv00099-WCO, and was dismissed upon the Court granting LLH's Motion to Dismiss.  The Court also awarded Rule 11 sanctions against Plaintiff, stating, in part, the following:

> It is clear that plaintiff [Heagerty] filed this action for both an improper purpose and without a reasonable factual or legal basis.  The contentions about his *pro se* status do nothing to change this.  With *any* investigation, plaintiff knew or should have known that his contentions lacked any merit under the FDCPA.  It is obvious even to the most casual observer that plaintiff filed this action in an effort to harass defendants and extort a settlement in, or as a countermeasure for, the actions by the homeowners association in the state court.  This conclusion is also consistent with the character

of plaintiff's other filings in this court.  As such, the court will grant

defendants' motion for sanctions.

(A copy of the Order is filed with the Affidavit of Brandon Wagner, ¶ 19).

The second footnote of the Order includes two of Plaintiff's other federal cases, which prompted the Court to state that "[Heagerty sues] individuals and entities in an attempt to evade and intimidate his way out of financial obligations."  That is the specific finding of the Court the last time Plaintiff sued LLH.

Plaintiff was unsuccessful with his meritless claims in the Gainesville Division of this Court and has now decided to try again in the Atlanta Division.  His current lawsuit is just as baseless as his prior suit.  In his prior suit, Plaintiff attached exhibits to his Complaint, which LLH used as the basis for its Motion to Dismiss.  Here, Plaintiff appears to have learned his lesson to not attach exhibits, and as such, LLH has filed a Motion for Summary Judgment with this Court.

Although Plaintiff was initially *pro se* in the prior suit, he hired counsel in response to LLH's Motion to Dismiss.  Here, the fact that Plaintiff is represented by yet a different attorney does not reduce the frivolity of his current case.

Moreover, even though Rule 11 sanctions were awarded against Plaintiff in his last FDCPA case against LLH, Plaintiff has not paid a penny of that sanction.  He is instead continuing in his harassment and again engaging in meritless litigation.  As the Court, again, stated in granting those Rule 11 sanctions, it is obvious even to the most

casual observer that Plaintiff filed his last lawsuit in an effort to harass LLH and extort a settlement.  Here, as predicted, Plaintiff is again using the federal courts to harass and extort a settlement.

In regard to extorting a settlement, only a few days ago on August 18, 2018, Plaintiff required a settlement of $15,000.00 to dismiss this lawsuit.  (Affidavit of Brandon Wagner, ¶ 34).  The amount of $15,000.00 is roughly the amount that Plaintiff owes on the judgment in favor of his Association and owes on the Order granting Rule 11 sanctions against him in favor of LLH.  (Id.)

In regard to harassment, also on August 18, 2018, Plaintiff served twenty-seven requests for production of documents on LLH (a true and correct copy of the fourteen page request is attached hereto) in which Plaintiff seeks, among other broad categories of documents, all communications between LLH's attorneys and its client, the Association, as well as the complete employee files for the LLH employees who in any way worked on the collections against Plaintiff.  While a request for the production of documents is generally a proper discovery tool in a meritorious lawsuit, Plaintiff's use of it here is solely to harass LLH and to exert pressure to achieve his goal of a settlement.  Plaintiff knows that communications between LLH and its client are protected by the attorney/client privilege, yet it is apparent that Plaintiff requires LLH to spend the time to create a privilege log.

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

"In general, district courts have broad discretion in deciding how best to manage the cases before them."  <u>Moore v. Potter</u>, 141 F. App'x 803, 807 (11th Cir. 2005).  "We review the district court's discovery rulings for an abuse of discretion." <u>Id</u>. (any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible).

In <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280 (N.D. Ga. 2009), the defendants argued that discovery should be stayed and the issuance of the scheduling order deferred until the Court ruled on motions for summary judgment. The defendants also argued that the Court's ruling on the dispositive motions would likely eliminate the need for any discovery, or reduce the number of claims and parties, which would affect the amount of discovery needed, and therefore, to reduce the expense on the parties, discovery should be delayed pending the Court's ruling. The defendants further argued that the issuance of the scheduling order should be delayed to avoid unnecessary time and expense caused by the issuance of the scheduling order.  The plaintiffs argued that discovery should not be stayed and that the scheduling order should not be deferred.

