**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLENN HEAGERTY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LUEDER LARKIN & HUNTER LLC, a Georgia Limited Liability Company, <br><br> Defendant. | Case No.: 1:18-cv-03412-ELR-RGV <br><br> **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 56(d)** |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT
DISCOVERY PURSUANT TO RULE 56(d)**

**PRELIMINARY STATEMENT**

Defendant has put the cart before the horse by filing a motion for summary judgment prior to filing its initial disclosures, prior to conducting a Rule 26(f) Joint Preliminary Report and Discovery Plan, and prior to the commencement of discovery. While nothing within the Local Rules or the Federal Rules of Civil Procedure explicitly prohibit such an early filing of a motion for summary judgment, Eleventh Circuit precedent clearly favors allowing the party responding to summary judgment to engage in discovery. Fed. R. Civ. P. 56(d) also allows this Court to deny Defendant's motion for

1

summary judgment without prejudice so that the parties can engage in meaningful discovery.

Should Defendant be allowed to put the motion for summary judgment cart before the discovery horse, and prevent Mr. Heagerty from engaging in discovery that would allow him to justify his opposition to Defendant's motion?  Or should Mr. Heagerty be allowed to conduct the discovery necessary to justify his opposition to Defendant's motion for summary judgment and enable him to prove his prima facie case?

## RELEVANT FACTS

Plaintiff's lawsuit was filed on July 16, 2018.  [Docket # 1.] Defendant's Answer was filed on August 10, 2018. [Docket # 6.]  Plaintiff's First Requests for Production were served on Defendant pursuant to Fed. R. Civ. P. 26(d)(2) on August 17, 2018.  [Docket # 9.]  The parties scheduled a Rule 26(f) Conference for Friday, August 24, 2018, at 10 AM on August 17, 2018.  Affidavit of John William Nelson ¶¶ 12-13.  Defendant filed its Motion for Summary Judgment on August 21, 2018.  [Docket # 10.]

The discovery period in this case commences on September 10, 2018. [Docket # 8.]  Defendant's Motion for Summary Judgment, filed prior to the commencement of discovery, totals 390 pages including all parts (exhibits, affidavits, brief, statement of material facts).  [Docket # 10 parts 1 through

28.] Defendant included with its motion for summary judgment the affidavit of one Brandon Wagner. [Docket # 10 part 4.] Plaintiff has not had an opportunity to depose Mr. Wagner. Affidavit of John William Nelson ¶ 19.

Plaintiff has not had an opportunity to conduct any discovery in this case. Plaintiff has not had an opportunity to send interrogatories under Fed. R. Civ. P. 33. Plaintiff has not had an opportunity to send requests for admissions pursuant to Fed. R. Civ. P. 36. Plaintiff has had an opportunity to send requests for production under Fed. R. Civ. P. 34 and 26(d)(2), but the deadline for Defendant to respond will not even begin to run until the discovery period commences.

## ARGUMENT OF LAW AND FACT

**I.   Eleventh Circuit precedent clearly favors allowing a party to conduct discovery prior to responding to a motion for summary judgment.**

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, Ga., 120 F.3d 248, 253 (11th Cir. 1997). In *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir. 1988), the Eleventh Circuit stated that "[t]his court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate

opportunity for discovery." *Id.* at 870. The *Snook* court continued that "[t]he party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits."

In this case, discovery has not even commenced. Defendant has filed its motion for summary judgment prior to the Rule 26(f) conference. Defendant has filed its motion for summary judgment prior to filing Initial Disclosures. Defendant has filed its summary judgment prior to the commencement of the discovery period.

**II. Discovery will allow Plaintiff to oppose Defendant's motion for summary judgment. The discovery period has not commenced, so no discovery has occurred so far in this case. Plaintiff has shown by affidavit specific reasons why he cannot present facts to justify his opposition without more discovery. Plaintiff should be allowed to conduct discovery, and his motion to do so pursuant to Fed. R. Civ. P. 56(d) should be granted.**

Defendant filed its motion for summary judgment prior to the discovery period commencing in this case. Discovery will allow Plaintiff to oppose Defendant's motion for summary judgment. Plaintiff has shown by affidavit the specific reasons why the discovery process is necessary for Plaintiff to justify his opposition to Defendant's motion for summary judgment.

4

    A.    <u>Fed. R. Civ. P. 56(d) empowers this Court to allow Plaintiff to conduct discovery without having to respond to Defendant's motion for summary judgment.</u>

Fed. R. Civ. P. 56(d) states as follows:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Plaintiff must show, by affidavit, that specified reasons exist as to why discovery is essential to justify Plaintiff's opposition to Defendant's motion for summary judgment.

    B.    <u>Specific reasons exist as to why discovery is essential to Plaintiff in opposing Defendant's motion for summary judgment.</u>

Discovery is essential to Plaintiff in opposing Defendant's motion for summary judgment in one very specific way—no discovery has been conducted at all in this case as of yet.  This means neither Plaintiff nor Defendant has had an opportunity to engage in an inquiry into the fact and evidence through the discovery process.  Plaintiff's affidavit also shows these additional specific reasons as to why discovery is essential to justify Plaintiff's opposition to Defendant's motion for summary judgment.

