IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLENN HEAGERTY, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:18-cv-03412-ELR-RGV |
| LUEDER LARKIN & HUNTER LLC, a Georgia Limited Liability Company, | ) AFFIDAVIT OF JOHN WILLIAM NELSON IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT DISCOVERY |
| Defendant. | ) |

## AFFIDAVIT OF JOHN WILLIAM NELSON IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT DISCOVERY

I, John William Nelson, declare as follows:

1. I am over the age of eighteen years and am competent and authorized to make this declaration.

2. All statements made herein come from my own personal knowledge.

3. I am counsel of record for Plaintiff in this case.

**CASE STATUS AND TIMELINE**

4. Plaintiff's lawsuit was filed on July 16, 2018.

5. Defendant's Answer was filed on August 10, 2018.

6. Plaintiff's First Requests for Production were served on Defendant on August 17, 2018.

1

7. Defendant filed its motion for summary judgment on August 21, 2018.

## DISCOVERY STATUS

8. Discovery has not commenced in this case.

9. Discovery commences on September 10, 2018.

10. On August 16, 2018, I emailed Defendant's attorneys regarding conducting a Rule 26(f) conference.

11. The attorneys I emailed were Brandon Wagner at BWagner@luederlaw.com and John T. Lueder at johnlueder@luederlaw.com.

12. Mr. Lueder responded, and he and I discussed holding the Rule 26(f) Conference on August 24, 2018.

13. On August 17, 2018, I sent Mr. Wagner and Mr. Lueder, counsel for Defendant, a draft Joint Preliminary Report and Discovery Plan and details for the conference.

14. Neither Mr. Wagner nor Mr. Lueder contacted me about delaying the conference or staying discovery during this time.

15. The first I heard about staying discovery was when I was served with the motion to stay discovery on August 21, 2018, by Defendant.

## NO DISCOVERY HAS OCCURRED IN THIS CASE

16. Defendant has filed a motion for summary judgment in this case prior to the commencement of discovery.

17. Defendant's motion for summary judgment includes the affidavit of one Mr. Brandon Wagner.

18. Defendant's motion for summary judgment also includes 24 exhibits.

19. Plaintiff has not had an opportunity to depose Mr. Wagner in this case.

20. Plaintiff has not had an opportunity to depose any other individuals in this case.

21. Plaintiff has served early requests for production on Defendant pursuant to Fed. R. Civ. P. 26(d)(2).

22. Plaintiff has not had the opportunity to serve interrogatories on Defendant.

23. Plaintiff has not had an opportunity to serve requests for admissions on Defendant.

## DISCOVERY IS ESSENTIAL TO OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

24. As Plaintiff's counsel, it is my role to conduct discovery and collate all evidence into opposition to Defendant's motion for summary judgment and the proving of Plaintiff's prima facie case.

25. Deposing Brandon Wagner is essential to opposing Defendant's motion for summary judgment.

26. Mr. Wagner has made numerous statements in his affidavit that need additional examination and cross examination.

27. Many of Mr. Wagner's statements are material and, without cross-examination, are self-serving in nature.

28. Mr. Wagner claims he did not receive a relevant email from Mr. Heagerty in his affidavit.

29. Mr. Wagner claims to have engaged in a thorough search for said email.

30. The email in question is material in part to Plaintiff's claims and Defendant's defenses.

31. Mr. Wagner needs to be deposed on the subject of his emails.

32. Mr. Wagner also makes allegations concerning his filing of a motion to compel post-judgment discovery that need further inquiry, examination, and cross-examination.

33. Mr. Wagner makes claims as to the basis for sending collection letters directly to Mr. Heagerty when Mr. Heagerty was represented by counsel.

34. Mr. Wagner's allegations regarding communications with Mr. Heagerty need further examination and cross-examination.

35. Mr. Wagner's allegations about the manner and method of how Defendant calculated post-judgment interest on Mr. Heagerty's account needs further examination and cross-examination.

36. Deposing Mr. Wagner is essential to opposing Defendant's motion for summary judgment.

37. Engaging in discovery related to Mr. Wagner's affidavit is also essential to opposing Defendant's motion for summary judgment.

38. Mr. Wagner makes claims in his affidavit that may be either confirmed or denied through the discovery process.

39. For example, Mr. Wagner makes claims as to how Defendant's internal computer software calculated post-judgment interest.

40. Discovery requests will allow Plaintiff to be able to confirm or deny Mr. Wagner's claims, or otherwise qualify those claims, as to how post-judgment interest is calculated by Defendant's internal computer software.

41. Mr. Wagner also makes claims as to his email account.

42. Discovery requests related to Mr. Wagner's email account and electronic records related to said email account are essential to Plaintiff's the opposition to Defendant's motion for summary judgment.

43. Defendant included 24 exhibits with its motion for summary judgment.

44. Discovery requests examining the authenticity of these exhibits, as well as the facts surrounding these exhibits, are essential to opposing Defendant's motion for summary judgment.

45. Defendant included a number of letters reflecting correspondence between Plaintiff, Defendant, and Plaintiff's homeowner's association.

46. The sequence, timing, and delivery of these letters are relevant and important to Plaintiff's claims and Defendant's defenses in this case.

47. Discovery into these letters and the other exhibits attached to Defendant's motion for summary judgment are essential to Plaintiff's opposition to Defendant's motion for summary judgment.

48. I swear and affirm the foregoing is true and accurate to the best of my knowledge and belief.

49. AFFIANT FURTHER SAYETH NAUGHT.

Executed this 22nd day of August, 2018 in Chapel Hill, North Carolina.

By: _____
JOHN WILLIAM NELSON

Sworn to and subscribed before me this 22 day of August, 2018.

_____
Notary Public, State of NC

My commission expires: 5/22/25

STATE OF NC
COUNTY OF Orange

[Notary Seal: JHAYLAN IRVING, NOTARY PUBLIC, ORANGE COUNTY, NC]