In agreeing with the defendants that a stay of discovery and deferring the issuance of the scheduling order was appropriate, this Court noted that the Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery

schedule for the convenience of parties' and witnesses' and in the interests of justice. Id. at 1291-92.  This Court further noted that the Local Rules grant the Court similar discretion and that the Court has broad discretion to stay proceedings as an incident to its power to control its own docket.  Id.  The deciding factor for the Court was that the defendants challenged the sufficiency of all the claims raised against them in the plaintiffs' complaint and first amended complaint and that discovery would not be necessary for the plaintiff to reply to the defendants' summary judgment motions.  Id. In addition, the resolution of the motions for summary judgment in that case would alleviate the need for discovery.  Id.

Further, as this Court held in Principle Sols. Grp., LLC v. Ironshore Indem., Inc., No. 1:15-CV-4130-RWS, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016), when determining whether to grant a stay of discovery, the Court should balance the prejudice occasioned by the delay against the burden of proceeding with discovery. Id. (citing Felman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  This Court stayed discovery in that case because it was not needed to resolve the issues within the pending motions for summary judgment.  Moreover, as this Court stated, "[a] resolution of these issues could greatly limit the scope of discovery in this case.  As a result, the Court finds that a stay is in the interests of justice and judicial economy."

Next, as the Court stated in Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 692–93 (M.D. Fla.), aff'd, 87 F. App'x 713 (11th Cir. 2003), "[t]he Feldman court

noted it is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and truly case dispositive. Id. (citing Feldman, 176 F.R.D. at 652).

Here, Plaintiff alleges the following four violations of the FDCPA:

- LLH engaged in an unfair and unconscionable means of attempting to collect a debt by seeking amounts not allowed by law or agreement; in particular, that LLH used the wrong post-judgment interest rate.

- LLH made a false, misleading and deceptive claim as to the amounts owed in a collection letter; in particular, that LLH added interest onto prejudgment interest.

- LLH contacted Plaintiff while he was represented by counsel; in particular, that LLH sent Plaintiff a letter dated July 28, 2017.

- LLH filed a false, misleading and deceptive Motion to Compel in the Forsyth County State Court action; in particular, that LLH attorney, Brandon Wagner ("Wagner") on behalf of LLH lied to the State Court when he stated that he had not received a February 21, 2017 email that Plaintiff claims to have sent.

Taking a preliminary peak at LLH's pending Motion for Summary Judgment, this Court will see that each of those allegations is baseless and that no discovery is needed to dispose of them. For convenience, LLH summarizes each of them.

1.     In regard to the allegation that LLH engaged in an unfair and unconscionable means of attempting to collect a debt by seeking amounts not allowed by law or agreement, Plaintiff asserts that the correct interest rate is 6.5%. However, in its Motion for Summary Judgment, LLH shows that 6.5% is not the correct rate and that Plaintiff is simply wrong with his in correct legal conclusion. There is no discovery needed on this claim. It is a question of law as to the correct interest rate permitted under Georgia law.

2.     In regard to the allegation that LLH made a false, misleading and deceptive claim as to the amounts owed in a collection letter, Plaintiff incorrectly believes that LLH added interest onto prejudgment interest. That did not occur, as shown within the Motion for Summary Judgment, and again, this is legal argument in which no discovery is necessary.

3.     In regard to Plaintiff's allegation that LLH contacted Plaintiff while he was represented by counsel, that also did not occur. Wagner showed in his affidavit submitted in support of LLH's Motion for Summary Judgment that LLH sent Plaintiff a letter dated July 28, 2017 in direct response to Plaintiff's July 24, 2017 letter in which Plaintiff requested "a certificate of past due assessments from the HOA and signed by an officer of the HOA as provided for by the covenants." According to Paragraph 47 of Plaintiff's Complaint, that July 24, 2017 letter is the communication at issue. While Plaintiff was represented in a separate garnishment action, Plaintiff

was not represented when he sent five letters requesting verification of his debt. No discovery is needed on this issue.

4.     Plaintiff claims that LLH filed a false, misleading and deceptive Motion to Compel in the Forsyth County State Court action; in particular, that LLH attorney, Wagner on behalf of LLH lied to the State Court when he stated that he had not received a February 21, 2017 email that Plaintiff claims to have sent. Wagner testified in his affidavit that he never received that alleged email from Plaintiff. Wagner also testified in his affidavit that he conducted a thorough search of Plaintiff's file at LLH and his emails in Outlook and confirmed that LLH had never received that alleged February 21, 2017 email from Plaintiff. Further, such alleged representation by Wagner is not actionable under the FDCPA.