       1.     *Affiant Brandon Wagner's deposition is essential to opposing Defendant's motion for summary judgment.*

Defendant included in its summary judgment motion a 15-page affidavit of Mr. Brandon Wagner. Mr. Wagner has not been deposed in this case. Deposing Mr. Wagner is nevertheless essential to this case.

Mr. Wagner makes a number of representations in his affidavit. For example, in paragraph 18 of his affidavit Mr. Wagner claims he did not receive a response to his February 20, 2017 email regarding a discovery dispute. [Docket # 10 part 4.] This is material to issues relating to the improperly filed motion to compel post-judgment discovery and whether Mr. Wagner, on behalf of Defendant, made false, misleading, or deceptive statements to the state court in that case. Affidavit of John William Nelson ¶¶ 27-31. In paragraph 35 of his affidavit, Mr. Wagner makes claims on the manner and method Defendant's "internal computer software" handles the calculation of post-judgment interest. [Docket # 10 part 4 ¶ 35.] This is material to the question as to whether or not Defendant is seeking improper post-judgment interest. Deposing Mr. Wagner is essential to justify Plaintiff's opposition to Defendant's motion for summary judgment. Affidavit of John William Nelson ¶¶ 25-36. Mr. Wagner makes numerous claims in his affidavit, and the opportunity to cross examine Mr. Wagner on those claims and to determine the basis of those claims and his personal

6

knowledge in the areas of those claims is important, relevant, and essential. *Id.* at ¶¶ 25-37.

> 2. *Discovery requests based on statements in the affidavit of Brandon Wagner are essential to opposing Defendant's motion for summary judgment.*

Mr. Wagner's affidavit contains numerous claims that might be confirmed or denied through discovery requests. For example, Mr. Wagner claims he did not receive Mr. Heagerty's response to the February 20, 2017 email regarding the discovery dispute in the state case. [Dcoket # 10 part 4 ¶¶ 18, 28.] Requests for the production of the electronic records for Mr. Wagner's email account relating to Mr. Heagerty have been made, and said requests may allow the parties to better determine the facts related to Mr. Wagner's allegations of not receiving an email response. Affidavit of John William Nelson ¶¶ 38, 41-42. Mr. Wagner makes claims as to how Defendant's "internal computer software" handles and calculates post-judgment interest. Requests for production have been made regarding Defendant's internal computer software's method of calculating post-judgment interest, and interrogatories will also be essential to Plaintiff's justification for opposing Defendant's motion for summary judgment. *Id.* at ¶¶ 38-40.

> 3. *Discovery requests based on the documents attached to Defendant's Answer and motion for summary judgment are essential to opposing Defendant's motion for summary judgment.*

Defendant attached documents to its Answer and to its motion for summary judgment. Discovery requests into a number of these documents are essential for justifying Plaintiff's opposition to Defendant's motion for summary judgment. These documents should be examined through the discovery process, including interrogatories and requests for admissions, as well as the deposition process.

Defendant attached 24 exhibits to its motion for summary judgment. As an example of why discovery is essential to Plaintiff's opposition to Defendant's motion for summary judgment, Defendant has attached a number of and documents related to the debt between Plaintiff, Defendant, and Plaintiff's homeowner's association. The sequence, timing, and delivery of these letters is material to this matter. Discovery requests into these letters are essential to Plaintiff's opposition to Defendant's motion for summary judgment. Affidavit of John William Nelson ¶¶ 43-47.

**III. Defendant's Motion for Summary Judgment should be dismissed without prejudice pursuant to Fed. R. Civ. P. 56(d)(1) to allow the parties to engage in discovery.**

Fed. R. Civ. P. 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the court may: (1) defer considering the motion or deny it." Rule 56(d)(2) allows this Court to allow Plaintiff "to obtain affidavits or declarations or to take discovery." Rule 56(d)(3) allows this Court to "issue any other appropriate order."

This Court should deny Defendant's motion for summary judgment without prejudice under Fed. R. Civ. P. 56(d)(1). Defendant's motion for summary judgment is premature, having been made prior to the commencement of discovery or the filing of Rule 26's initial disclosures. Accordingly, this is not a situation where discovery has already commenced and a party is asking for additional time to complete discovery. Nor is this situation one where discovery has ended but new facts or issues have arisen in the motion for summary judgment stage. In those two types of situations more narrow allowances for additional discovery may be warranted.

In this case, however, no discovery has occurred. A denial of the motion for summary judgment without prejudice would allow the parties to continue the regular order of litigation, including the required Rule 26(f) conference and the appropriate discovery track. In addition, a denial without prejudice would allow Defendant to file an amended motion for summary judgment once discovery in this matter has completed.

## CONCLUSION

Plaintiff seeks the opportunity to conduct discovery in this case. Defendant filed its motion for summary judgment prior to the discovery period commencing. Defendant's motion for summary judgment is premature and should be dismissed without prejudice so the parties may commence discovery pursuant to Fed. R. Civ. P. 56(d)(1).

Respectfully submitted this 22 August 2018.

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 56(d) was prepared on a computer, using Times New Roman 14-point font.

DATED:   22 August 2018.

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.   404.549.6765