No additional discovery is needed on this claim. Even if LLH produced Plaintiff's entire collection file to Plaintiff, it does not contain the alleged February 21, 2017 email. That is because that email was never received at LLH. Further, as addressed in the Motion for Summary Judgment, even if Plaintiff sent the February 21, 2017 email, which LLH denies occurred, the FDCPA does not require debt collectors to take every conceivable precaution to avoid errors; rather it only requires reasonable precaution. The fact that Wagner searched the file and his email account prior to filing the Motion to Compel in the Forsyth County State Court, to confirm that

Plaintiff did not respond to Wagner's February 20, 2017 email, results in summary judgment being appropriate on this claim.

## CONCLUSION

For the foregoing reasons, LLH respectfully requests that this Court stay discovery and to defer the Scheduling Order until LLH's Motion for Summary Judgment is adjudicated.

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1 (B)

This is to certify that the foregoing was prepared using Times New Roman 14 point font in accordance with L.R. 5.1 (B).

This 21st day of August, 2018.

_s/_ **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

_s/_ **Brandon D. Wagner, Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served upon the opposing party by placing a copy of same in the U.S. Mail, proper postage affixed thereto, in an envelope addressed as follows:

John William Nelson
The Nelson Law Chambers, LLC
2180 Satellite Blvd., Suite 400
Duluth, Georgia 30097

This 21st day of August, 2018.

*s/* **John T. Lueder, Esq.**
John T. Lueder
Georgia Bar No. 460665
Attorney for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: johnlueder@luederlaw.com

*s/* **Brandon D. Wagner Esq.**
Brandon D. Wagner
Georgia Bar No. 768064
Attorneys for Defendants
LUEDER, LARKIN & HUNTER, LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
Telephone: (770) 685-7000
Facsimile: (770) 685-7002
Email: bwagner@luederlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| GLENN HEAGERTY, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.: 1:18-cv-03412-ELR-** |
| v. | ) **RGV** |
| | ) |
| | ) **PLAINTIFF'S FIRST REQUEST** |
| LUEDER LARKIN & HUNTER | ) **FOR PRODUCTION OF** |
| LLC, a Georgia Limited Liability | ) **DOCUMENTS TO DEFENDANT** |
| Company, | ) **LUEDER LARKIN & HUNTER** |
| | ) **LLC** |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LUEDER LARKIN & HUNTER LLC

Plaintiff GLENN HEAGERTY ("Plaintiff") serves this First Request for Production of Documents to Defendant LUEDER LARKIN & HUNTER LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 34(a) and requires the Defendant to comply with said Code section by producing and permitting Plaintiff's attorney to inspect and copy each of the following documents within 30 days of the date of service of this request or within 30 days after the parties' first Rule 26(f) conference, whichever is later.

## <u>DEFINITIONS</u>

(1)   Unless otherwise indicated, "you" and "your" shall refer to Defendant, LUEDER LARKIN & HUNTER LLC, its predecessor-in-

1

interest entity, or any other entity names Defendant may have previously possessed.

(2)    "Person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(3)    These Requests cover all documents and things in the possession, custody or control of you or any Person acting on your behalf whether located at your offices or elsewhere, including the offices of predecessors/successors or assigns, accountants, attorneys, agents, assistants, bankers, affiliates, or at any other place. If any such document or thing was, but is no longer, in your possession or subject to your control, or in existence, describe the document, including its date, author(s), recipient(s) and contents, or the thing, and state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been disposed of in some other manner.

(4)    Documents produced pursuant to these Requests are to be identified by the number of the Request in response to which they are produced or produced as they are kept in the usual course of business.

(5)    "Documents" shall mean the original and every non-identical version of any printed, electronically stored, typewritten, or handwritten matter of

2

whatever character including, but not limited to "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence Section 1001, and contracts, memoranda, correspondence, reports, studies, notes, diaries, transcripts, tapes, printouts, date files, compilations of data statements, accountings, ledgers, notes, checks, calendars, books, computer disks and drivers, and all tangible things upon which any form of communication is or may be recorded or reproduced.

(6)    "Correspondence" shall mean any conversation, discussion, letter, memorandum, meeting, note, telephone note, or other transfer of information, whether written, oral, or by any other means, and includes any Documents that abstract, digest, transcribe, or record any such communication.

(7)    If a claim of privilege is asserted in objecting to any Request, or sub-part thereof, and a full response is not provided on the basis of such assertion, respond to any part of the Request which is not objectionable, produce all non-privileged portions of responsive documents in redacted form, and furnish the following information with respect to that portion of the Request as to which the claim of privilege is asserted: (i) the document control number of the document that is being withheld or redacted; (ii) the nature of the privilege (including work product) which is being claimed and

the privilege rule being invoked; (iii) the type of document of thing withheld; (iv) the general subject matter of the document; (v) the date of the document; (vi) the authors and recipients of the document; and (vii) such other information as is sufficient to identify any withheld material for a subpoena *duces tecum*, including, where appropriate, the relationship of the author, addressees, and recipients to each other.

### **Requests for Production**

1. All agreements, policies, manuals, or other materials or documents used by you relating to compliance with the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, or any other federal or state regulation or consumer protection law.

2. All manuals, instructions, guidelines, and other DOCUMENTS setting forth policies and procedures to be used by your employees or agents with respect to debt collection.

3. All manuals, instructions, files, or other documents showing how to operate any and all of the internal office management or account management software used by you from the time period of 2 years prior to the filing of this lawsuit to the current date.  This includes any document automation or document assembly software used by you.

4. All correspondence received by you from GLENN HEAGERTY.

5. All documents sent to GLENN HEAGERTY by you or any of your agents, employees, or any other individual or entity on your behalf.

6. All documents showing any insurance, guaranty, or assumptions of liability that may apply to Plaintiff's claims, including any and all insurance contracts, declaration pages, or any other documents of the same or similar nature.

7. Copies of any and all recordings, notes, memos, audio recordings, or any other document relating to any phone call or other communication you had with GLENN HEAGERTY.

8. All documents, including electronic records, electronic backups, or other electronic records, which show all account information or file information for any account under Glenn Heagerty's name, or which you claim or have claimed Glenn Heagerty owes payment upon, as of the date April 25, 2017, or the date closest to, and prior to, this date. This includes the original electronic format of this data.  If this must be provided through an in-person review of the electronic records by Plaintiff's counsel, then please arrange a time in which Plaintiff's counsel may be provided access to these electronic records on your premises.

9. All documents, including electronic records, electronic backups, or other electronic records, which show all account information or file information for any account under Glenn Heagerty's name, or which you claim or have claimed Glenn Heagerty owes payment upon, as of the date April 25, 2017, or the date closest to, and prior to, this date. This includes the original electronic format of this data. If this must be provided through an in-person review of the electronic records by Plaintiff's counsel, then please arrange a time in which Plaintiff's counsel may be provided access to these electronic records on your premises.

10. All documents, including electronic records, electronic backups, or other electronic records, which show all account information or file information for any account under Glenn Heagerty's name, or which you claim or have claimed Glenn Heagerty owes payment upon, as of the date July 25, 2017, or the date closest to, and prior to, this date (but not prior to April 25, 2017). This includes the original electronic format of this data. If this must be provided through an in-person review of the electronic records by Plaintiff's counsel, then please arrange a time in which Plaintiff's counsel may be provided access to these electronic records on your premises.

6

11. All documents, including electronic records, electronic backups, or other electronic records, which show all account information or file information for any account under Glenn Heagerty's name, or which you claim or have claimed Glenn Heagerty owes payment upon, as of the date you are served with these discovery requests.  This includes the original electronic format of this data.  If this must be provided through an in-person review of the electronic records by Plaintiff's counsel, then please arrange a time in which Plaintiff's counsel may be provided access to these electronic records on your premises.

12. All logs, records, or other materials showing changes to the electronic records you possess for any account with Glenn Heagerty's name upon it, or any account on which you claim Glenn Heagerty's owes payment, from the date of April 25, 2017, to the present.

13. All communications between you, Lueder Larkin & Hunter LLC, your employees or agents, and your client Sawnee View Farms Homeowners Association Inc from April 26, 2017, to the present regarding Glenn Heagerty, the property located at 2890 Willow Wisp Way, or other matters related to Glenn Heagerty or the property located at 2890 Willow Wisp Way.

14. All communications, records of communications, logs of communications, or other documents showing correspondence or communications between Brandon Wagner and Sawnee View Farms Homeowners Association Inc from April 26, 2017, to the present regarding Glenn Heagerty, the property located at 2890 Willow Wisp Way, or other matters related to Glenn Heagerty or the property located at 2890 Willow Wisp Way.

15. All communications, records of communications, logs of communications, or other documents showing correspondence or communications between John Lueder and Sawnee View Farms Homeowners Association Inc from April 26, 2017, to the present regarding Glenn Heagerty, the property located at 2890 Willow Wisp Way, or other matters related to Glenn Heagerty or the property located at 2890 Willow Wisp Way.

16. All documents showing the manner and method used by you, your agents or employees, to calculate post-judgment interest from 2015 to the present. This copies of all manuals, instructional guides, or other information materials for any and all software used by you in calculating post-judgment interest. This also includes any and memorandum, guides, or other written, video, or audio material you

use to guide or train your employees or agents in the calculation of post-judgment interest, or materials you provide to clients as part of your instructions in the manner and method of calculating post-judgment interest.

17. All documents showing the calculation of post-judgment interest related to the judgment against Glenn Heagerty in Forsyth County State Court, Case No. 16SC-0149-A, on June 10, 2016.

18. All emails, letters, phone calls, communication logs, or other materials or documents showing communication between you (through your employees or agents) and any other third party related with the garnishment action filed by you in Fulton County Magistrate Court, Case No. 17MRG021445.

19. All emails, letters, phone calls, communication logs, or other materials or documents showing communication between you (through your employees or agents) and any other third party related with the appeal to Fulton County Superior Court of the garnishment action, which became Fulton County Superior Court, Case No. 2017CV292191.

20. A copy of your electronic record retention policy from 2016 to the present.

21. A copy of your email retention policy from 2016 to the present.

22. Your retainer agreement, engagement letter, or other terms of legal representation between you and Sawnee View Farms Homeowners Association Inc relating to legal actions involving Glenn Heagerty.

23. The complete employee file of Brandon Wagner.

24. The complete employee file for the employee identified by employee ID THA in your billing to Sawnee View Farms Homeowners Association Inc, including in the invoice dated January 27, 2017.

25. The complete employee file for the employee identified by employee ID MCL in your billing to Sawnee View Farms Homeowners Association Inc, including in the invoice dated January 27, 2017.

26. The complete employee file for the employee identified by employee ID RMS in your billing to Sawnee View Farms Homeowners Association Inc, including in the invoice dated January 27, 2017.

27. Produce and identify separately all communications from Glenn Heagerty provided to you by your client, Sawnee View Farms Homeowners Association Inc.


[SIGNATURE AND DATE ON FOLLOWING PAGE.]

Respectfully submitted this <u>17 August 2018</u>.


<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LUEDER LARKIN & HUNTER LLC** was prepared on a computer, using Times New Roman 14-point font.

**DATED:**   <u>17 August 2018</u>.

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GLENN HEAGERTY, an individual,   )
  )
  )
    Plaintiff,   )
  )
  )  **Case No.: 1:18-cv-03412-ELR-RGV**
    v.   )
  )
  )  **CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL**
LUEDER LARKIN & HUNTER   )
LLC, a Georgia Limited Liability   )
Company,   )
  )
  )
    Defendant.   )
  )

## <u>CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL</u>

     I hereby certify that the undersigned provided PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

LUEDER LARKIN & HUNTER LLC using electronic mail to the following

attorneys of record:

    John W. Nelson
    john@nelsonchambers.com

    John T. Lueder (johnlueder@luederlaw.com)
    LUEDER LARKIN & HUNTER LLC
    5900 Windward Parkway, Suite 390
    Alpharetta, Georgia 30005
    **FOR:** Defendant LUEDER LARKIN & HUNTER LLC

    [ADDITIONAL RECIPIENTS ON FOLLOWING PAGE.]

1

Brandon D. Wagner (bwagner@luederlaw.com)
LUEDER LARKIN & HUNTER LLC
5900 Windward Parkway, Suite 390
Alpharetta, Georgia 30005
**FOR:** Defendant LUEDER LARKIN & HUNTER LLC


Respectfully submitted this **17 August 2018**.

**THE NELSON LAW CHAMBERS, LLC**

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765